UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **D. DEATON, et al.,** | } |
| **Plaintiffs,** | } |
| v. | } Case No.: 2:23-cv-00713-RDP |
| **PATRICIA STEPHENS, et al.,** | } |
| **Defendants.** | } |

**ORDER**

This case is before the court on Plaintiffs' Emergency Motion for Relief Under the All Writs Act or in the Alternative a Temporary Restraining Order and Preliminary Injunction. (Doc. # 7). For the reasons explained below, the Motion (Doc. # 7) is **DENIED WITHOUT PREJUDICE**.

**I.     Background**

This case arises from Plaintiffs' ongoing child custody disputes in the Jefferson County Circuit Court Domestic Relations Division. (Doc. # 1). Plaintiffs Taylor Peake (*née* Wyatt) and Drew Deaton are a married couple that each have minor children from previous marriages. (*Id.* ¶ 75). Plaintiff Peake is the mother of G.M.W., and Plaintiff Deaton is the father of J.K.D., L.W.D., and R.E.D. (*Id.* ¶¶ 20–21). After marrying in 2019, Plaintiffs became concerned that their children were being mistreated while in their other parents' homes. (*Id.* ¶¶ 76–78). Accordingly, Plaintiffs Peake and Deaton each pursued separate actions in the Jefferson County Circuit Court Domestic Relations Division seeking custody of their minor children. (*Id.*); *Deaton v. Deaton*, Case No. DR-2018-901324.03; *Wyatt v. Wyatt*, Case No. DR-2018-900658.03. Both actions are ongoing.

On June 2, 2023, Plaintiffs filed this action against various lawyers, court appointees, and state-court judges who they allege "are engaged in a scheme spanning multiple years to destroy evidence, threaten the Plaintiffs, deprive the Plaintiffs of their constitutional rights and property, manipulate and provide false statements in multiple tribunals and to multiple state regulatory agencies, while always seeking to further litigation and fees." (Doc. # 1 ¶ 7). Plaintiffs bring claims under 42 U.S.C. § 1983, 18 U.S.C. § 1962 (Racketeer Influenced and Corrupt Organizations Act), and Alabama law. (*Id.* at 127–77).

The pending motion relates solely to Plaintiff Deaton's state action, *Deaton v. Deaton*, Case No. DR-2018-901324.03. That case involves an ongoing custody dispute between Plaintiff Deaton and his ex-wife, Leanne Wilson Deaton, regarding their minor children—J.K.D., L.W.D., and R.E.D. (Doc. # 1). Defendant Patricia Stephens is the presiding judge in the custody action, and Defendant Brantley is the appointed *guardian ad litem*. (*Id.* at 29–30). Defendants Drennan and Duncan are attorneys who represent Leanne Wilson Deaton by and through the firm Kirk.Drennan, P.C, which is also a defendant in this case. (*Id.*).

Plaintiffs claim that at the time the complaint was filed in this action, "[u]pon information and belief . . . Attorney Drennan and Attorney Duncan on behalf of Kirk.Drennan, P.C. were paying for an all-expenses paid trip for Judge Stephens and her family at the San Destin Golf and Beach Resort on the weekend before [Plaintiff] Deaton's state court trial where Attorneys Drennan and Duncan are attorneys of record as opposing counsel." (Doc. # 7 ¶ 6). Plaintiffs also claim that, "[a]fter filing this complaint on Friday, June 2, 2023, Judge Stephens entered retaliatory orders on June 5, 2023, in state court against [Plaintiff] Deaton, including ordering the parties before her to pay $18,350 within one business day to her court-appointed GAL, GAL Brantley." (*Id.* ¶ 8). Plaintiffs further allege that "Judge Stephens has, at all times relevant, refused [Plaintiff] Deaton

access to detailed billing from GAL Brantley or an evidentiary hearing for two years in an attempt to hide the true nature of their collusion for two years." (*Id.* ¶ 10).

On June 6, 2023, Plaintiffs filed an Emergency Motion for Relief Under the All Writs Act or in the Alternative a Temporary Restraining Order and Preliminary Injunction. (Doc. # 7). Plaintiffs seek the following specific relief: (1) an order prohibiting Attorney Drennan, Attorney Duncan, and GAL Brantley from participating in the *Deaton* case in Jefferson County; (2) an order issuing a stay of the Plaintiffs' state court proceedings presided over by Judge Patricia Stephens; and (3) a temporary restraining order and preliminary injunction prohibiting Judge Stephens from presiding over Plaintiffs' state court matters. (*Id.* at 9).

