FILED

2023 Jul-28  AM 09:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| D. DEATON, et al., | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| | )     Civil Action No.: |
| vs. | )     2:23-cv-00713-RDP |
| | ) |
| PATRICIA STEPHENS, et al. | ) |
|        Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, and Crittenden Partners, P.C. ("Crittenden-Related Defendants"), move this Court to dismiss all claims alleged against them, jointly and/or individually, for Plaintiffs' failure to state any claims on which the Court can grant relief to them. *See* Fed. R. Civ. P. 12(b)(6).

## I.    PROCEDURAL HISTORY

On June 2, 2023, Plaintiffs filed a Complaint against numerous Defendants, including Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, and Crittenden Partners, P.C. (Doc. 1).[1] Plaintiffs made twelve claims against the Crittenden-Related Defendants – Count I: Deprivation of Rights under Color of Law (*Id.* at ¶¶ 127-32); Count II: RICO (*Id.* at ¶¶ 132-38); Count III: RICO Conspiracy (*Id.* at ¶¶ 138-40); Count IV: Civil Conspiracy (*Id.* at ¶¶ 141-42); Count V: Abuse of Process (*Id.* at ¶¶ 142-43); Count VI: Fraud (*Id.* at ¶¶ 143-44); Count X: False Imprisonment (*Id.* at ¶¶ 148-49); Count XIV: Invasion of Privacy (*Id.* at ¶¶ 153-54);

---

[1] For purposes of conciseness, the Crittenden-Related Defendants' motion deals only with the allegations made against them and does not address factual allegations or causes of action concerning other Defendants.

Count XVIII: Alabama Litigation Accountability Act (*Id*. at ¶¶ 159-61); Count XXII: Defamation (*Id*. at ¶¶ 165-66); and Count XXIX: Legal Malpractice (*Id*. at ¶¶ 173-75)

On June 21 and 22, 2023 respectively, counsel entered their special appearances on behalf of the Crittenden-Related Defendants. (Docs. 36 and 37). Then, on June 26, 2023, the Crittenden-Related Defendants filed an unopposed Motion for Extension of time to respond to the Complaint. (Doc. 59), granted the same day, extending the time period for the Crittenden-Related Defendant to respond to the Complaint to July 31, 2023. (Doc. 62).

## II.    STANDARD FOR MOTION TO DISMISS

In deciding a motion to dismiss under Rule 12(b)(6), "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court must accept "all facts set forth in the plaintiff's complaint" as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).[2] A court also must draw all reasonable inferences in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A complaint should also be dismissed if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Instead, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 665. "[M]ere conclusions[] are not entitled to the assumption of truth." *Id.* at 664. A complaint must contain

---

[2] One or more of the Crittenden-Related Partners intend to file a separate motion to strike and motion for sanctions challenging specific allegations made by Plaintiffs.

more than "an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678. Allegations that are "merely consistent with" a defendant's liability fall short of the plausibility required for relief. *Id.* The doors of discovery do not open for a plaintiff "armed with nothing more than conclusions." *Id.* at 679. Indeed, a court should dismiss a complaint when a plaintiff fails to meet the "plausibility standard." *Twombly*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Plaintiffs' claims in this matter should be dismissed under these standards.

## III.   ALL OF THE CLAIMS MADE BY PLAINTIFFS AGAINST THE CRITTENDEN-RELATED DEFENDANTS ARE DUE TO BE DISMISSED.

### A.   Plaintiffs' Complaint Is Due to Be Dismissed Because It Is a Shotgun Pleading That Fails to Comply with the Requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Complaint is neither short nor plain.

Rule 10(b) of the Federal Rules of Civil Procedure also provides, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of Rules 8(a) and 10(b) is to require the plaintiffs to present their claims discretely and succinctly, so that their adversary can discern what the plaintiffs are claiming and frame a responsive pleading. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1319 (11th Cir. 2015) (internal citations omitted). Compliance with these rules allows the Court and the defendants to determine "which facts support which claims." *Id*.

Complaints that violate Rule 8(a) and 10(b) ("shotgun pleadings") are problematic because "it is virtually impossible to know which allegations of fact are intended to support which claim(s)

for relief.'" *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 407 F.Supp.3d 1216, 1233 (N.D. Ala. 2019) (quoting *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (internal citations omitted). The Eleventh Circuit Court of Appeals identifies four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). They are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "one that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiffs' Complaint falls into three of the four identified categories – 1, 2, and 4. First, in all but one of the counts in the Complaint (as it pertains to the Crittenden-Related Defendants), "Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein." (Doc. 1 at ¶¶ 645, 681, 701, 711, 719, 724, 753, 778, 808, and 841). As a result, "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of [their] causes of action, or how they do so." *Estate of Bass v. Regions Bank, Inc.,* 947 F.3d 1352, 1358 (11th Cir. 2020).

Second, Plaintiffs' Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. For example, in their claim for Civil Conspiracy (Count IV) against all Defendants, Plaintiffs allege, "Defendants agreed and conspired among each other to act in concert to accomplish the wrongful

acts described in detail above, and to intentionally conceal the true nature of the The Enterprise to the detriment of the Plaintiffs." (Doc. 1 at ¶ 712). None of the seven paragraphs that comprise the Civil Conspiracy claim identify a particular act or a particular defendant. (*Id*. at ¶¶ 712-18). The same is true of the claims for Abuse of Process (Count V), Fraud (Count VI), and numerous other claims throughout the Complaint. (*Id*. at ¶¶ 720-731).

Third, the Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. As with the claims for Civil Conspiracy, Fraud, and Abuse of Process, Plaintiffs allege claims for RICO (Count II) and RICO Conspiracy (Count III) without specifying which defendants are responsible for which acts or omissions. (Doc. 1 at ¶¶ 682-710)

A district court has "'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320). "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)" lest the matter devolve into a "goat rodeo." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014). Because Plaintiffs' Complaint is a shotgun pleading, it is due to be dismissed. *See Shabanets*, 878 F.3d at 1295; *Paylor*, 748 F.3d at 1127.

