FILED
2023 Aug-07  AM 08:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **D. DEATON, et al.,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.:** |
| | **2:23-cv-00713-RDP** |
| **v.** | |
| **PATRICIA STEPHENS, et al.,** | |
| **Defendants.** | |

---

## MOTION TO DISMISS

---

COME NOW Defendants **Kirk Drennan, P.C.,** (hereinafter "Kirk Drennan"), **Jessica Kirk Drennan,** (hereinafter "Drennan"), and **Amanda Rucks Duncan,** (hereinafter "Duncan"), (collectively referred to hereinafter as the "Drennan Defendants"), by and through undersigned counsel and move this Court pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss all claims alleged against them. As grounds for said motion, Defendants state as follows:

## I.  INTRODUCTION

Plaintiffs Drew Deaton and Taylor Peake are involved in separate ongoing child custody disputes pending in the Jefferson County Circuit Court Domestic Relations Division. (Doc. 1). Plaintiff Peake is the mother of minor Plaintiff G.M.W. (Doc. 1 at ¶ 20). Plaintiff Deaton is the father to minor Plaintiffs J.K.D., L.W.D., and R.E.D. (Doc. 1 at ¶ 21).  The Drennan Defendants represent Ms. Leanne Deaton, the mother of minor Plaintiffs J.K.D., L.W.D., and R.E.D., in connection with the ongoing custody dispute with Plaintiff Deaton.  (Doc. 1 at ¶¶ 26-27, 59).

Plaintiffs filed the 186-page Complaint in the present case on June 2, 2023 against 52 defendants. (Doc. 1). In that Complaint, Plaintiffs have alleged the following claims against the

Drennan Defendants:

- Count I – Deprivation of Rights Under Color of Law (Doc. 1 at ¶¶ 127-32);

- Count II – Racketeer Influenced and Corrupt Organizations Act ("RICO") (Doc. 1 at ¶¶ 132-38);

- Count III – RICO Conspiracy (Doc. 1 at ¶¶ 138-40);

- Count IV – Civil Conspiracy (Doc. 1 at ¶¶ 141-42);

- Count V – Abuse of Process (Doc. 1 at ¶¶ 142-43);

- Count VI – Fraud (Doc. 1 at ¶¶ 143-44);

- Count IX – False Imprisonment against Duncan and Kirk Drennan with regard to J.K.D., L.W.D., and R.E.D. (Doc. 1 at ¶¶ 748-52);

- Count XI – False Imprisonment against Drennan and Kirk Drennan with regard to J.K.D. and L.W.D. (Doc. 1 at ¶¶ 758-62);

- Count XIII – Invasion of Privacy of Plaintiffs Peake and G.M.W. (Doc. 1 at ¶¶ 773-77);

- Count XVII – Violation of the Alabama Litigation Accountability Act with regard to Plaintiff Deaton, J.K.D., L.W.D., and R.E.D. (Doc. 1 at ¶¶ 800-07); and

- Count XXI – Defamation against Drennan and Kirk Drennan (Doc. 1 at ¶¶ 833-840).

Each and every one of these claims is due to be dismissed.

## II.  STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  It similarly "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

The Supreme Court has identified two working principles for courts to follow in ruling on motions to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed R. Civ. P. 8(a)(2)).

The Drennan Defendants deny that Plaintiffs' claims have any factual basis, as Defendants sharply contest the allegations made by Plaintiffs.  However, even accepting the factual allegations as true, Plaintiffs' claims are facially deficient for the reasons described below.  Accordingly, the Court should dismiss all claims against the Drennan Defendants.

## III.  ALL CLAIMS AGAINST THE DRENNAN DEFENDANTS ARE DUE TO BE DISMISSED.

### A.  Plaintiff's Entire Complaint Is Due to Be Dismissed Because It Is a Shotgun Pleading and Fails to Comply with the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs' Complaint is neither short nor plain.

Rule 10(b) of the  also provides, "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).  The "self-evident" purpose of Rules 8(a) and 10(b) is to require the plaintiffs to present their claims discretely and succinctly, so that their adversary can discern what the plaintiffs are claiming and frame a responsive pleading.  *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1319 (11th Cir. 2015)) (internal citations omitted).  Compliance with these rules allows the Court and the defendants to determine "which facts support which claims." *Id.*

Complaints that violate Rule 8(a) and 10(b) ("shotgun pleadings") are problematic because "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 407 F. Supp. 3d 1216, 1233 (N.D. Ala. 2019) (quoting *Paylor v. Hartford Fire Ins.*, 748 F.3d 1117, 1126 (11th Cir. 2014)) (internal citations omitted).  The Eleventh Circuit Court of Appeals identifies four types of shotgun

pleadings.  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). They are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "one that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* Plaintiffs' Complaint falls into three of the four identified categories – specifically, categories 1, 2, and 4.

