THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. DEATON, T. PEAKE, J.K.D., L.W.D., R.E.D., G.M.W., <br><br> Plaintiffs, <br><br> v. <br><br> PATRICIA STEPHENS, et al. <br><br> Defendants. | Civil Action No. 2:23-cv-00713-RDP |

**DEFENDANT MARCUS A. JONES, III'S RESPONSE TO THE COURT'S 8/3/2023 ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

COMES NOW the Defendant Marcus A. Jones, III, and for Response to Plaintiffs' Motion for Default Judgment states as follows:

1. Plaintiffs filed their Motion for Default Judgment against this Defendant on July 27, 2023. As will be explained herein below, throughout the time after the service of the Complaint, Defendant was diligently attempting to obtain counsel through his errors and omissions carrier. Finding counsel in this case proved difficult, however, due to the large number of parties in this case, many of whom are apparently covered by the same errors and omissions carrier.

2. Defendant Jones proactively communicated his issues finding counsel with Plaintiffs' attorney. On July 10, 2023, Defendant wrote Plaintiff's attorney and advised him that he was having a difficult time in obtaining representation and sought two additional weeks to respond. Nine days later, Plaintiff's attorney responded that he was not opposed to a proposed extension of time to file an answer.

3. After defendant was advised by his errors and omissions carrier that contacts had

1

been made with several firms in Alabama and all had conflicts of interest from representing the Defendant, Defendant suggested that the carrier contact Stan Cash, Of Counsel at Balch & Bingham in Birmingham. Ultimately, Balch & Bingham was engaged to represent Defendant Jones, but it took multiple days to gain agreement between Balch & Bingham and the carrier and to clear conflicts since there are so many parties, many of whom are local attorneys in the Jefferson County area.

4. Mr. Cash first met with Attorney Jones on July 24, 2023. Mr. Jones did not understand there to be a hard deadline by which the Plaintiffs' attorney would file a default motion.

5. Immediately after that meeting, undersigned counsel began researching the claims in anticipation of filing a Motion to Dismiss. After digesting the lengthy complaint, as well as trying to ascertain the status of the case from other defense counsel, counsel for Defendant Jones began working on a Motion to Dismiss on July 28, 2023.

6. Also on July 28, 2023, only three days after the two-week extension timeframe, Plaintiffs' counsel filed his motion for default judgment. Plaintiffs' counsel did not contact Attorney Jones prior to filing the Motion to Default, did not notify Attorney Jones that he would be filing the motion, and he did not provide a courtesy copy of the motion to Attorney Jones.

7. On July 31, 2023, counsel for Attorney Jones filed a Motion to Dismiss and officially appeared in the case. Phone calls and emails to Plaintiffs' counsel requesting that he withdraw the default motion now that Attorney Jones has counsel have gone unanswered.

8. Although there have been filings, defense counsel understands there has been no hearing yet before the Court as the Court is waiting on all parties to appear. Thus, there has been no prejudice flowing to the Plaintiffs, from the standpoint of the two-business day delay in filing the Motion to Dismiss after Plaintiffs' counsel filed a Motion for Default Judgment.

9. Recently, the 11th Circuit had the occasion to address the issue of whether or not a District Court would abuse its discretion in denying a motion for default judgment. In *Staten v. D.R. Horton, Inc.,* No. 22-14098, 2023 WL 3750707 (11th Cir. June 1, 2023), the Court ruled that it would not be an abuse of discretion for the District Court to deny a default judgement motion when the Defendant had filed a motion to dismiss "a short time after the deadline for responsive pleadings." Plaintiffs can demonstrate no prejudice as a result of the Defendant's Motion to Dismiss being filed two business days after the Motion for Default Judgment. As stated above, during the period since Defendant Jones was served, he was dealing with his professional liability carrier attempting to find counsel and so informed Plaintiffs attorney. Indeed, Plaintiffs attorney hardly seemed concerned about the timing, as he took nine days to respond Defendant Jones' letter advising him that he and his professional liability carrier were still trying to find counsel.

10. The 11th Circuit has recognized under Rule 55 that simply because a defendant may be in default, the plaintiff is not automatically entitled to a default judgment. Indeed, the 11th Circuit states default judgements are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. app'x 690, 698 (11th Cir. 2015).

11. Further, while the District Court may enter a default judgment against a defendant under Fed. R. Civ. P. 55(b)(2), the Court requires that an entry of default is only warranted where there is sufficient basis in the pleadings for the judgment to be entered. See *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). In addition, before a default can be entered, the District Court must address whether the complaint makes a showing in the factual allegations that a judgment should be entered on the relief to which the Plaintiff is entitled. *See FCCI Ins. Co. v. Crowe*, No. 2:22-cv-01047-RDP, 2023 WL 2393647, at *4 (N.D. Ala. Mar. 7,

2023). On this point, there are substantive issues with the sufficiency of the allegations against Attorney Jones, as raised in his Motion to Dismiss.

12. A similar factual situation to this case is found in *DIRECTTV, Inc. v. Meyers*, N.D.Iowa, 214 F.R.D. 504 (2003) where there was a misunderstanding after defendant relied on an informal extension to answer the Complaint. The District Court noted that the plaintiff made no "reasonable effort" to provide notice of intent to seek entry of default and acted on "marginal failure" to meet the deadline after just two days. 214 F.R.D. at 513. Thus, the Court did not allow a default judgment to stand.

Defendant requests the Court to deny Plaintiffs' Motion for Default Judgment.