**II.     Analysis**

Under Federal Rule of Civil Procedure 65(b), in the absence of notice to the adverse party, a court may only issue a temporary restraining order if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B). Furthermore, to receive injunctive relief, a movant must show that: "(1) there was a legal violation; (2) there is a serious risk of continuing irreparable injury if an injunction is not granted; and (3) there are no adequate remedies at law." *Gottschalk v. Gottschalk*, No. 10-11979, 2011 WL 2420020, at *4 (11th Cir. June 16, 2011) (per curiam) (citing *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam)). After careful review, the court concludes Plaintiffs have not satisfied these standards for the following reasons.

First, Plaintiffs have not provided notice to Defendants of their motion as required by Rule 65. Moreover, Plaintiffs have not provided a written account of their efforts to give notice, nor

have they demonstrated why notice should not be required. Thus, Plaintiffs have not satisfied the requirements of Rule 65(b)(1)(B).

Second, Plaintiffs have not verified all relevant facts alleged in the motion. Specifically, Plaintiffs have not substantiated their allegation that Defendants Drennan, Duncan, and Kirk.Drennan, P.C. paid for Judge Stephens to go on a trip to San Destin during the weekend of June 2, 2023. (Doc. # 7 ¶ 6). Rather, Plaintiffs have made this allegation "upon information and belief." (*Id.*). Furthermore, Plaintiffs have not shown that Judge Stephens' order requiring a $18,350 payment to GAL Brantley was in fact entered for the purpose of retaliating against Plaintiffs for filing this federal action. (Doc. # 7 ¶ 8). Therefore, Plaintiffs have not met the requirements of Rule 65(b)(1)(A).

Finally, Plaintiffs have not shown that they have no adequate remedies at law. *See Gottschalk*, 2011 WL 2420020, at *4; *Bolin*, 225 F.3d at 1242. To be sure, Alabama law provides a mechanism for challenging a state court judge's refusal to recuse. First, the litigant seeking recusal must file a motion to recuse "at the earliest opportunity." *Ex parte Parr*, 20 So. 3d 1266, 1270 (Ala. 2009) (quoting *Price v. Clayton*, 18 So. 3d 370, 376 (Ala. Civ. App. 2008)). Then, if the trial judge denies the motion, the litigant may seek a writ of mandamus. *Ex parte George*, 962 So. 2d 789, 791 (Ala. 2006) ("A mandamus petition is a proper method by which to seek review of a trial court's denial of a motion to recuse.").

Here, Plaintiffs seek an injunction requiring Judge Stephens to recuse herself, but they have not yet filed a motion to recuse in the state court case raising the new allegations identified in their motion. There is at least the possibility that Judge Stephens might grant such a motion and recuse herself, rendering this issue moot. But even if she denies the motion, Plaintiffs may seek a writ of

mandamus from the Alabama Court of Civil Appeals.[1] Therefore, Plaintiffs have an adequate remedy at law and are not entitled to injunctive relief at this time. *See Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020) (per curiam) ("A state appellate process is an adequate remedy at law."); *Gottschalk*, 2011 WL 2420020, at *4 (finding that the plaintiff "was not entitled to injunctive relief because he had an adequate remedy at law—namely, he could appeal the superior court's order to the Georgia Court of Appeals"); *see also Gibson v. Berryhill*, 411 U.S. 564, 573 (1973) ("First of all, there is the doctrine, usually applicable when an injunction is sought, that a party must exhaust his available administrative remedies before invoking the equitable jurisdiction of a court.").

**III.   Conclusion**

Plaintiffs have asserted serious allegations in their complaint and motion. However, the court cannot address the merits of those allegations at this time because Plaintiffs have not satisfied the requirements of Rule 65. And, as previously discussed, there are avenues available to Plaintiffs that would provide the opportunity for state court review of their contentions. Therefore, for the reasons explained above, Plaintiffs' Emergency Motion for Relief Under the All Writs Act or in the Alternative a Temporary Restraining Order and Preliminary Injunction (Doc. # 7) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this June 8, 2023.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] By statute, the Alabama Court of Civil Appeals has exclusive appellate jurisdiction over "all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases and all extraordinary writs arising from appeals in said cases." Ala. Code § 12-3-10.