   **B.     Plaintiffs' Claim of Deprivation of Rights under Color of Law Fails and Is Due to Be Dismissed Because (1) No Liability Can Attach to the Crittenden-Related Defendants under 42 U.S.C. § 1983, and (2) 18 U.S.C.A. § 242 Does Not Create a Civil Cause of Action.**

Plaintiffs allege that all of the Defendants – including the Crittenden-Related Defendants – have deprived them of their rights under color of law, specifically citing to 42 U.S.C. § 1983

("Section 1983") and 18 U.S.C.A. § 242 on which to rest their claims. (Doc. 1 at ¶ 127). Plaintiffs refer to all Defendants collectively as "The Enterprise," contending that their actions (many of whom are private persons or entities, and not state actors) have acted "under color of state law because there [*sic*] condoned, authorized, or expressly or impliedly directed by Judge Stephens, and Judge Chappell, and Judge May." (*Id*. at ¶ 651). Plaintiffs further allege that Defendants' actions fall "under color of law because of the pervasive nature of this scheme to increase profits and based on the Defendant judges' failure to supervise, failure to correct, failure to prevent harm and further to ignore the rule of law." (*Id*. at ¶ 652).

No law supports Plaintiffs' contentions that the actions attributed to the non-state-actor Defendants (including the Crittenden-Related Defendants) constitute acting "under color of law" for the purposes of Section 1983. Furthermore, Plaintiffs have failed to allege or identify any act or omission by the Crittenden-Related Partners in Count I of their Complaint. (*Id*. at ¶¶ 645-80).

### 1.      Plaintiffs' claim under Section 1983 is due to be dismissed because they have failed to allege any conduct attributable to the Crittenden-Related Defendants.

Plaintiffs' claim against the Crittenden-Related Defendants is due to be dismissed because they do not identify any acts or omissions by the Crittenden-Related Defendants through which they might be found liable under this cause of action. (*See* Doc. 1 at ¶¶ 646-80). Although Plaintiffs identify the actions of many defendants in the Section 1983 claim, the Crittenden-Related Defendants are not included. (*Id*.).

Instead, Plaintiffs incorporate "Defendants" or "The Enterprise" in sweeping statements, including "[t]he pattern and practice of misconduct at Jefferson County Circuit Court Domestic Relations Division occurred with the consent and direction of the The [sic] Enterprise[.]" (*Id.* at ¶ 646. Plaintiffs also allege, "Defendants' actions and inactions set forth above were deliberately

indifferent, malicious, willful, beyond their authority, and/or recklessly indifferent to the substantial risk they knew Plaintiffs faced and were objectively unreasonable." (*Id.* at ¶ 647.) Last, "The Enterprise and each of its members current and former, acted in concert and individually knowingly, consciously, or reasonably should have known their actions were driving Plaintiffs of their constitutionally protected rights pursuant to the 1st, 4th, 9th, and 14th Amendments of the Constitution." (*Id.* at ¶ 650.)

Because Plaintiffs have failed to allege or identify any act or omission by the Crittenden-Related Defendants in Count I of their Complaint, they have failed to state a claim upon which relief can be granted, and this Count should be dismissed.

> **2.   Plaintiffs' claim under Section 1983 is due to be dismissed because any action of the Crittenden-Related Defendants did not occur under color of any state law.**

Even if Plaintiffs' Section 1983 claim were allowed to proceed despite its procedural deficiencies, it should still be dismissed the Crittenden-Related Defendants did not and cannot operate under color of state law.

To state a claim under Section 1983, Plaintiffs must allege they have been deprived of a right given under the Constitution or under the laws of the United States, committed under color of state law. *Johnson v. Regions Mortg.*, 503 F.App'x 810, 811 (11th Cir. 2013) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999)). "[M]erely private conduct, no matter how discriminatory or wrongful" is not covered under Section 1983. *Id.* (quoting *Sullivan,* 526 U.S. at 50) (internal citation omitted). "The state action requirement is an element of a § 1983 claim that the plaintiff must prove in order to prevail." *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021) (quoting *Sullivan,* 526 U.S. at 49-50). In short, the "under-color-of-state-law element of § 1983

excludes from its reach 'merely private conduct[.]'" *Jibrin v. Abubakar*, 814 F.App'x 480, 484 (11th Cir. 2020) (quoting *Sullivan,* 526 U.S. at 50).

Indeed, as noted by this Court, "*Every* action brought pursuant to Section 1983 involves an actor *operating under the color of state law*." *Edwards v. Mashego*, No. 2:18-CV-1954-RDP, 2019 WL 2409068, at *3 (N.D. Ala. June 7, 2019) (emphasis added). "The 'under-color-of-state-law' element of a Section 1983 action operates to exclude private conduct." (*Id.*) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

"A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state, or when the manner of his conduct makes clear that he was asserting state authority and not acting in the role of a private person." *Muse v. Bentley*, No. 619CV00860AKKHNJ, 2019 WL 3334699, at *2 (N.D. Ala. July 2, 2019) (citing *Myers v. Bowman*, 713 F.3d 1319, 1329-30 (11th Cir. 2013); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)). "[P]laintiffs must prove that the defendants acted under the cloak of state authority when they took the alleged actions against plaintiffs and that the actions deprived plaintiffs of a right or rights secured by the Constitution or by federal law." *Pettco Enterprises, Inc. v. White*, 896 F.Supp. 1137, 1144 (M.D. Ala. 1995), *aff'd*, 98 F.3d 1353 (11th Cir. 1996).