*First*, in all of the counts in the Complaint (as it pertains to the Drennan Defendants), "Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein." (Doc. 1 at ¶¶ 645, 681, 701, 711, 719, 724, 748, 758, 773, 800 and 833). As a result, "it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of [their] causes of action, or how they do so." *Estate of Bass v. Regions Bank, Inc.,* 947 F.3d 1352, 1358 (11th Cir. 2020).

*Second*, Plaintiffs' Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.  For example, in their claim for Civil Conspiracy (Count IV) against all Defendants, Plaintiffs allege, "Defendants agreed and conspired among each other to act in concert to accomplish the wrongful acts described in detail above, and to intentionally conceal the true nature of The Enterprise to the detriment of the Plaintiffs." (Doc. 1 at ¶ 712).  None of the seven paragraphs that comprise the Civil Conspiracy claim identify a particular act or a particular defendant.  (Doc. 1 at ¶¶ 712-18).

The same is true of the claims for Abuse of Process (Count V), Fraud (Count VI), and numerous other claims throughout the Complaint.

*Third*, the Complaint asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.  As with the claims for Civil Conspiracy, Fraud, and Abuse of Process, Plaintiffs allege claims for RICO (Count II) and RICO Conspiracy (Count III) without specifying which defendants are responsible for which acts or omissions.  (Doc. 1 at ¶¶ 682-710).

A district court has "'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland*, 792 F.3d at 1320).  "A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6)" lest the matter devolve into a "goat rodeo." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014).  Because Plaintiffs' Complaint is a shotgun pleading, it is due to be dismissed.  *See Shabanets*, 878 F.3d at 1295; *Paylor*, 748 F.3d at 1127.

**B. Plaintiffs' Claim of Deprivation of Rights under Color of Law Fails and Is Due to Be Dismissed Because (1) No Liability Can Attach to the Drennan Defendants under 42 U.S.C. § 1983, and (2) 18 U.S.C. § 242 Does Not Create a Civil Cause of Action.**

Plaintiffs allege that all of the Defendants, including the Drennan Defendants, have deprived Plaintiffs of their rights under color of law, specifically citing to 42 U.S.C. § 1983 ("Section 1983") and 18 U.S.C. § 242 on which to rest their claims.  (Doc. 1 at ¶ 127).  Plaintiffs refer to all Defendants collectively as "The Enterprise," contending that their actions (many of whom are private persons or entities, and not state actors) have acted "under color of state law

because there [*sic*] condoned, authorized, or expressly or impliedly directed by Judge Stephens, Judge Chappell, and Judge May." (Doc. 1 at ¶ 651).  Plaintiffs further allege that Defendants' actions fall "under color of law because of the pervasive nature of this scheme to increase profits and based on the Defendant judges' failure to supervise, failure to correct, failure to prevent harm and further to ignore the rule of law." (Doc. 1 at ¶ 652).

No law supports Plaintiffs' contentions that the actions attributed to the non-state-actor Defendants (including the Drennan Defendants) constitute acting "under color of law" for the purposes of Section 1983.  Furthermore, Plaintiffs have failed to allege or identify any act or omission by the Drennan Defendants in Count I of their Complaint.  (Doc. 1 at ¶¶ 645-80).

**1. Plaintiffs' claim under Section 1983 is due to be dismissed because they have failed to allege any conduct attributable to the Drennan Defendants.**

Plaintiffs' claim against the Drennan Defendants is due to be dismissed because Plaintiffs do not identify any acts or omissions by the Drennan Defendants through which they might be found liable under this cause of action.  (Doc. 1 at ¶¶ 646-80).  Although Plaintiffs identify the actions of many Defendants in the Section 1983 claim, the Drennan Defendants are not included.

Instead, Plaintiffs incorporate "Defendants" or "The Enterprise" in sweeping statements, including "[t]he pattern and practice of misconduct at Jefferson County Circuit Court Domestic Relations Division occurred with the consent and direction of The [sic] Enterprise[.]" (Doc. 1 at ¶ 646). Plaintiffs also allege, "Defendants' actions and inactions set forth above were deliberately indifferent, malicious, willful, beyond their authority, and/or recklessly indifferent to the substantial risk they knew Plaintiffs faced and were objectively unreasonable." (Doc. 1 at ¶ 647). Last, "The Enterprise and each of its members current and former, acted in concert and individually knowingly, consciously, or reasonably should have known their actions were driving [sic]

7

Plaintiffs of their constitutionally protected rights pursuant to the First, Fourth, Ninth, and Fourteenth Amendments of the Constitution." (Doc. 1 at ¶ 650).

Because Plaintiffs have failed to allege or identify any act or omission by the Drennan Defendants in Count I of their Complaint, they have failed to state a claim upon which relief can be granted, and this Count should be dismissed.