Dated: August 8th, 2023

Respectfully submitted,

*/s/ Stanley A. Cash*
One of the Attorneys for Marcus A. Jones, III

**OF COUNSEL:**

Stanley A. Cash (ASB-8923-a31s)
Email: scash@balch.com
Elizabeth J. Flachsbart (ASB-7456-c64i)
Email: eflachsbart@balch.com
BALCH & BINGHAM, LLP
1901 Sixth Ave. North
Suite 1500
Birmingham, AL 35203
Telephone:   (205) 251-8100
Facsimile:    (205) 226-8799

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system and service will be perfected upon all counsel of record registered with the Court's CM/ECF filing system, as listed below. Any unrepresented parties and/or counsel of record listed below that are not registered with the Court's Electronic Filing System have been served via First Class Mail, postage prepaid, or electronic mail as indicated on this the 8th day of August 2023:

Scott Tindle
SCOTT TINDLE FIRM
scott@tindlefirm.com
*Counsel for Plaintiffs*

John G. Dana
GORDON, DANA, GILMORE & MANER, LLC
jdana@gattorney.com
*Counsel for Caroline Taylor and Caroline O. Taylor PC*

Scott A. Gilliland
LAW OFFICE OF SCOTT GILLILAND
scott@scottgilliland.net
*Counsel for Kim Davidson*

Carl Christian Williams
HALL BOOTH SMITH, P.C.
cwilliams@hallboothsmith.com
*Counsel for Caroline Taylor and Caroline O. Taylor PC*

Averie Louise Armstead
Robert Preston MacKenzie, III
STARNES DAVIS FLORIE, LLP
Aarmstead@starneslaw.com
rpm@starneslaw.com
*Counsel for Jessika Kirk Drennan, Amanda Duncan, Kirk Drennan, P.C., Bay Area Christian Counseling*

Dagney Johnson
DAGNEY JOHNSON LAW GROUP, LLC
dagney@dagneylaw.com
*Counsel for Clotele Brantley and The Hardy Law Firm*

Robert V. Wood, Jr.
WILMER & LEE, PA
bwood@wilmerlee.com
*Counsel for David Kellner and Solace Family Counseling, LLC*

Cameron Wayne Elkins
OFFICE OF THE ATTORNEY GENERAL – CIVIL DIVISION
generalcivil@alabamaag.gov
*Counsel for Patricia Stephens, Alisha Ruffin May, Agnes Chappell and Madison Brantley*

Barry Ragsdale
Robert Smith Vance, III
DOMINICK, FELD, HYDE, P.C.
bragsdale@dfhlaw.com
rvance@dfhlaw.com
*Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group*

Douglas J. Centeno
BENTON & CENTENO, LLP
dcenteno@battys.com
*Counsel for Rene Wilson, Compton Wilson, Erika Goldman and Southern Maryland Dredging, Inc.*

| | |
|---|---|
| Joseph E. Stott<br>STOTT & HARRINGTON, P.C.<br>joe@stottharrington.com<br>*Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group* | Christian Collier Feldman<br>Carter Dukes<br>SCOTT, DUKES & GEISLER, P.C.<br>cfeldman@scottdukeslaw.com<br>cdukes@scottdukeslaw.com<br>*Counsel for Michael Labellarte and CPE Clinic, LLC* |
| Robert M. Ronnlund<br>SCOTT SULLIVAN STREETMAN & FOX, PC<br>ronnlund@sssandf.com<br>*Counsel for Terri Miller* | Bruce F. Rogers<br>Elizabeth N. Terenzi<br>BAINBRIDGE, MIMS, ROGERS & SMITH, LLP<br>brogers@bainbridgemims.com<br>bterenzi@bainbridgemims.com<br>*Counsel for Heather Fann* |
| Andrea Weiss | Robert L. Beeman, II<br>BEEMAN LAW FIRM<br>Rlbsportsmgmt12@gmail.com<br>*Counsel for Everett Wess and The Wess Law Firm, P.C.* |
| Peter Thomas Dazzio, Jr.<br>FRIEDMAN, DAZZIO & ZULANAS<br>tdazzio@friedman-lawyers.com<br>*Counsel for Alan Blotcky* | William Mellor Bains Fleming, III<br>NORMAN WOOD KENDRICK & TURNER<br>bfleming@nwkt.com<br>*Counsel for Dale Maynard* |
| Carolyn Wyatt<br>1945 Indian Lake Drive<br>Birmingham, AL 35244 | Jennifer Devereaux Segers<br>HUIE FERNAMBUCQ & STEWART, LLP<br>jesegers@huielaw.com<br>*Counsel for Gary W. Lee, Jay Clark and Thomas McKnight, Jr.* |
| Robert Eric Mashburn<br>324 Barkwood Tr.<br>Trussville, AL 35173 | Wallace, Jordan, Ratliff & Brandt, LLC<br>800 Shades Creek Parkway, Ste. 400<br>Birmingham, AL 3520.9 |
| Eris Bryan Paul<br>CLARK MAY PRICE LAWLEY DUNCAN & PAUL, LLC<br>bpaul@clarkmayprice.com<br>*Counsel for Deegan Malone* | Craig Langrall |

| | |
|---|---|
| Hope For Healing, LLC | Stacy L. Moon<br>Jeremy W. Richter<br>GORDON REES SCULLY MANSUKHANIM LLP<br>smoon@grsm.com<br>jrichter@grsm.com<br>*Counsel for Judith Crittenden and Crittenden Partners, PC, Deborah Gregory, Laura Montgomery Lee, and Paige Yarbrough* |
| Gary Wyatt<br>1945 Indian Lake Drive<br>Birmingham, AL 35244 | Wesley C. Redmond<br>FORD & HARRISON, LLP<br>wredmond@fordharrison.com<br>*Attorney for Connie Coker* |
| St. Anne's School of Annapolis Inc. | |