Acting "under the cloak of state authority" means that a defendant must have exercised power "possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Although the authority may be actual or apparent, Plaintiffs must plead the existence of "a real nexus" between the Crittenden-Related Defendants' and their "badge" of state authority to demonstrate action was taken "under color of state law." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

In defining what constitutes a person acting under color a law, it is clear that the Crittenden-Related Defendants cannot fall within the description, and § 1983 cannot be applied to them. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1090 -1092 (9th Cir. 1980) (affirming dismissal of a Section 1983 claim alleging that seventeen named defendants, "including various judges and attorneys involved in the litigation, conspired to deprive her of several constitutional rights" where plaintiff failed to allege action under color of law by the nonjudge appellees).

Plaintiffs here have failed to allege or show any act or omission attributable to the Crittenden-Related Defendants that worked to deprive Plaintiffs of their rights while they operated "under the cloak of state authority". (*Id.* at ¶¶ 645-80). Therefore, Plaintiffs' Section 1983 claim is due to be dismissed.

### 3. Plaintiffs' claim for Deprivation of Rights under Color of Law (18 U.S.C.A. § 242) is due to be dismissed because it is a criminal statute that does not create a civil cause of action.

In addition to her Section 1983 claim, Plaintiffs attempt to state a claim relying on 18 U.S.C.A. § 242 ("Section 242"). Section 242 establishes criminal penalties for subjecting any person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens." 18 U.S.C.A. § 242.

Section 242 simply does not create a private right of action or civil remedies for any violation of the statute. *Aldabe*, 616 F.2d at 1092 ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Shahin v. Darling*, 606 F.Supp. 2d 525, 538 (D. Del.), *aff'd*, 350 F.App'x 605 (3d Cir. 2009) (holding,

"Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action.") (internal citations omitted). Therefore, Plaintiffs cannot succeed on their claim under 18 U.S.C.A. § 242, and it is due to be dismissed.

      **C.**      **Counts II and II (RICO and RICO Conspiracy) Are Due To Be Dismissed Because Plaintiffs Failed to Allege That The Crittenden-Related Defendants Participated in Any Acts of Racketeering Activity.**

Counts II and III of the Complaint allege violation of the RICO statutes (18 U.S.C. § 1961, *et seq.*) by all Defendants. (Doc. 1 at ¶¶ 682-700). The allegations in the Complaint related to both RICO and RICO Conspiracy, though, fail to meet the heightened pleading standard required in civil RICO cases.

      **1.**      **Plaintiffs' RICO and RICO Conspiracy claims (Counts II & III) are due to be dismissed because they fail to meet the heightened RICO pleading standard.**

When a plaintiff's RICO claim hinges on a pattern of fraudulent activity, their "substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Dowbenko v. Google Inc.,* 582 F.App'x 801, 805-06 (11th Cir. 2014). "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).

To meet the Rule 9(b) standard, "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id*. at 1316-17 (ellipses omitted) (citing Fed. R. Civ.

P. 9(b)). "Put more pithily, the complaint must describe the who, what, when, where, and how of each element of a fraud claim, except scienter." *Roche Diagnostics Corp.*, 407 F.Supp.3d at 1241 (quoting *United States ex rel. Creighton v. Beauty Basics Inc.*, No. 2:13-CV-1989-VEH, 2016 WL 3519365, at *2 (N.D. Ala. June 28, 2016)); *see also Lawrie v. Ginn Dev. Co., LLC*, 656 F.App'x 464, 474 (11th Cir. 2016) (requiring a RICO plaintiff to "plead the who, what, when, where, and how.").

When a plaintiff fails to meet the heightened RICO pleading standard under Rule 9(b), the court is within its discretion to dismiss the Complaint. *See Lawrie*, 656 F.App'x 464 (wherein the Eleventh Circuit affirmed the dismissal of a "complaint launching a 142–page barrage of allegations against Defendants," but which "lacked, among other things, the quality of pleading demanded by Rule 9(b) of the Federal Rules of Civil Procedure.").

Plaintiffs' RICO and RICO conspiracy claims fail to identify any act or omission attributable to the Crittenden-Related Defendants. Plaintiffs failed to allege (1) any "precise statements" or "misrepresentations" made by them, (2) the time and place of any alleged statements or misrepresentations made by them, and (3) the content and manner in which they misled Plaintiffs. Therefore, Plaintiffs' RICO and RICO conspiracy claims are due to be dismissed. *See Ambrosia Coal & Const. Co.*, 482 F.3d at 1316-17; *Lawrie*, 656 F.App'x 464.

        **2.**      **Counts II & III are due to be dismissed because Plaintiffs not identified "at least two acts of racketeering activity" in which the Crittenden-Related Defendants allegedly participated.**

For a RICO claim to survive a Motion to Dismiss, "a plaintiff must allege that each defendant participated in the affairs of the enterprise through a 'pattern of racketeering activity,' which requires 'at least two acts of racketeering activity.'" *Cisneros v. Petland, Inc.*, 972 F.3d

1204, 1215-16 (11th Cir. 2020) (quoting 18 U.S.C. §§ 1962(c)).[3] For their claims to be viable, Plaintiffs "must put forward enough facts with respect to each predicate act to make it independently indictable as a crime. *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (holding that a plaintiff must allege facts with respect to each defendant's participation in the RICO fraud)). The RICO statute further requires a showing as to each defendant that they participated in a "pattern of racketeering activities," which "requires at least two acts of racketeering activity." 18 U.S.C. §§ 1961(1), (5); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 527 (1985).

To survive a motion to dismiss, Plaintiffs are "required to plead '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *Petland, Inc.*, 972 F.3d at 1216 (quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)). Plaintiffs' allegations fail to meet these requirements because Plaintiffs have not pled with the requisite specificity any facts with respect to each predicate act either to make it independently indictable as a crime or to establish that the Crittenden-Related Defendants participated in any racketeering activities. *See Cisneros*, 972 F.3d at 1215-16; *Brooks*, 116 F.3d at 1381.

Because Plaintiffs' claims for RICO and RICO Conspiracy fail to plead with particularity that the Crittenden-Related Defendants "engaged in a pattern of racketeering activity consisting of at least two predicate acts of fraud," those claims are due to be dismissed. *See Cisneros*, 972 F.3d at 1215-16.