> **2. Plaintiffs' claim under Section 1983 is due to be dismissed because any action of the Drennan Defendants did not occur under color of any state law.**

Even if Plaintiffs' Section 1983 claim were allowed to proceed despite its procedural deficiencies, it should still be dismissed because the Drennan Defendants did not and cannot operate under color of state law. To state a claim under Section 1983, Plaintiffs must allege they have been deprived of a right given under the Constitution or under the laws of the United States, committed under color of state law. *Johnson v. Regions Mortg.*, 503 F.App'x 810, 811 (11th Cir. 2013) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999)). "[M]erely private conduct, no matter how discriminatory or wrongful" is not covered under Section 1983. *Id.* (quoting *Sullivan,* 526 U.S. at 50) (internal citation omitted). "The state action requirement is an element of a § 1983 claim that the plaintiff must prove in order to prevail." *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021) (quoting *Sullivan,* 526 U.S. at 49-50). In short, the "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct[.]'" *Jibrin v. Abubakar*, 814 F. App'x 480, 484 (11th Cir. 2020) (quoting *Sullivan,* 526 U.S. at 50).

Indeed, as noted by this Court, "*Every* action brought pursuant to Section 1983 involves an actor *operating under the color of state law*." *Edwards v. Mashego*, No. 2:18-CV-1954-RDP, 2019 WL 2409068, at *3 (N.D. Ala. June 7, 2019) (emphasis added). "The 'under-color-of-state-law'

element of a Section 1983 action operates to exclude private conduct." (*Id.*) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

"A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state, or when the manner of his conduct makes clear that he was asserting state authority and not acting in the role of a private person." *Muse v. Bentley*, No. 6:19-CV-00860-AKK-HNJ, 2019 WL 3334699, at *2 (N.D. Ala. July 2, 2019) (citing *Myers v. Bowman*, 713 F.3d 1319, 1329-30 (11th Cir. 2013)); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)). "[P]laintiffs must prove that the defendants acted under the cloak of state authority when they took the alleged actions against plaintiffs and that the actions deprived plaintiffs of a right or rights secured by the Constitution or by federal law." *Pettco Enter., Inc. v. White*, 896 F. Supp. 1137, 1144 (M.D. Ala. 1995), *aff'd*, 98 F.3d 1353 (11th Cir. 1996).

Acting "under the cloak of state authority" means that a defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Although the authority may be actual or apparent, Plaintiffs must plead the existence of "a real nexus" between the Drennan Defendants' and their "badge" of state authority to demonstrate action was taken "under color of state law." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)).

In defining what constitutes a person acting under color of law, it is clear that the Drennan Defendants cannot fall within the description, and Section 1983 cannot be applied to them. *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1090-1092 (9th Cir. 1980) (affirming dismissal of a Section 1983 claim alleging that seventeen named defendants, "including various judges and attorneys involved in the litigation, conspired to deprive

her of several constitutional rights" where plaintiff failed to allege action under color of law by the nonjudge appellees).

Plaintiffs here have failed to allege or show any act or omission attributable to the Drennan Defendants that worked to deprive Plaintiffs of their rights while they operated "under the cloak of state authority." (Doc. 1 at ¶¶ 645-80). Therefore, Plaintiffs' Section 1983 claim is due to be dismissed.

> **3. Plaintiffs' claim for Deprivation of Rights under Color of Law (18 U.S.C. § 242) is due to be dismissed because it is a criminal statute that does not create a civil cause of action.**

In addition to their Section 1983 claim, Plaintiffs attempt to state a claim relying on 18 U.S.C. § 242 ("Section 242"). Section 242 establishes criminal penalties for subjecting any person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens." 18 U.S.C. § 242.

Section 242 simply does not create a private right of action or civil remedies for any violation of the statute. *Aldabe*, 616 F.2d at 1092 ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Shahin v. Darling*, 606 F.Supp. 2d 525, 538 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) ("Plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections do not give rise to a civil cause of action.") (internal citations omitted). Therefore, Plaintiffs cannot succeed on their claim under Section 242, and it is due to be dismissed.

**C.   Counts II and III (RICO and RICO Conspiracy) Are Due to Be Dismissed Because Plaintiffs Failed to Allege That the Drennan Defendants Participated in Any Acts of Racketeering Activity.**

Counts II and III of the Complaint allege violations of the RICO statutes (18 U.S.C. § 1961, *et seq.*) by all Defendants.  (Doc. 1 at ¶¶ 682-700).  The allegations in the Complaint related to both RICO and RICO Conspiracy, though, fail to meet the heightened pleading standard required in civil RICO cases.

> **1.   Plaintiffs' RICO and RICO Conspiracy claims (Counts II and III) are due to be dismissed because they fail to meet the heightened RICO pleading standard.**

When a plaintiff's RICO claim hinges on a pattern of fraudulent activity, their "substantive RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with FED. R. CIV. P. 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Dowbenko v. Google Inc.,* 582 F. App'x 801, 805-06 (11th Cir. 2014).  "Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).

To meet the Rule 9(b) standard, "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." *Id*. at 1316-17 (ellipses omitted) (citing FED. R. CIV. P. 9(b)).  "Put more pithily, the complaint must describe the who, what, when, where, and how of each element of a fraud claim, except scienter." *Roche Diagnostics Corp.*, 407 F. Supp. 3d at 1241 (quoting *U.S. ex rel. Creighton v. Beauty Basics Inc.*, No. 2:13-CV-1989-VEH, 2016 WL 3519365,

at *2 (N.D. Ala. June 28, 2016)); *see also Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 474 (11th Cir. 2016) (requiring a RICO plaintiff to "plead the who, what, when, where, and how.").