---

[3] Racketeering activity includes any of a list of state and federal crimes identified in 18 U.S.C. § 1961(1).

**D.** **Plaintiffs' Claim for Abuse of Process Is Due to Be Dismissed Because Plaintiffs Have Not Sufficiently Pleaded the Claim.**

Plaintiffs' Abuse of Process claim (Count V) is due to be dismissed because (1) Plaintiffs have failed to identify an act or omission undertaken by the Crittenden-Related Defendants to survive a Motion to Dismiss and (2) Plaintiffs have not alleged sufficient facts to support a claim for abuse of process.

Plaintiffs' claim for abuse of process offers only "a formulaic recitation of the elements of a cause of action [which] will not do,'" because it is devoid of "factual enhancement." *Iqbal*, 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 555, 557). As such, it fails to meet the requisite pleading standards under *Iqbal*, *Twombly*, and Federal Rules of Civil Procedure 8 and 10.

"In Alabama, 'an abuse of process claim is proper only when the action results in the issuance of some form of special process from the court, such as a writ of garnishment.'" *Files v. Kilgore*, No. 117CV01881KOBHNJ, 2018 WL 1598951, at *8 (N.D. Ala. Jan. 29, 2018) (quoting *Ramsey v. Leath*, 706 F.2d 1166, 1169 (11th Cir. 1983)). "To state a viable cause of action for abuse of process, the complaint must allege 'that a suit had been legally filed for a proper purpose,' but once filed, 'the process of the court ... had been improperly used.'" *Id.* (quoting *Ancora Corporation v. Stein*, 445 F.2d 431, 433 (5th Cir. 1971)). "Where a defendant has done nothing more than carry out the process to its authorized conclusion, even with bad intentions, an abuse of process claim is not stated." *Id.* (citing *Willis v. Parker*, 814 So.2d 857, 863 (Ala. 2001) (holding that to prevail on abuse of process, the ulterior motive must culminate in an actual abuse of the process by perverting it to obtain a result that the process was not intended by law to effect)). "[F]or such an action to be sustained, the complaint must allege that the action causing damages to the plaintiff must allege that a suit had been legally filed for a proper purpose, but that, once

filed, the process of the court, such as a writ of attachment or the like, had been improperly used." *Ramsey*, 706 F.2d at 1170.

Where a plaintiff fails to allege any cognizable claim for abuse of process, the claim is due to be dismissed. *Id*. An abuse of process claim is likewise due to be dismissed when a plaintiff "has wholly failed to allege facts to support such a claim under federal or state law." *Ray v. Calhoun Cnty.*, No. 1:13-CV-1860-VEH, 2017 WL 4572290, at *6 (N.D. Ala. Oct. 13, 2017) (quoting *C.C. & J., Inc. v. Hagood*, 711 So.2d 947, 950 (Ala. 1998)). Where there are no factual allegations that the defendant "acted outside the boundaries of the regular and legitimate functions related to the causes of action" before it, the plaintiff has not stated a claim for abuse of process and a motion to dismiss is due to be granted. *Ally Fin. Inc. v. Wesley Goodson Chrysler Dodge Jeep LLC*, No. 6:10-CV-00779-LSC, 2011 WL 13228399, at *5 (N.D. Ala. Sept. 15, 2011) (quoting *Willis v. Parker*, 814 So.2d 857, 865 (Ala. 2001)).

Plaintiffs' claim for abuse of process is due to be dismissed because Plaintiffs have failed to allege any facts to support a claim that the Crittenden-Related Defendants "acted outside the boundaries of the regular and legitimate functions related to the causes of action" they were pursuing on behalf of their clients. *See Id*; *Files*, 2018 WL 1598951, at *8.

**E.     Plaintiffs' Claim of Fraud Is Due to Be Dismissed Because Plaintiffs Failed to Plead Their Claim with Sufficient Particularity.**

Plaintiffs' Fraud claim (Count VI) is due to be dismissed because they have failed to plead their claim with sufficient particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs' only allegation of fraudulent conduct against the Crittenden-Related Partners is that two of them "used their position as Officers of the Court to defraud Plaintiffs of their money and their protected constitutional rights to raise their children." (Doc. 1 at ¶ 116). That allegation

is insufficient to support a claim of fraud against the two, much less all of the Crittenden-Related Defendants. (*See id*. at ¶¶ 725-31).

Federal Rule of Civil Procedure 9(b) requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiffs' allegations of fraud must satisfy the requirements of Rule 9(b). *See In re Vesta Ins. Grp., Inc., Sec. Litig.*, No. CIV.A. 98-AR-1407-S, 2000 WL 35574739, at *1 (N.D. Ala. Oct. 23, 2000). Furthermore, Plaintiffs "must plead 'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. 555).

Instead, Plaintiffs' claim for fraud against all of the Crittenden-Related Defendants fails to make any specific factual assertions against them. It offers only "a formulaic recitation of the elements of a cause of action [which] will not do,'" because it is devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 677 (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiffs' allegations related to Fraud do not provide the Crittenden-Related Defendants with notice of the allegedly false statements nor do they give this Court the opportunity "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Therefore, Plaintiffs' claim of Fraud (Count VI) is due to be dismissed.

> **F.    Plaintiffs' Claim of False Imprisonment against Gregory and Crittenden Partners, P.C. Is Due to Be Dismissed Because the Alleged Detention Is Not Claimed to Be Unlawful.**

Plaintiffs allege that Gregory "falsely imprisoned and created the unlawful detention of G.M.W." when, "[o]n June 21, 2020, Gregory "confined and transported G.M.W. without legal authority or consent from Ms. T. Peake." (Doc. 1 at ¶¶ 754-55). Elsewhere, Plaintiffs allege that "Gregory absconded with G.M.W., taking him into her care, unsupervised" and that "Gregory

drove and spoke to G.M.W. alone in her car…." (*Id.* at ¶¶ 265-66). On their face, these allegations fail to support a cause of action for false imprisonment because they fail to address whether G.M.W. was in the physical care of Gregory with "legal authority or consent" from Peake's "co-parent, Mr. S. Wyatt." (*Id.* at ¶ 811).