When a plaintiff fails to meet the heightened RICO pleading standard under Rule 9(b), the court is within its discretion to dismiss the complaint. *See Lawrie*, 656 F. App'x 464 (wherein the Eleventh Circuit affirmed the dismissal of a "complaint launching a 142-page barrage of allegations against Defendants," but which "lacked, among other things, the quality of pleading demanded by Rule 9(b) of the Federal Rules of Civil Procedure.").

Plaintiffs' RICO and RICO conspiracy claims fail to identify any act or omission attributable to the Drennan Defendants. Plaintiffs failed to allege (1) any "precise statements" or "misrepresentations" made by them, (2) the time and place of any alleged statements or misrepresentations made by them, and (3) the content and manner in which they misled Plaintiffs. Therefore, Plaintiffs' RICO and RICO conspiracy claims are due to be dismissed. *See Ambrosia*, 482 F.3d at 1316-17; *Lawrie*, 656 F. App'x 464.

>   **2. Counts II and III are due to be dismissed because Plaintiffs have not identified "at least two acts of racketeering activity" in which the Drennan Defendants allegedly participated.**

For a RICO claim to survive a Motion to Dismiss, "a plaintiff must allege that each defendant participated in the affairs of the enterprise through a 'pattern of racketeering activity,' which requires 'at least two acts of racketeering activity.'" *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1215-16 (11th Cir. 2020) (quoting 18 U.S.C. § 1962(c)).[1] For their claims to be viable, Plaintiffs "must put forward enough facts with respect to each predicate act to make it independently indictable as a crime." *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (holding that a plaintiff must allege facts with respect to

---

[1] Racketeering activity includes any of a list of state and federal crimes identified in 18 U.S.C. § 1961(1).

each defendant's participation in the RICO fraud)). The RICO statute further requires a showing as to each defendant that they participated in a "pattern of racketeering activities," which "requires at least two acts of racketeering activity." 18 U.S.C. §§ 1961(1), (5); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 527 (1985).

To survive a motion to dismiss, Plaintiffs are "required to plead '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *Cisneros*, 972 F.3d at 1216 (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)). Plaintiffs' allegations fail to meet these requirements because Plaintiffs have not pled with the requisite specificity any facts with respect to each predicate act either to make it independently indictable as a crime or to establish that the Drennan Defendants participated in any racketeering activities. *See Cisneros*, 972 F.3d at 1215-16; *Brooks*, 116 F.3d at 1381.

Because Plaintiffs' claims for RICO and RICO Conspiracy fail to plead with particularity that the Drennan Defendants "engaged in a pattern of racketeering activity consisting of at least two predicate acts of fraud," those claims are due to be dismissed.

**D. Plaintiffs' Claim for Abuse of Process Is Due to Be Dismissed Because Plaintiffs Have Not Sufficiently Pleaded the Claim.**

Plaintiffs' Abuse of Process claim (Count V) is due to be dismissed because (1) Plaintiffs have failed to identify an act or omission undertaken by the Drennan Defendants to survive a Motion to Dismiss and (2) Plaintiffs have not alleged sufficient facts to support a claim for abuse of process.

Plaintiffs' claim for abuse of process offers only "a formulaic recitation of the elements of a cause of action [which] will not do,'" because it is devoid of "factual enhancement." *Iqbal*, 556

U.S. at 677 (quoting *Twombly*, 550 U.S. at 555, 557).  As such, it fails to meet the requisite pleading standards under *Iqbal*, *Twombly*, and Rules 8 and 10 of the *Federal Rules of Civil Procedure*.

"In Alabama, 'an abuse of process claim is proper only when the action results in the issuance of some form of special process from the court, such as a writ of garnishment.'" *Files v. Kilgore*, No. 1:17-CV-01881-KOB-HNJ, 2018 WL 1598951, at *8 (N.D. Ala. Jan. 29, 2018) (quoting *Ramsey v. Leath*, 706 F.2d 1166, 1169 (11th Cir. 1983)).  "To state a viable cause of action for abuse of process, the complaint must allege 'that a suit had been legally filed for a proper purpose,' but once filed, 'the process of the court ... had been improperly used.'" *Id.* (quoting *Ancora Corp. v. Stein*, 445 F.2d 431, 433 (5th Cir. 1971)).  "Where a defendant has done nothing more than carry out the process to its authorized conclusion, even with bad intentions, an abuse of process claim is not stated." *Id.* (citing *Willis v. Parker*, 814 So.2d 857, 863 (Ala. 2001) (holding that to prevail on abuse of process, the ulterior motive must culminate in an actual abuse of the process by perverting it to obtain a result that the process was not intended by law to effect)).