Under Alabama Code § 6-5-170, false imprisonment is "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." To prove a civil claim for false imprisonment, "a plaintiff must prove (1) detention of a person, (2) the unlawful nature of the detention, and (3) damages…." *Wardlow v. Whiten*, No. 2:15-CV-00367-JHE, 2017 WL 1193062, at *7 (N.D. Ala. Mar. 29, 2017) (citing *De Armond v. Saunders*, 243 Ala. 263, 265 (1942)). False imprisonment requires "some direct restraint of the person[.]" "*Imprisonment*" in this context means "[a]ny exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment." *Rondini v. Bunn*, 434 F.Supp.3d 1266, 1273 (N.D. Ala. 2020) (quoting *Big B., Inc. v. Cottingham*, 634 So.2d 999, 1001 (Ala. 1993)).

Plaintiffs do not (and cannot legitimately) allege that Gregory restrained G.M.W. against his will. They do not allege that G.M.W. did not wish to remain in Gregory's presence or go where he was being taken (apparently to exchange G.M.W.'s custody as part of a custodial agreement). *See Rondini v. Bunn*, 434 F.Supp.3d at 1273. Instead, Plaintiffs contend only that *Ms. Peake* had not given permission for G.M.W. to be in the physical care of Gregory. Plaintiffs make no mention of whether G.M.W. was in Gregory's care with the permission of the child's other parent, S. Wyatt. (Doc. 1 at ¶¶ 754-55, 811). As a result, Plaintiffs' factual allegations are insufficient for a finding of false imprisonment under Alabama Code § 6-5-170. *See Wardlow*, 2017 WL 1193062, at *7.

Accordingly, Plaintiffs' claim of False Imprisonment alleged against Gregory and Crittenden Partners, P.C., fails and is due to be dismissed.

> **G.     Plaintiffs' Claim of Invasion of Privacy against the Crittenden-Related Defendants Is Due to Be Dismissed.**

In Count XIV of their Complaint, purportedly for Invasion of Privacy (Doc. 1 at ¶¶ 779-86), Plaintiffs allege that Judge Chappell's office provided Attorneys Yarbrough and Gregory with Ms. T. Peake's psychological evaluation; that Yarbrough and Gregory removed the evaluation from Judge Chappell's office; and that Yarbrough and Gregory shared the evaluation with other lawyers who were not counsel of record in the matter. (*Id.* at ¶¶ 559-603, 779-86). Even taking these allegations as true, Plaintiffs' allegation do not give rise to the tort of invasion of privacy, and the claim is due to be dismissed.

Invasion of privacy consists of four different categories of limited and distinct wrongs: (1) intrusion upon the plaintiff's physical solitude or seclusion; (2) publicity which violates the ordinary decencies; (3) putting the plaintiff in a false but not necessarily defamatory position in the public eye; and (4) appropriation of some element of the plaintiff's personality for a public use. *See S.B. v. St. James School*, 959 So.2d 72, 90 (Ala. 2006); *Phillips v. Smalley Maintenance Servs., Inc.*, 435 So.2d 705, 708 (Ala. 1983). The second category is also "giving publicity to private information about the plaintiff that violates ordinary decency…." *Ferrari v. D R Horton, Inc.*, No. 2:14-CV-01941-LSC, 2015 WL 10913475, at *4 (N.D. Ala. June 2, 2015) (quoting *S.B.,* 959 So.2d at 90).

To establish a claim for invasion of privacy, Plaintiffs must allege an intrusion occurred and was extensive and ongoing – not a once or twice occurrence. *See Portera v. Winn Dixie of Montgomery, Inc.*, 996 F.Supp. 1418, 1436 (M.D. Ala. 1998); *Ex Parte Atmore Cmty. Hosp.*, 719 So.2d 1190, 1191 (Ala. 1998); *Johnston v. Fuller*, 706 So.2d 700, 702 (Ala. 1997).

With respect to publicizing private documents, one "who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Johnston v. Fuller*, 706 So.2d 700, 703 (Ala. 1997). In those circumstances, "*publicity*" means "the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of *public* knowledge." *Id.* (emphasis added). For instance, a defendant did not publicize information when he "did not broadcast over the radio the information obtained about [the plaintiff], he did not print it in a newspaper, and he did not tell it to a large number of people. … This was not an invasion of privacy through publicity." *Id.*

"[I]t is not an invasion of the right of privacy … to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." *Id.*; *see also Edwards v. Nat'l Vision Inc.*, 568 F.App'x 854, 863 (11th Cir. 2014) (publicity defined as "making a matter ... public, by communicating it to the public at large or to so many persons that the matter must be substantially certain to become one of public knowledge.") (internal citation omitted). Where a plaintiff fails to allege that their private information was made public by a defendant, the claim is due to be dismissed. *See Franks v. Indian Rivers Mental Health Ctr.*, No. 7:08-CV-1035-SLB, 2012 WL 4736444, at *24 (N.D. Ala. Sept. 30, 2012); *Ex parte Birmingham News, Inc.*, 778 So.2d 814 (in which plaintiff's invasion of privacy claim failed because she failed to show a wide dissemination of the allegedly private information).

In the present case, Plaintiffs' claim for Invasion of Privacy fails even assuming it is true that the Defendants shared Ms. Peake's psychological evaluation with "multiple attorneys," (Doc. 1 at ¶¶ 603, 783) because that action does not constitute "communicating it to the public at large,

or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Fuller*, 706 So.2d at 703; *Edwards*, 568 F.App'x at 863. Because Plaintiffs' allegations do not establish "publicity," Plaintiffs' claim for invasion of privacy is due to be dismissed.