> [F]or such an action to be sustained, the complaint must allege that the action causing damages to the plaintiff must allege that a suit had been legally filed for a proper purpose, but that, once filed, the process of the court, such as a writ of attachment or the like, had been improperly used.

*Ramsey*, 706 F.2d at 1170.

Where a plaintiff fails to allege any cognizable claim for abuse of process, the claim is due to be dismissed.  *Id.* An abuse of process claim is likewise due to be dismissed when a plaintiff "has wholly failed to allege facts to support such a claim under federal or state law." *Ray v. Calhoun Cnty.*, No. 1:13-CV-1860-VEH, 2017 WL 4572290, at *6 (N.D. Ala. Oct. 13, 2017) (quoting *C.C. & J., Inc. v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998)).  Where there are no factual allegations that the defendant "acted outside the boundaries of the regular and legitimate functions related to the causes of action" before it, the plaintiff has not stated a claim for abuse of process

14

and a motion to dismiss is due to be granted.  *Ally Fin. Inc. v. Wesley Goodson Chrysler Dodge Jeep LLC*, No. 6:10-CV-00779-LSC, 2011 WL 13228399, at *5 (N.D. Ala. Sept. 15, 2011) (quoting *Willis v. Parker*, 814 So.2d 857, 865 (Ala. 2001)).

Plaintiffs' claim for abuse of process is due to be dismissed because Plaintiffs have failed to allege any facts to support a claim that the Drennan Defendants "acted outside the boundaries of the regular and legitimate functions related to the causes of action" they were pursuing on behalf of their clients.  *See id*; *Files*, 2018 WL 1598951, at *8.

### E. Plaintiffs' Claim of Fraud Is Due to Be Dismissed Because Plaintiffs 1) Failed to Plead Any Facts Against the Drennan Defendants Upon Which a Claim for Fraud Could Be Based, (2) Did Not Plead a Required Element of a Fraud Claim, and 3) Did Not Plead Their Claim for Fraud with Particularity.

Plaintiffs' Fraud claim (Count VI) is due to be dismissed because Plaintiffs failed to plead any facts upon which a fraud claim against the Drennan Defendants could be based, Plaintiffs did not allege that they reasonably relied on any statement made by the Drennan Defendants, and Plaintiffs did not plead their fraud claim with particularity.

To state a claim for fraud, a plaintiff must show "(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Padgett v. Hughes*, 535 So. 2d 140, 142 (Ala. 1988).  Rule 9(b) of the *Federal Rule of Civil Procedure* requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  To satisfy Rule 9(b), a complaint must state:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants 'obtained as a consequence of the fraud.'

*O'Shea v. OMi Holdings, Inc.*, 2021 U.S. Dist. LEXIS 179845, 2021 WL 4290803, at *5 (N.D. Ala. Sept. 21, 2021). Plaintiffs "must plead 'a claim to relief that is plausible on its face.'" *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. 555).

Plaintiffs allege that the following false representations were made by the Drennan Defendants:[2]

- Drennan "did not explain why Mr. D. Deaton would not be allowed to pick up his child from school.  Instead, Attorney Drennan, knowing the statement was false, misrepresented to S.H.C.D.C. the custodial agreement of R.E.D." (Doc. 1 at ¶¶ 162-63).

- Drennan and Duncan made false statements to child protective agencies and courts. (Doc. 1 at ¶ 293).

- Drennan made a false statement to a court that Mr. Deaton said Ms. Deaton sent a bomb to their children. (Doc. 1 at ¶ 295).

- Drennan filed an affidavit from another attorney that contained false statements with the Alabama Court of Civil Appeals. (Doc. 1 at ¶¶ 568-72).

- Drennan made four false statements to the minor Plaintiffs' prospective Alabama counselor. (Doc. 1 at ¶¶ 617-18).

First, Plaintiffs have not stated facts that would give rise to a claim for fraud.  Instead, Plaintiffs rely on conclusory allegations that are wholly insufficient to support a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  For that reason alone, their claim is due to be dismissed.

---

[2] The Drennan Defendants understand that at this phases, the Court must take these statements as true, however these allegations are affirmatively denied.

In addition, Plaintiffs have not alleged the basic elements of a claim for fraud. Plaintiffs did not allege that they relied, much less *reasonably* relied, on any false statement made by the Drennan Defendants. Though the Complaint filed by Plaintiffs in this case is 907 paragraphs long, not one of those paragraphs describes a single statement made by the Drennan Defendants upon which Plaintiffs claim to have relied. In fact, Plaintiffs only indicate that the allegedly false statements, whatever those might have been, were "relied upon *by others*." (Doc. 1 at ¶¶ 727, 730).

Further, as discussed in detail hereinabove, Plaintiffs have failed to plead their claim for fraud with particularity. For all these reasons, Plaintiffs claim for fraud (Count VI) against the Drennan Defendants is due to be dismissed.

### F. Plaintiffs' Claims of False Imprisonment (Count IX and Count XI) against the Drennan Defendants Are Due to Be Dismissed Because the Alleged Detentions Are Not Claimed to Be Unlawful.