### H.   Plaintiffs' Claim under the Alabama Litigation Accountability Act against The Crittenden-Related Defendants Is Due to Be Dismissed Because the ALAA Does Not Create a Separate Cause of Action That Can Be Brought after a Case Is Litigated.

Plaintiffs allege the Crittenden-Related Defendants (and others) "pursued litigation they knew to be groundless in law and in fact," thereby violating the Alabama Litigation Accountability Act ("ALAA"). (Doc. 1 at ¶ 809). Plaintiffs make numerous factual allegations against the Crittenden-Related Defendants as part of their ALAA claim (*Id*. at ¶¶ 810-16), but for the purposes of this motion, the details of the allegations are irrelevant because the ALAA does not allow a claim to be brought outside the litigation in which it arises. As such, Plaintiffs' claim cannot survive.

The ALAA is a tool for a court to use to sanction parties who bring frivolous litigation and that enables a court to sanction parties or attorneys who "brought a civil action in that court which it determines is without substantial justification." *Plus Int'l, Inc. v. Pace*, 689 So.2d 160, 162 (Ala.Civ.App. 1996). The ALAA, in § 12–19–271(1) of the Alabama Code, "requires that for an action, claim, or defense to be 'without substantial justification,' it must be either 'frivolous,' 'groundless in fact or in law,' 'vexatious,' or 'interposed for any improper purpose.'" *Morrow v. Gibson*, 827 So.2d 756, 761 (Ala. 2002).

A party must bring any claim made under the ALAA in the court and during the pendency of the case it involves, because the ALAA does not create a new or separate cause of action that can be brought after a case is litigated in another court. *Plus Int'l, Inc.*, 689 So.2d at 162; *Casey v.*

*McConnell*, 975 So.2d 384, 388 (Ala.Civ.App. 2007) (citing *Gonzalez, LLC v. DiVincenti*, 844 So.2d 1196, 1201 (Ala. 2002)); *see also Head v. Baisden*, No. 7:14-CV-01788-HGD, 2015 WL 13743585, at *2 (N.D. Ala. Aug. 24, 2015). Because the present action is a different case, apart from the domestic relations litigation out of which the Plaintiffs' allegations related to the ALAA arises, Plaintiffs' claim is due to be dismissed.

Even so, Plaintiffs' ALAA claim would still fail. Plaintiffs' Complaint alleges that the Crittenden-Related Defendants were *successful* in the legal arguments they made. (*See* Doc. 1 at ¶ 814). Plaintiffs contend that the issues raised were "frivolous, groundless, and interposed for delay …" but that they "still resulted in Judge Chappell awarding those alleged fees against Ms. T. Peake." (*Id.*). Plaintiffs cannot prevail in their claim based on the plain language of the statute and the supporting case law because the legal arguments could not have been frivolous or groundless in law or fact, because the Crittenden-Related Defendants prevailed in those arguments. *See Smith v. Smith*, 551 So.2d 1024 (Ala. 1989); *Casey v. McConnell*, 975 So.2d 384, 388–89 (Ala.Civ.App. 2007). Because the Crittenden-Related Defendants succeeded on the merits of their legal arguments, the arguments cannot have been "groundless in fact or in law" or otherwise have violated the Alabama Litigation Accountability Act. *Morrow*, 827 So.2d at 761. Therefore, even if Plaintiffs could bring their ALAA claim in other litigation, and they cannot, the ALAA claim against the Crittenden-Related Defendants should still be dismissed.

I.   **Plaintiffs' Claim for Defamation against Yarbrough, Gregory, and Crittenden Partners, P.C., Is Due to Be Dismissed Because Plaintiffs Do Not Allege a Prima Facie Case of Defamation.**

Plaintiffs' claim of defamation against Yarbrough and Crittenden Partners, P.C., is also due to be dismissed because Plaintiffs cannot establish a prima facie case showing that Yarbrough or Crittenden Partners, P.C., made "an unprivileged communication" of the allegedly defamatory

statement to a third party. Furthermore, Plaintiffs have failed to meet the pleading standard required under *Iqbal*, *Twombly*, and Federal Rules of Civil Procedure 8 and 10, by not identifying with any specificity the defamatory statements they are alleging the Defendants made.

> The elements of a cause of action for defamation or slander are:
>
> (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication of that statement to a third party; (3) fault amounting at least to negligence on the part of the defendant; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

*Wal–Mart Stores, Inc. v. Smitherman*, 872 So.2d 833, 840 (Ala. 2003) (quoting *McCaig v. Talladega Publ'g Co*., 544 So.2d 875, 877 (Ala. 1989)). Plaintiffs bear the burden of proving that the statement was false, and if it cannot be determined whether the statement is true or false, Plaintiffs have not carried their burden. *Dolgencorp*, 224 So.3d at 186–87. In the present case, Plaintiffs have not identified any statements made by these Defendants. Rather, they alleged generally that Yarbrough and Gregory shared "defamatory information" with a guardian ad litem and that Yarbrough "made defamatory remarks" to her staff. (Doc. 1 at ¶¶ 842-44). Because Plaintiffs failed to identify any statement allegedly made by the Defendants, they failed to meet the pleading standard under *Iqbal*, *Twombly*, and Federal Rule of Civil Procedure 8(a) necessary for a claim to survive. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555.

Additionally, Plaintiffs' defamation claim cannot survive because the claim requires that an "unprivileged communications" to a third party be made. *Smitherman*, 872 So.2d at 840. Even if these Defendants made allegedly defamatory statements to a guardian ad litem and to their staff, the communications were privileged. *Nelson v. Lapeyrouse Grain Corp.*, 534 So.2d 1085, 1094 (Ala. 1988). The test for determining whether conditional privilege exists for the purposes of defamation requires that a defendant "makes a communication, and such communication is

prompted by duty owed either to the public or to a third party, or the communication is one in which the party has an interest, and it is made to another having a corresponding interest." *Id*. Under these circumstances, the communication is privileged. *Id*. More specifically, statements are privileged when they are spoken in the discharge of a legal or moral duty. *Ex parte Blue Cross & Blue Shield of Alabama*, 773 So.2d 475, 478 (Ala. 2000).