Plaintiffs allege in Count IX that Duncan confined J.K.D., L.W.D. and R.E.D., without legal authority or consent *from Mr. Deaton*. (Doc. 1 at ¶ 750). Plaintiffs also allege in Count XI that Drennan and Kirk Drennan falsely imprisoned J.K.D. and L.W.D. by confining and transporting them without authority or consent *from Mr. Deaton*. (*Id*. at ¶¶ 759-60). On their face, these allegations fail to support a cause of action for false imprisonment because they fail to address whether J.K.D., L.W.D. and R.E.D. were in the physical care of Duncan or Drennan with "legal authority or consent" from their other custodial parent, Ms. Deaton. (Doc. 1).

Under Alabama law, false imprisonment is "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." ALA. CODE § 6-5-170. To prove a civil claim for false imprisonment, "a plaintiff must prove (1) detention of a person, (2) the unlawful nature of the detention, and (3) damages…." *Wardlow v. Whiten*, No. 2:15-CV-

00367-JHE, 2017 WL 1193062, at *7 (N.D. Ala. Mar. 29, 2017) (citing *De Armond v. Saunders*, 243 Ala. 263, 265 (1942)). False imprisonment requires "some direct restraint of the person[.]" "*Imprisonment*" in this context means "[a]ny exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment." *Rondini v. Bunn*, 434 F.Supp.3d 1266, 1273 (N.D. Ala. 2020) (quoting *Big B., Inc. v. Cottingham*, 634 So.2d 999, 1001 (Ala. 1993)).

Plaintiffs do not (and cannot legitimately) allege that the Drennan Defendants restrained J.K.D., L.W.D., and R.E.D. against their will. Plaintiffs do not allege that J.K.D., L.W.D., and R.E.D. did not wish to remain in the Drennan Defendants' presence or go where they were being taken. *See Rondini v. Bunn*, 434 F.Supp.3d at 1273. Instead, Plaintiffs contend only that *Mr. Deaton* had not given permission for J.K.D., L.W.D., or R.E.D. to be in the physical care of the Drennan Defendants. Plaintiffs make no mention of whether J.K.D., L.W.D., or R.E.D. were in the Drennan Defendants' care with the permission of the children's other parent, Ms. Deaton. (Doc. 1 at ¶¶ 749-50, 759-60). As a result, Plaintiffs' factual allegations are insufficient for a finding of false imprisonment under Alabama Code § 6-5-170. *See Wardlow*, 2017 WL 1193062, at *7. Accordingly, Plaintiffs' claims of False Imprisonment alleged against the Drennan Defendants fail and are due to be dismissed.

### G. Plaintiffs' Claim of Invasion of Privacy against the Drennan Defendants Is Barred by the Statute of Limitations and Is Due to Be Dismissed.

With regard to Count XIII of their Complaint alleging Invasion of Privacy, (Doc. 1 at ¶¶ 773- 777), Plaintiffs have alleged that "On or about September 2018, Attorney Drennan and Attorney Duncan intruded upon the Plaintiff's physical solitude by directing videotaping and spying through a window of their home without their consent." (Doc. 1 at ¶ 774). The statute of

limitations in Alabama for invasion of privacy claims is two years. ALA. CODE §§ 6-2-38(l) and 38(n); *see also Chambless v. Louisiana-Pacific Corp.*, 481 F.3d 1345, 1347, (11th Cir. 2007). Because the alleged invasion of privacy by the Drennan Defendants occurred more than two years before the Complaint in this case was filed, the Plaintiffs' claim is due to be dismissed.

**H. Plaintiffs' Claim under the Alabama Litigation Accountability Act against The Drennan Defendants Is Due to Be Dismissed Because the ALAA Does Not Create a Separate Cause of Action That Can Be Brought After a Case Is Litigated.**

Plaintiffs allege the Drennan Defendants "violated the Alabama Litigation Act by continuing to pursue a custody claim with full knowledge that discovery and sworn statements from both parties acknowledge that there were no changes in circumstances to justify a custody modification" thereby violating the Alabama Litigation Accountability Act ("ALAA"). (Doc. 1 at ¶ 801). Plaintiffs make multiple false factual allegations against the Drennan Defendants as part of their ALAA claim, (Doc. 1 at ¶¶ 801-806), but for the purposes of this motion, the details of the allegations are irrelevant because the ALAA does not allow a claim to be brought outside the litigation in which it arises. As such, Plaintiffs' claim cannot survive.

The ALAA is a tool for a court to use to sanction parties who bring frivolous litigation and that enables a court to sanction parties or attorneys who "brought a civil action in that court which it determines is without substantial justification." *Plus Int'l, Inc. v. Pace*, 689 So. 2d 160, 162 (Ala. Civ. App. 1996). The ALAA, in Section 12-19-271(1) of the Alabama Code, "requires that for an action, claim, or defense to be 'without substantial justification,' it must be either 'frivolous,' 'groundless in fact or in law,' 'vexatious,' or 'interposed for any improper purpose.'" ALA. CODE § 12-19-271(1); *Morrow v. Gibson*, 827 So. 2d 756, 761 (Ala. 2002).