With respect to statements allegedly made by Attorney Yarbrough to her staff, such statements are privileged because the staff stand on the same footing as the lawyer who employs them. *Grimsley v. State*, 632 So.2d 547, 551 (Ala.Crim.App. 1993). As for statements allegedly made by Attorneys Gregory and Yarbrough to the guardian ad litem, the guardian ad litem has an interest in the matter and, as officers of the court, these lawyers have a legal duty to one another. Therefore, that communication is also privileged. *Nelson*, 534 So.2d at 1094; *Ex parte Blue Cross & Blue Shield of Alabama*, 773 So.2d at 478. As a result, Plaintiffs cannot meet the essential elements of their defamation claim (Count XXII), and it is due to be dismissed.

**J.      Plaintiffs' Legal Malpractice claim (Count XXIX) Is Due To Be Dismissed Because It Is Barred by the Statute of Limitations.**

Plaintiffs' claim for legal malpractice against the Crittenden-Related Defendants arises from events that *Plaintiffs* allege occurred in 2018 and 2019. (Doc. 1 at ¶¶ 94-104, 887-96). Plaintiffs allege that, in March 2018, Plaintiff T. Peake consulted with Attorney Lee regarding Peake's divorce and business interests and that Peake shared confidential and privileged information. (*Id.* at ¶¶ 887-88). Plaintiffs also contend that Crittenden Partners, P.C. appeared as legal counsel for Peake's spouse S. Wyatt in August 2019, and that the Crittenden-Related Defendants divulged and used the confidential and privileged information divulged by Plaintiff T. Peake against her. (*Id.* at ¶¶ 890-92).

Even if true, Plaintiffs' legal malpractice claim is due to be dismissed because it is barred by the statute of limitations. Section 6-5-574 of the Alabama Code requires legal malpractice claims "be commenced within two years after the act or omission or failure giving rise to the claim, and not afterwards…." The timing of the accrual of a claim for statute-of-limitations purposes is a question of law "if the facts are undisputed and the evidence warrants but one conclusion." *Fox v. Hughston*, No. SC-2022-0564, 2023 WL 2440838, at *4 (Ala. Mar. 10, 2023) (quoting *Kindred v. Burlington N. R.R.*, 742 So.2d 155, 157 (Ala. 1999)). Assuming the facts alleged by Plaintiffs are true, the subject events occurred in 2018 and 2019. The Complaint, though, was not filed until June of 2023. Therefore, the legal malpractice claims are barred under Alabama Code § 6-5-574 and due to be dismissed.

**K.    Plaintiffs' Claim of Civil Conspiracy Is Due to Be Dismissed Because They Have Failed to Allege Any Valid Underlying Cause of Action as to the Crittenden-Related Defendants.**

Finally, Plaintiffs' claim of Civil Conspiracy is due to be dismissed because (1) there is no other valid underlying cause of action for which the Crittenden-Related Defendants might be liable, and (2) Plaintiffs failed to identify any act or omission undertaken by the Crittenden-Related Defendants sufficient to survive a Motion to Dismiss.

"[C]onspiracy, standing alone, provides no cause of action," but is reliant on an underlying act. *Roche Diagnostics Corp.*, 407 F.Supp.3d at 1250 (citing *Allied Supply Co. v. Brown*, 585 So.2d 33, 36 (Ala. 1991); *Callens v. Jefferson Cty. Nursing Home*, 769 So.2d 273, 280 (Ala. 2000)). For a civil conspiracy claim to survive, "there must be 'a valid underlying cause of action,' such as fraud." *Nationwide Gen. Ins. Co. v. Hope*, No. 4:21-CV-930-CLM, 2022 WL 2441296, at *4 (N.D. Ala. July 5, 2022) (quoting *DGB, LLC v. Hinds*, 55 So.3d 218, 234 (Ala. 2010)). If there is no valid underlying claim that would support an action, the "conspiracy claim must fail." *Id.*; *see also*

*Wiggins v. FDIC*, No. 2:12-CV-02705-SGC, 2019 WL 4750076, at \*8 (N.D. Ala. Sept. 30, 2019). As noted above, all of Plaintiffs' claims against the Crittenden-Related Defendants are due to be dismissed; therefore, the civil conspiracy claim cannot survive.

Furthermore, Plaintiffs' civil conspiracy claim contains only sweeping allegations against all of defendants collectively and without identifying any single act or omission in which the Crittenden-Related Defendants allegedly participated. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555, 557.

Because civil conspiracy requires an underlying tort, Plaintiffs must plead the conspiracy claim with the same particularity required under Rule 9(b) for the fraud claim itself and may not rely on sweeping, conclusory factual allegations insufficient to support a fraud claim. *See Hope*, 2022 WL 2441296, at \*4-5. Instead, though, Plaintiffs only make broad allegations and do not specific acts attributable to any one defendant. Accordingly, as described above, Plaintiffs' civil conspiracy claim (Count IV) is due to be dismissed.