A party must bring any claim made under the ALAA in the court and during the pendency of the case it involves, because the ALAA does not create a new or separate cause of action that

can be brought after a case is litigated in another court. *Plus Int'l, Inc.*, 689 So. 2d at 162; *Casey v. McConnell*, 975 So.2d 384, 388 (Ala. Civ. App. 2007) (citing *Gonzalez, LLC v. iVincenti*, 844 So. 2d 1196, 1201 (Ala. 2002)); *see also Head v. Baisden*, No. 7:14-CV-01788-HGD, 2015 WL 13743585, at *2 (N.D. Ala. Aug. 24, 2015). Because the present action is a different case, apart from the domestic relations litigation out of which the Plaintiffs' allegations related to the ALAA arises, Plaintiffs' Count XVII is due to be dismissed.

   I.   **Plaintiffs' Claim for Defamation against Drennan and Kirk Drennan Is Due to Be Dismissed Because 1) Plaintiffs Do Not Allege a *Prima Facie* Case of Defamation, 2) Fail to Meet the Pleading Standard Required Under *Iqbal*, *Twombly*, and Federal Rules of Civil Procedure 8 and 10, and 3) The Alleged Defamatory Statement is Protected by Absolute Immunity.**

   Plaintiffs' claim of defamation against Drennan and Kirk Drennan is due to be dismissed for multiple reasons. First, Plaintiffs cannot establish the elements of a *prima facie* case. The elements of a cause of action for defamation or slander are:

> (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication of that statement to a third party; (3) fault amounting at least to negligence on the part of the defendant; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

*Wal–Mart Stores, Inc. v. Smitherman*, 872 So. 2d 833, 840 (Ala. 2003) (quoting *McCaig v. Talladega Publ'g Co.*, 544 So. 2d 875, 877 (Ala. 1989)). Plaintiffs bear the burden of proving that the statement was false, and if it cannot be determined whether the statement is true or false, Plaintiffs have not carried their burden. *See Dolgencorp LLC v. Spence*, 224 So. 3d 173, 186-87 (Ala. 2016).

   Moreover, the Alabama Supreme Court "has recognized that a party that has published allegedly defamatory matter in the course of a judicial proceeding may claim, as a defense to a defamation action based on that publication, the absolute privilege described in the Restatement

(Second) of Torts § 587 (1977)." *Hollander v. Nichols*, 19 So. 3d 184, 195 (Ala. 2009) (citing *Walker v. Majors*, 496 So. 2d 726, 729-30 (Ala. 1986)).  That absolute privilege extends to lawyers and judges involved in judicial proceedings.  *Borden v. Malone*, 327 So. 3d 1105, 1116 (Ala. 2020) (citation omitted).

In the present case, Plaintiffs have alleged "By way of example but not exclusion, Attorney Drennan has stated 'Mr. Deaton has historically interfered with the girls' mental health care which is why she was awarded such authority.'" (Doc. 1 at ¶ 834). Plaintiffs have not alleged facts that would demonstrate that the statement was false, nor have they alleged that the statement was unprivileged. They have also failed to establish the remaining elements of a *prima facie* claim for defamation. Even if they could establish a *prima facie* claim based on their allegation, Drennan and Kirk Drennan would be entitled to absolute immunity for the same.

To the extent Plaintiffs are attempting to make a claim for defamation based on statements that have not been identified in the Complaint, such claim fails. Plaintiffs' effort to leave the door open to additional allegations of defamation by saying "By way of example but not exclusion . . . " is improper. The Complaint in that respect does not meet the pleading standard required under *Iqbal*, *Twombly*, and Rules 8 and 10 of the *Federal Rules of Civil Procedure*, to identify the alleged defamatory statements attributable to any of the Drennan Defendants with specificity, and the same fails.  Plaintiffs' claim for defamation against Drennan and Kirk Drennan (Count XXI) is due to be dismissed.

**J.  Plaintiffs' Claim of Civil Conspiracy Is Due to Be Dismissed Because They Have Failed to Allege Any Valid Underlying Cause of Action as to the Drennan Defendants.**

Plaintiffs' claim of Civil Conspiracy is due to be dismissed because (1) there is no other valid underlying cause of action for which the Drennan Defendants might be liable, and (2)

Plaintiffs failed to identify any act or omission undertaken by the Drennan Defendants sufficient to survive a Motion to Dismiss.