## IV.    CONCLUSION

As discussed thoroughly above, the Crittenden-Related Defendants are entitled to dismissal of all of the various claims against them. (1) The Complaint consists entirely of shotgun pleadings, in violation of the pleading standards set forth in *Iqbal*, *Twombly*, and Federal Rules of Civil Procedure 8(a) and 10(b), *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555; *Paylor*, 748 F.3d at 1127; *Shabanets*, 878 F.3d at 1295. (2) Count I is due to be dismissed because no liability can attach to the Crittenden-Related Defendants under Section 1983, and 18 U.S.C.A. § 242 is a criminal statute that does not create a civil cause of action. (3) Counts II and II should be dismissed because Plaintiffs failed to allege or make a showing that the Crittenden-Related Defendants participated in any acts of racketeering activity. (4) Count IV should be dismissed because

Plaintiffs failed to allege any tortious conduct against the Crittenden-Related Defendants these defendants and because they have failed to establish any valid underlying cause of action to support a claim for civil conspiracy. (5) Count V should be dismissed because Plaintiffs have failed to make any factual allegations against these Defendants related to the Abuse of Process and because the allegations do not show that the Crittenden-Related Defendants "acted outside the boundaries of the regular and legitimate functions related to the causes of action" they were pursuing on behalf of their clients. (6) Count VI should be dismissed because Plaintiffs failed to plead their claim with particularity. (7) Count X should be dismissed because Plaintiffs have not alleged facts sufficient to support a claim for "unlawful detention." (8) Count XIV should be dismissed because the allegations of the Complaint do not support a claim for invasion of privacy. (9) Count XVIII should be dismissed because the ALAA does not create a new or separate cause of action that can be brought after a case is litigated in another court. (10) Count XXII should be dismissed because Plaintiffs have not alleged a statement made or publicized by the Crittenden-Related Defendants or such statements are privileged. And (11) Count XXIX should be dismissed because the claim is barred by the statute of limitations.

Respectfully submitted this 28th day of July, 2023.

/s/ *Stacy L. Moon*
Stacy L. Moon (asb-6468-i72s)
Jeremy W. Richter (asb-2572-h93f)
*Counsel for Defendants Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, and Crittenden Partners, P.C.*

**OF COUNSEL:**

**GORDON REES SCULLY MANSUKHANI, LLP**
420 20th Street North – Suite 2200

Birmingham, AL 35203
smoon@grsm.com
jrichter@grsm.com
Phone: (205) 980-8200
Fax: (205) 383-2816

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will automatically send notification of such filing to all counsel of record registered with the Court's Electronic Filing System, as noted below. Any unrepresented parties and/or counsel of record listed below that are not registered with the Court's Electronic Filing System have been served via first class mail, postage prepaid, or electronic mail as indicated below:

Scott Tindle
Counsel for Plaintiffs
scott@tindlefirm.com

Scott A. Gilliland
Counsel for Kim Davidson
scott@scottgilliland.net

Averie Louise Armstead
Counsel for Jessica Kirk Drennan, Amanda Duncamm and Kirk Drennan, P.C.
Aarmstead@starneslaw.com

Robert Preston MacKenzie, III
Counsel for Jessica Kirk Drennan, Amanda Duncamm and Kirk Drennan, P.C.
RPM@starneslaw.com

Barry Ragsdale
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
BRagsdale@dfhlaw.com

Robert Smith Vance, III
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
rvance@dfhlaw.com

Joseph E. Stott
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
joe@stottharrington.com

John G. Dana
Counsel for Caroline Taylor and Caroline O. Taylor PC
jdana@gattorney.com

Carl Christian Williams
Counsel for Caroline Taylor and Caroline O. Taylor PC
cwilliams@hallboothsmith.com

Dagney Johnson
Counsel for Clotele Brantley and The Hardy Law Firm
dagney@dagneylaw.com

Cameron Wayne Elkins
Counsel for Patricia Stephens, Alisha Ruffin May, and Madison Brantley
generalcivil@alabamaag.gov

Douglas J. Centeno
Counsel for Rene Wilson, Compton Wilson, Erika Goldman, and Southern Maryland Dredging Inc.
Dcenteno@bcattys.com

Christian Collier Feldman
Counsel for Michael Labellarte and CPE Clinic LLC
cfeldman@scottdukeslaw.com

Carter Dukes
Counsel for Michael Labellarte and CPE
Clinic LLC
cdukes@scottdukeslaw.com

Bruce F. Rogers
Counsel for Heather Fann
brogers@bainbridgemims.com

Elizabeth Nicholson Terenzi
Counsel for Heather Fann
bterenzi@bainbridggemims.com

Robert L. Beeman, II
Counsel for Everett Wess and The Wess Law
Firm, P.C.
rlbsportsmgmt12@gmail.com

William Mellor Bains Fleming, III
Counsel for Dale Maynard
bfleming@nwkt.com

Jennifer Devereaux Segers
Counsel for Gary W. Lee
jsegers@huielaw.com

Amanda Duncan
201 Office Park Drive Ste 320
Mountain Brook, AL 35223

Craig Langrall
6115 Franklin Gibson Road
Tracy's Landing, MD 20779

Marcus Jones
300 Arrington Blvd N Ste 200
Birmingham, AL 35203

Gary Wyatt
1945 Indian Lake Drive
Birmingham, AL 35244

St. Anne's School of Annapolis Incorporated
3112 Arundel on the Bay Rd.
Annapolis, MD 21403

Terri Miller
102 Old Solomons Island Road
Suite 202
Annapolis MD, 21401

David Kellner
65 Old Solomons Island Road #104
Annapolis, MD 41401

Andrea Weiss
3122 Arundel on the Bay Road
Annapolis, MD 21403

Alan Blotcky
529 Beacon Pkwy W #107
Birmingham, AL 35209

Carolyn Wyatt
1945 Indian Lake Drive
Birmingham, AL 35244

Robert Eric Mashburn
2840 Ridgeway Drive
Birmingham, AL 35209

Deegan Malone
2721 Jenny Lane
Vestavia Hills, AL 35243

Hope for Healing LLC
2831 Forrest Drive, Suite F
Annapolis, MD 21401

Bay Area Christian Counseling
102 Old Solomons Island Road
Suite 202
Annapolis, MD 21401

Solace Family Counseling, LLC
65 Old Solomons Island Road #104
Annapolis, MD 21401

Connie Coker
3112 Arundel on the Bay Road
Annapolis, MD 21403

This 28th day of July, 2023.

*/s/ Stacy L. Moon*
COUNSEL