"[C]onspiracy, standing alone, provides no cause of action," but is reliant on an underlying act. *Roche Diagnostics Corp.*, 407 F. Supp. 3d at 1250 (citing *Allied Supply Co. v. Brown*, 585 So. 2d 33, 36 (Ala. 1991); *Callens v. Jefferson Cnty. Nursing Home*, 769 So. 2d 273, 280 (Ala. 2000)). For a civil conspiracy claim to survive, "there must be 'a valid underlying cause of action,' such as fraud." *Nationwide Gen. Ins. Co. v. Hope*, No. 4:21-CV-930-CLM, 2022 WL 2441296, at *4 (N.D. Ala. July 5, 2022) (quoting *DGB, LLC v. Hinds*, 55 So. 3d 218, 234 (Ala. 2010)). If there is no valid underlying claim that would support an action, the "conspiracy claim must fail." *Id.*; *see also Wiggins v. FDIC*, No. 2:12-CV-02705-SGC, 2019 WL 4750076, at *8 (N.D. Ala. Sept. 30, 2019). As noted above, all of Plaintiffs' claims against the Drennan Defendants are due to be dismissed; therefore, the civil conspiracy claim cannot survive.

Furthermore, Plaintiffs' civil conspiracy claim contains only sweeping allegations against all of defendants collectively and without identifying any single act or omission in which the Drennan Defendants allegedly participated. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555, 557.

Because civil conspiracy requires an underlying tort, Plaintiffs must plead the conspiracy claim with the same particularity required under Rule 9(b) for the fraud claim itself and may not rely on sweeping, conclusory factual allegations insufficient to support a fraud claim. *See Hope*, 2022 WL 2441296, at *4-5. Instead, though, Plaintiffs only make broad allegations and do not identify specific acts attributable to any one defendant. Accordingly, as described above, Plaintiffs' civil conspiracy claim (Count IV) is due to be dismissed.

**K. Plaintiffs' Claims Are Barred by the *Rooker-Feldman* Doctrine, or alternatively, the *Younger* Abstention Doctrine.**

Plaintiffs' claims are due to be dismissed under *Rooker-Feldman* which prohibits a federal court from reviewing judgments of state courts on appeal. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). Alternatively, the *Younger* abstention doctrine bars Plaintiffs' claims. Co-defendants Honorable Judge Patricia Stephens, Honorable Judge Alisha Ruffin May, Honorable Judge Agnes Chappell, and Judicial Assistant Madison Brantley persuasively argued these points in their Motion to Dismiss and consolidated brief in support of the same.  In the interest of brevity, the Drennan Defendants hereby adopt and incorporate Section F of that brief as if set out fully herein. (Doc. 149, ¶¶ 25-27).

**IV.  CONCLUSION**

As discussed hereinabove, the Drennan Defendants are entitled to dismissal of all claims against them. (1) The Complaint consists entirely of shotgun pleadings, in violation of the pleading standards set forth in *Iqbal*, *Twombly*, and Rules 8(a) and 10(b) of the *Federal Rules of Civil. See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555; *Paylor*, 748 F.3d at 1127; *Shabanets*, 878 F.3d at 1295. (2) The Plaintiffs' claims are barred by *Rooker-Feldman*, or alternatively, by the *Younger* abstention. (3) **Count I** is due to be dismissed because no liability can attach to the Drennan Defendants under Section 1983, and Section 242 is a criminal statute that does not create a civil cause of action.  (4) **Counts II and III** should be dismissed because Plaintiffs failed to allege or make a showing that the Drennan Defendants participated in any acts of racketeering activity. (5) **Count IV** should be dismissed because Plaintiffs failed to allege a valid underlying cause of action against the Drennan Defendants to support a claim for civil conspiracy. (6) **Count V** should be dismissed because Plaintiffs have failed to make any factual allegations against the Drennan Defendants related to the Abuse of Process claim and because the allegations do not show

that the Drennan Defendants "acted outside the boundaries of the regular and legitimate functions related to the causes of action" they were pursuing on behalf of their clients. (7) **Count VI** should be dismissed because Plaintiffs failed to plead facts upon which the Drennan Defendants could be liable and failed to plead their claim with particularity. (8) **Counts IX and XI** should be dismissed because Plaintiffs have not alleged facts sufficient to support a claim for "unlawful detention." (9) **Count XIII** should be dismissed because the claims for invasion of privacy are barred by the statute of limitations. (10) **Count XVII** should be dismissed because the ALAA does not create a new or separate cause of action that can be brought after a case is litigated in another court. (11) **Count XXI** should be dismissed because Plaintiffs cannot establish a *prima facie* claim for defamation, they failed to meet the required pleading standard, and the Drennan Defendants are entitled to absolute immunity for the alleged statement.

Respectfully submitted this the 7th day of August 2023.

*/s/ Melisa C. Zwilling*
Melisa C. Zwilling (ASB-5026-R71M)
David McAlister (ASB-0399-A49D)
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Fax: (205) 822-2057
Email: mzwilling@carrallison.com
dmcalister@carrallison.com

Robert P. MacKenzie, III (ASB-8232-A50R)
Averie L. Armstead (ASB-3698-D00R)
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
Email: bmackenzie@starneslaw.com
aarmstead@starneslaw.com
*Counsel for Defendants Jessica Kirk Drennan,*
*Amanda Rucks Duncan and Kirk Drennan, P.C.*

24

**<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that on this the 7th day of August 2023, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will notify all counsels of record.

                                  */s/ Melisa C. Zwilling*
                                    OF COUNSEL