FILED
2023 Aug-15  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| D. DEATON; T. PEAKE; J.K.D.; L.W.D.; R.E.D., G.M.W., | ) ) ) | |
|     Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.:   2:23-cv-00713-RDP |
| PATRICIA STEPHENS, et al., | ) ) | |
|     Defendants. | ) | |

## MOTION TO DISMISS AND SUPPORTING BRIEF

Come now Defendants Wendy Crew, Christina Vineyard, Crew Gentle Law, P.C. and Crew Law Group (hereinafter collectively referred to as "Crew Law") and pursuant to Rule 12 of the Federal Rules of Civil Procedure hereby move this Court for an Order dismissing the claims plead against them in the instant action. In further support thereof, the Defendants state as follows:

## BACKGROUND FACTS

This Court is already well acquainted with the factual allegations in this case.   The undersigned will not belabor the Court in setting out those allegations. The factual issues pertinent to these Defendants are contained in a very few paragraphs of the Plaintiffs' Complaint.   Specifically, the only allegations against these Defendants are contained in ¶¶ 571-574 of the Plaintiffs' Complaint.   In those few paragraphs, the Plaintiffs allege that Wendy Crew and Christina

Vineyard, both of whom are practicing attorneys, provided Affidavits which were submitted by Co-Defendant Jessica Kirk Drennan in a filing with the Alabama Court of Civil Appeals on February 8, 2023.    The Plaintiffs further allege that the Affidavits in question contained false statements.    (See Plaintiffs' Complaint at ¶¶ 571 and 572).    Those Affidavits were ultimately stricken and were not relied upon in any way by the Alabama Court of Civil Appeals.    (See March 23, 2023 Order from the Alabama Court of Civil Appeals striking said Affidavits, attached hereto as Exhibit "A").[1]

---

[1] The Affidavits attached as Exhibit "A" to this Motion are public record with regard to which the Court may take judicial notice without converting this Motion to a Motion for Summary Judgment.  *See, e.g.,* Univ. Exp. Inc. v. U.S. S.E.C., 177 F.App'x 52, 53 (11th Cir. 2006) (court may consider prior complaint filed by SEC without converting the motion to a motion for summary judgment). Moreover, the Order striking the Affidavit is not being offered as substantive evidence of the truth or accuracy of any statement or position taken by any party in the underlying litigation.    Instead, the Order is offered only to demonstrate the fact that the Affidavits were stricken and not relied upon by the Alabama Court of Civil Appeals.    Pleadings of this nature may be considered by a court without converting a motion to a motion for summary judgment.  *See, e.g.,* McGuire v. Marshall, 512 F.Supp.3d 1189 (holding that "the court may also take judicial note of the pleadings, orders, and judgments entered in [prior lawsuits] for purposes of defendants' res judicata defense without converting their Motion to Dismiss into a Motion for Summary Judgment.") (Citing Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013), Lozeman v. City of Riveria Beach, 713 F.3d 1066, 1075 n. 9 (11th Cir. 2013) and Ladd v. City of W. Palm Beach, 681 F.App'x 814, 816 (11th Cir. 2017) (all for the same proposition).    While those cases involve res judicata, the reason is equally applicable to this case, where the Order is being offered only to demonstrate the existence of the Order with no reference to the correctness of the Order or the substance of the Affidavits at issue.

While the Plaintiffs' Complaint contains thirty-one separate Counts, only Counts I through VI (those Counts directed at all Defendants) are directed at these Defendants.    Those Counts include constitutional claims filed pursuant to 42 U.S.C. §1983, RICO claims, civil conspiracy claims, abuse of process claims, and claims of fraud.    For the reasons set out below, claims against these Defendants are due to be dismissed.

## ARGUMENT

As noted above, the Plaintiffs' claims against these Defendants consist of six separate allegations.    The first is Count I, which seeks to assert constitutional claims against all Defendants.    The next are Counts II and III, which make allegations of civil RICO and civil RICO conspiracy.    Count IV is a claim for civil conspiracy.    Count V seeks to state a claim for abuse of process, and finally Count VI seeks to state a claim for fraud.    However, the Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to these Defendants on any of those claims.    Each claim will be addressed separately below.

## I.      Arguments Applicable to All Claims.

This suit is required to be dismissed for numerous reasons.    Certain of those reasons are applicable to all claims, whereas other reasons are applicable only to specific claims.    Each of the arguments applicable generally to all claims are as follows.

3

**A.      The Plaintiffs' Complaint is an impermissible shotgun pleading.**

Several Defendants have filed Motions to Dismiss with this Court correctly

pointing out that the Plaintiffs' Complaint is in an impermissible shotgun pleading.

(*See, e.g.,* [Docs. 137, 138, 139, 149, 156, 159, 160, 161, 162, 163, and 166]).    So

as to not unnecessarily expand this Court's record, rather than setting out those

same arguments herein, the Defendants expressly adopt and incorporate by

reference each of those arguments as if fully set out herein.    For the reasons

presented in those adopted arguments, the Defendants' Complaint is an

impermissible shotgun pleading and must be dismissed as a matter of law.

**B.      The Plaintiffs' Complaint fails to meet applicable Federal Court
pleadings standards as to these Defendants.**

In Bell Atl. Corp. v. Twombly, 550 U. S. 544 (2007) and later in Ashcroft v.

Iqbal, 556 U.S. 662 (2009), the United Supreme Court articulated a refined

pleading standard: "First, the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions.

Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."    Id. at 678.    "Second, only a complaint

that states a *plausible* claim for relief survives a motion to dismiss."    Id. at 679

(emphasis added).    "To survive a motion to dismiss, a complaint *must contain*

*sufficient factual matter*, accepted as true, to 'state a claim to relief that is *plausible*

on its face.'"  Id. at 678 (emphasis added) (*quoting* Twombly, 550 U.S. at 570).

As the Eleventh Circuit explained in Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d

1327 (11th Cir. 2010):

> Plausibility is the key, as the "well-pled allegations must
> nudge the claim 'across the line from conceivable to
> plausible.'"  Sinaltrainal v. Coca-Cola Co., 578 F.3d
> 1252, 1261 (11th Cir. 2009) (*quoting* Twombly, 550 U.S.
> at 570, [ . . . . .]).   And to nudge the claim across the
> line, the complaint must contain "more than labels and
> conclusions, and a formulaic recitation of the elements of
> the cause of action will not do."  Twombly, 550 U.S. at
> 555, [. . . .].

Id. at 1333.  "Stated differently, the factual allegations of the complaint must

[now] 'possess enough heft' plausibly to suggest that the plaintiff is entitled to

relief."  Weissman v. NASD, 500 F.3d 1293, 1310 (11th Cir. 2007) (*quoting*

Twombly, 550 U.S. at 557).

Here, the Plaintiffs have only claimed that these Defendants executed

Affidavits which were utilized by a co-defendant attorney as evidence in an

appellate filing in the underlying Domestic Relations litigation.   However, the

Plaintiffs fail entirely to explain how the execution of those Affidavits creates

liability under 42 U.S.C. §1983 or civil RICO, or how the execution of an affidavit

by a non-party witness could possibly constitute abuse of process.   Further, the

claim of fraud is not sufficiently pled under those standards, nor is it pled with

specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.   Rule

9(b) requires the Plaintiffs not only to state precisely what statements were made and the time and place of each such statement, but also a description of the manner in which the statements misled the plaintiff, and what the defendants obtained as a result of the fraud.   *See* Smith v. Forest Manor, Inc., 2017 U.S. Dist. Lexis 60741 (N.D. Ala. 2017) (*citing* Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).   In Smith v. Forest Manor, Inc., supra, this Court held that a fraud claim which fails to explain the reliance and detriment elements is required to be dismissed.

In summary, the Plaintiffs' Complaint mentions these Defendants in only a few short paragraphs.   At no point do the Plaintiffs point to any of the satisfaction of the elements of civil RICO, constitutional violations under 42 U.S.C. §1983, abuse of process, or how those allegations satisfy the elements of a claim of fraud. As such, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure and the pleading standards as required by Twombly, supra, and Iqbal, supra, the Plaintiffs' Complaint, as against these Defendants, must be dismissed.

### C.   *Rooker-Feldman* and *Younger* Abstentions.

Several Defendants have raised defenses provided by the *Rooker-Feldman* doctrine, the *Colorado River* abstention doctrine and the *Younger* abstention doctrine.   Again, so as to not overly burden the Court's record, the Defendants will not repeat those arguments herein.   However, the Defendants expressly adopt

6

and incorporate by reference all such arguments.   (*See, e.g.,* [Docs. 149, 159, 160, 162, 163, and 166]).   For the reasons presented therein, the Plaintiffs' claims are due to be dismissed, with prejudice, as a matter of law.

### D.   Absolute Privilege.

As noted above, all of the Plaintiffs' claims against these Defendants are based upon the individual Defendants, individually and purportedly on behalf of their law firm, offering Affidavits in connection with the underlying Domestic Relations litigation.   Unfortunate for the Plaintiffs' position, statements of this nature, made in relation to actual or anticipated judicial proceedings, are absolutely privileged as a matter of clear and long established law.

In the case of <u>Walker v. Majors</u>, 496 So.2d 726 (Ala. 1986), the Alabama Supreme Court adopted the *Restatement (Second) of Torts* § 587 (1997) as the standard in determining whether allegedly defamatory material is absolutely privileged by its connection with a judicial proceeding.   "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." *Restatement (Second) Torts*, §586 (1977).

7

Comment (a) of the *Restatement* further elaborates on the privilege as follows:

> The privilege is based upon public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore, the privilege is absolute. It protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in the truth, or even his knowledge of its falsity. These matters are of importance only in determining the amenability of the attorney to the disciplinary power of the court of which he is an officer. The publication of defamatory matter by an attorney is protected not only when made in the institution of the proceedings or in the conduct of litigation before a judicial tribunal, but in conferences and ***other communications preliminary to the proceeding***. The institution of a judicial proceeding includes all pleadings and affidavits necessary to set the judicial machinery in motion. The conduct of the litigation includes the examination and cross-examination of witnesses, comments upon the evidence and arguments both oral and written. ...

*Restatement (Second) Torts*, § 586 (1977), Comment (a) (emphasis added).   The privilege applies to witnesses as well.   Walker v. Majors, supra, at 729 (*citing* O'Barr v. Feist, 296 So.2d at 157 (Ala. 1974) (in turn quoting Moore v. Manufacturers' National Bank, 123 N.Y. 420, 25 N.E. 1048, 1049 (1890)).

Instructive and similar to the case at bar is the case of Sullivan v. Smith, 925 So.2d 972 (Ala.Civ.App.2005), wherein an inmate brought an action against the victim's family for slander and perjury alleging they gave false testimony at a

8

parole hearing. The Court of Civil Appeals determined that the parole hearing was a quasi-judicial proceeding that afforded the Defendants absolute immunity. The <u>Sullivan</u> Court stressed the importance of the absolute privilege:

> the absolute privilege is 'for the promotion of the public welfare, the purpose being that members of the legislature, judges of courts, jurors, lawyers, and witnesses may speak their minds freely and exercise their respective functions without incurring the risk of a criminal prosecution or an action for the recovery of damages.

<u>Id</u>. at 974 (citing <u>Webster v. Byrd</u>, 494 So.2d 31 (Ala. 1986) (in turn quoting <u>O'Barr v. Feist</u>, 296 So.2d 152, 156 (1974)).

Further, the privilege protects a witness or lawyer, such as these Defendants, not only from the claim of defamation, but also from other claims based on the same conduct - in this case, claims of constitutional violations, RICO violations, fraud, abuse of process, etc.   In the case of <u>Drees v. Turner</u>, 45 So.3d 350 (Ala.Civ.App.2010), the Alabama Court of Civil Appeals affirmed the trial court's dismissal of all counts set forth in the plaintiff's complaint that arose out of the defendants' alleged misrepresentations about the plaintiff made in the course of a custody case, including counts of alleged invasion of privacy, abuse of process, and intentional infliction of emotional distress.   In so doing, the <u>Drees</u> Court stated as follows:

Pertinent statements made in the course of judicial proceedings are absolutely privileged. ... In this case, the statements imputed to [the defendants] all concern a matter pertinent to a child-custody proceeding, namely, the conviction of domestic violence by a potential custodian. ... Absolutely privileged statements, no matter how false or malicious, cannot be made the basis of civil liability. ... ***That rule applies equally to claims other than those based on defamation***. ... Even assuming, as [the plaintiff] has alleged that [the defendants] willfully and maliciously misrepresented that [the plaintiff] had been convicted of domestic violence in order to place [the plaintiff] in a false light and to improperly influence the outcome of the ... custody case, [the plaintiff] cannot recover civil damages against them. ***Hence, [the plaintiff] has failed to state any claim upon which relief can be granted***.

Id. (Internal citations omitted; emphasis added).

There can be no dispute that the Affidavits made the subject of the claims against these Defendants were prepared and executed in connection to actual judicial proceedings.   Though stricken, the Affidavits were submitted in connection with a Petition for Writ of Mandamus filed with the Alabama Court of Civil Appeals.   Whether the communication in question is privileged by reason of its character or the occasion on which it was made, and the issue of relevancy of the alleged defamatory communication, are all matters for determination by the Court. Walker v. Majors, 496 So.2d 726 (Ala. 1986) (*citing* O'Barr v. Feist, 296 So.2d 152 (Ala. 1974)). To determine relevancy of the communication, the adjudicated cases have established a liberal view in the interpretation of the

10

language used, and all doubts are resolved in favor of its relevancy or pertinence.

Walker v. Majors, 496 So.2d 726 (Ala. 1986) (*citing* O'Barr v. Feist, 296 So.2d

152 (Ala. 1974); Adams v. Alabama Lime and Stone Corp., 142 So. 424 (1932)).

Under this standard, the Affidavits in question clearly related to the underlying

Domestic Relations disputes which were the subject of ongoing litigation.    Thus,

there can be no doubt that the statements contained in those Affidavits are

absolutely privileged.    As a result, all claims against these Defendants fail, and

dismissal, with prejudice, is mandated.

## II.    **Arguments Applicable to Individual Claims.**

In addition to the arguments above, each of the Plaintiffs' claims, as to these

Defendants, fail for claim-specific reasons.    Each of the Plaintiffs' claims will be

discussed below.

### A.    **Constitutional Claims.**

Count I of the Plaintiffs' Complaint seeks to hold the Defendants liable for

deprivation of rights under color of the law.    The Plaintiffs plead those claims, as

they must, under 42 U.S.C. §1983.

Claims regarding violations of the United States Constitution do not apply to

the conduct of private individuals.    Instead, those claims apply only to conduct of

the government.    Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620

(1991).    A private citizen cannot be held liable for an alleged constitutional

violation unless (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority;" and (2) "the private party charged for the deprivation could be described in all fairness as a state actor." Id.   A plaintiff bringing constitution claims must assert those claims under 42 U.S.C. §1983.   However, in order to state a claim under §1983, the plaintiff must show a violation of a right protected by the Constitution or federal laws and must further demonstrate that any deprivation of that right was committed by a person acting under color of state law.   West v. Atkins, 487 U.S. 42, 48 (1988).   In this case, Defendants Wendy Crew and Christina Vineyard, individually and on behalf of Crew Law, were merely private attorneys who happened to witness events which occurred in connection with the underlying Domestic Relations litigation.   However, a private attorney, much less a private citizen who is merely a witness, cannot be considered a "state actor" and thus cannot be held liable for alleged constitutional violations.

In the case of Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court held specifically that criminal defense attorneys perform a private rather than a state function.   In that case, the United States Supreme Court clearly stated that, in the United States criminal justice system,

> "the defense lawyer characteristically opposes the designated representatives of the state.   The system assumes that the adversarial testing will ultimately

> advance the public interest in truth and fairness.   But it
> posits that a defense lawyer best serves the public, not by
> acting on behalf of the state or in concert with it, but
> rather than advancing 'the undivided interest of his
> client.' This is essentially a private function traditionally
> filled by retained counsel, for which state office and
> authority are not needed."

Id. at 318-319.   The Supreme Court pointed out further that this is true even where

defense counsel is state appointed or paid for with state funds.   Id. at 321.   In

doing so, the Supreme Court determined that an attorney undertaking

representation of the criminal defendant have identical duties and obligations as

where the attorneys privately retained.   Thus, state appointed attorneys do not act

under the color of state law in representing the criminal defendant.   Id. at 323-325.

The Eleventh Circuit has had the opportunity to address similar questions.

For instance, the case of Pearson v. Miles, 159 F.App'x. 865 (11th Cir. 2006), the

court stated that

> "a public defender does not act under a color of state law
> when performing a lawyer's traditional functions as
> counsel to a defendant in a criminal proceeding.
> Because [the defendant attorney] was performing
> traditional lawyer functions in her representation of the
> [the plaintiff] she was not acting under color of state law.
> Therefore [the plaintiff] has no §1983 cause of action
> against [the defendant] in connection with her
> representation of him."

Id. at 866 (citation to Polk County, supra, omitted).

13

Further, numerous federal courts in this state have come to the same conclusion.   *See, e.g.,* Harrison v. Perdue, 2007 WL 433572 (M.D. Ala. 2007) (holding that it is well established that appointed counsel does not act under color of state law in representing a defendant in criminal proceedings; that public defenders do not act under color of state law when performing traditional attorney functions; that even court appointed attorneys are not official state actors and thus are not subject to liability under §1983) (*citing* Polk County, supra; Mills v. Criminal District Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988) and Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985)).   *See also,* Humphrey v. Kerbin, 2013 WL 5502965 (M.D. Ala. 2013) (dismissing 1983 claim against defense counsel because defense counsel, even court appointed, is not a state actor).   If a criminal defense attorney, appointed by the state and paid by the state is not a state actor for §1983 purposes, clearly private attorneys who were merely witnesses to an underlying Domestic Relations dispute cannot possibly be considered state actors.   Because these Defendants are not state actors and are merely private attorneys who happened to be witnesses to events related to the underlying litigation rather than acting under the color of state law, the constitutional claims pled by the Plaintiffs fail.

As such, the Defendants request this Court to enter an order dismissing all such claims in their entirety, with prejudice.

### B.      Civil RICO §1962(c).

The Plaintiffs' Complaint, as against these Defendants, is completely devoid of any factual basis upon which a RICO claim can be supported.    First, there is no allegation that these Defendants participated in the operation or management of any enterprise; there is no allegation of racketeering activity.    There is no pattern of racketeering activity; and there is no continuity.    Finally, the Plaintiffs' Complaint fails to include any allegations meeting the proximate cause requirements of a civil RICO claim.

### 1.      No enterprise.

Count II of the Plaintiffs' Complaint is a claim for civil RICO under 18 U.S.C. § 1962(c).

Under 1962(c), "[t]o recover, a single plaintiff must establish that a defendant (1) operated or managed; (2) an enterprise; (3) through a pattern; (4) of racketeering activity that included at least two racketeering acts."   Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1348 (11th Cir. 2016) (citing Ray v. Spirit Airlines, Inc., 767 F.3d 1220, 1224 (11th Cir. 2014)).    "The upshot is that RICO provides a private right of action . . .    to a person injured . . . by reason of the conduct of a qualifying enterprise's affairs through a pattern of acts indictable as mail fraud." Id., (citing Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639, 647 (2008)).

To meet these elements, the Plaintiffs must first prove the existence of an enterprise.   An enterprise, for the purposes of a civil RICO claim, includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." However, merely alleging that the Defendants conspired with one another is insufficient to even allege an enterprise, much less establish an enterprise. Lawrence Holdings, Inc. v. ASA Int'l LTD., 2014 WL 5502464 at *9 (M.D. Fla. 2014) (citing Palm Beach County Environmental Coalition v. Florida, 651 F.Supp.2d 1328, 1349 (S.D. Fla. 2009)).   The existence of an enterprise can be proven by demonstrating an ongoing organization, whether formal or informal, with evidence that the associates of the Association function as a continuing unit. Williams v. Mohawk Ind., Inc., 465 F.3d 1277, 1284 (11th Cir. 2006) (abrogated on other grounds) (citing United States v. Goldin Industries, Inc., 219 F.3d 1271, 1275 (11th Cir. 2000)).

Here the Plaintiffs have offered no allegation suggesting that these Defendants are part of an enterprise.   While the Plaintiffs' Complaint contains several hundred paragraphs suggesting some type of ongoing conspiracy between and among certain members of the Jefferson County Domestic Relations Bar and the Domestic Relations Judges of Jefferson County, there is no suggestion that

these Defendants are somehow part of that "enterprise."[2]   Instead, the Plaintiffs

merely allege that these Defendants, who happened to be witnesses to isolated

events on a specific date, submitted Affidavits in connection with their recollection

of the events that they witnessed.   Under no circumstances are those allegations

sufficient to allege that these Defendants are part of an ongoing organization which

functions as a continuing unit.   Instead, these Defendants have a coincidental,

isolated connection to the events underlying the Plaintiffs' Complaints, making the

RICO allegations fail as a matter of law.

### 2.   No operation or management.

Even if an enterprise could be established, the Plaintiffs' claims still fail

because the Plaintiffs cannot demonstrate that these Defendants participated in the

operation or management of the alleged enterprise.   The United States Supreme

Court has held that § 1962 liability depends upon the Plaintiffs' ability to

demonstrate that the Defendants conducted or participated in the conduct of the

affairs of the enterprise, not simply their own affairs.   *See* Reves v. Ernst &

Young, 507 U.S. 170 (1993).   "'[T]o conduct or participate, directly or indirectly,

---

[2] These Defendants do not mean to suggest that the Plaintiffs have properly alleged the existence of an enterprise with respect to other Defendants in this action.   However, even if the Court found those allegations to be sufficient, the allegations clearly do not suggest that these Defendants are part of any such "enterprise."

in the conduct of such enterprise's affairs', one must participate in the operation or management of the enterprise itself."   <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 185 (1993) (*citing* 18 U.S.C. § 1962(c)).

There is absolutely no evidence in this case that Defendants Wendy Crew or Christina Vineyard participated in the operation or management of any enterprise. Instead, Crew and Vineyard (and Crew Law) are accused only of execution of Affidavits (which were ultimately struck by the Alabama Court of Civil Appeals). That is a far cry from managing the affairs of some enterprise.   Because the Plaintiffs do not allege that these Defendants operated or managed the affairs of the enterprise, the RICO allegations against these Defendants fail as a matter of laws.

### 3.    No racketeering activity.

The Plaintiffs make no allegation of any racketeering activity against the Crew Law Defendants.   There is no allegation of mail fraud or wire fraud, but instead a single allegation of what appears to be common law third-party fraud.[3] Further, even if common law fraud was sufficient to make out a RICO claim of racketeering activity, the Plaintiffs' claims still fail because the allegations do not meet federal pleading standards, nor do they meet the heightened pleading requirements for fraud claims.   The Eleventh Circuit has made it clear that RICO

---

[3] The fraud allegation fails as a matter of law for independent reasons, which will be discussed in more detail below.

allegations based upon fraud "must comply not only with the plausibility criteria articulated in <u>Twombly</u> and <u>Iqbal</u>, but also with Fed.R.Civ.P. 9(b)'s heightened pleading standard . . .."   <u>American Dental Ass'n v. Cigna Corp.</u>, 605 F.3d 1283, 1291 (11th Cir. 2010).   As shown above in Section I. (B.) above, the Plaintiffs' fraud allegations do not comply with <u>Twombly</u> and <u>Iqbal</u>, nor do they meet the heightened pleading standard articulated in Rule 9(b) of the Federal Rules of Civil Procedure, as there is no allegation of reliance or damage as associated with the alleged fraudulent statements made by these Defendants.   Thus, the Plaintiffs have failed to articulate any racketeering activity, much less a pattern of racketeering activity as required to make out a claim under RICO § 1962(c).   As such, the Plaintiffs' claims as against these Defendants must be dismissed as a matter of law.

### 4.   No pattern.

For the Plaintiffs' RICO claim to survive, and specifically for the Plaintiffs to allege that the facts and circumstances surrounding the Complaint fall under the criminal federal RICO statute, they must show "that each defendant participated in the affairs of the enterprise through a 'pattern of racketeering activity,' which requires 'at least two acts of racketeering activity.'"   <u>Cisneros v. Petland, Inc.</u>, 972 F.3d 1204, 1215-16 (11th Cir.).   Further the four elements of the statute must be met and they are as follows: "(1) the precise statements, documents or

misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Petland, Inc., 972 F.3d at 1216 (*quoting* American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010)).

Because the "pattern" requirement applies to each and every Defendant, the Plaintiffs' claims against these Defendants fail as a matter of law.    Even if the execution of an affidavit could somehow be twisted into "racketeering activity", the individual, one time of act of executing the Affidavit by Wendy Crew and Christina Vineyard are just that - isolated, one time actions.    Thus, there is no pattern alleged as to these Defendants and the RICO claims fail as a matter of law.

### 5.    No continuity.

The United States Supreme Court has made it clear that, to constitute a pattern of racketeering activity, the plaintiff is required to either show a long period of related events or alternatively conduct which by its nature carries with it the threat of future repetition.    H.J., Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 109 S.Ct. 2983, 106 L.Ed.2d 195 (1989).    These two forms of continuity have been referred to by the Supreme Court as either "closed-ended" or "open-ended" continuity.    Id. at 109 S.Ct. 2902.    In that case, the court held that closed-ended continuity requires "a series of related predicates extending over a

substantial period of time.    Predicate acts extending "over a few weeks or

months" are insufficient.    Id.    Alternatively, open-ended continuity requires that

there be a clear threat of future criminal conduct which is related to the past

criminal conduct at issue in the case.    Id.    In so doing, the Supreme Court

explained that "Congress was concerned in RICO with long-term criminal

conduct."    Id.    As the Plaintiffs in this action can demonstrate neither open-

ended nor closed-ended continuity, summary judgment is required on all

allegations of the Plaintiffs' Complaint.

### (a)    Closed-ended continuity.

> "The Supreme Court in H.J., Inc. [supra] emphasized the
> duration of the criminal activity as being a paramount
> consideration in the analysis [of closed-ended
> continuity].    'A party alleging a RICO violation may
> demonstrate continuity over a closed period by proving a
> series of related predicates extending over a substantial
> period of time.    Predicate acts extending over a few
> weeks or months and threatening no future criminal
> conduct do not satisfy this requirement: Congress was
> concerned with long term criminal conduct.'"

Downing v. Halliburton & Associates, Inc., 812 F.Supp. 1175, 1182 (M.D. Ala.

1993) (citing H.J., Inc., supra, 492 U.S. 242, 109 S.Ct. at 2901 (internal citations

omitted)).    It has clearly been established that each of these Defendants are

alleged to have submitted a single Affidavit.    The Plaintiffs' Complaint alleges

that the Affidavits were submitted to the Alabama Court of Civil Appeals on

February 8, 2023.   As can be shown by Exhibit "A", the Affidavits were stricken from the Court's record on March 23, 2023, less than two months later.   Thus, to the extent that there is some allegation that these Defendants were involved in an "enterprise", their involvement lasted for less than two months.

The Eleventh Circuit has held that a complaint alleging acts of racketeering over the course of three calendar years was not sufficient to establish closed-ended continuity.   *See,* Ferrell v. Durbin, 311 F.App'x. 253, 256 (2009) (allegations of predicate acts from late-2004 to mid-2006 did not sufficiently establish closed-ended continuity).   Other federal appellate courts also have held predicate acts extending over the course of just a few years are insufficient for closed-ended continuity.   *See,* Efron v. Embassy Suites, 223 F.3d 12, 13-14, 17 (1st Cir. 2000) (17 predicate acts over the course of 21 months was insufficient); Edmondson & Gallagher v. Alban Towers Tenants Ass'n., 48 F.3d 1260, 1262 (D.C. Cir. 1995) (15 predicate acts over three years was insufficient); Cofacredit, S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 241 (2d Cir. 1999) (the Second Circuit "has never held a period of less than two years to constitute a 'substantial period of time'"); Hughes v. Consol-Pennsylvania Coal Co., 945 F.2d 594, 611 (3d Cir. 1991) ("[T]welve months is not a substantial period of time."); Menasco v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989) (no continuity when predicate acts with a single goal occurred over a one-year period); Vemco, Inc. v. Camardella, 23

22

F.3d 129,134 (6th Cir. 1994) (17-month period insufficient to show continuity);

J.D. Marshall Int'l, Inc. v. Redstart, Inc., 935 F.2d 815, 821 (7th Cir. 1991) (thirteen

months is not a substantial period of time); Wisdom v. First Midwest Bank of

Poplar Bluff, 167 F.3d 402, 407 (8th Cir. 1999) (ten-month period is "too short" to

constitute substantial period for purposes of closed-ended continuity); Religious

Tech. Ctr. v. Wollersheim, 971 F.2d 364, 366-67 (9th Cir. 1992) ("We have found

no case in which a court [of appeals] has held the [continuity] requirement to be

satisfied by a pattern of activity lasting less than a year.")

In this case, the "pattern" could be no longer than the two month period in

which these Defendants had limited involvement.    The Plaintiffs have not even

shown a single requisite act of racketeering activity, it is absolutely impossible for

any such actions to be considered a pattern from a closed-ended continuity

standpoint, lasting only two months.    Thus, if the Plaintiffs cannot establish open-

ended continuity, the case must be dismissed.

### (b)    Open-ended continuity.

As shown above, the Plaintiffs cannot demonstrate closed-ended continuity,

their only option is to demonstrate open-ended continuity.    Open-ended continuity

carries with it the requirement that there be "a specific threat of repetition

extending indefinitely into the future."    Such that the activities are "part of an

ongoing entities regular way of doing business."    H.J., Inc., supra, 492 U.S. at

242.   However schemes or plans which have a clear goal and a natural ending point cannot support the finding of threat of ongoing activity and thus cannot demonstrate the requirement for open-ended continuity.   *See, e.g.,* Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 782 (7th Cir. 1994) (*citing* H.J., Inc., supra.   *See also,* Kalimantano GmbH v. Motion in Time, Inc., 939 F.Supp.2d 392 at 413-414 (S.D. NY 2013) (citing numerous cases for the proposition that a discrete scheme with a narrow purpose cannot establish continuity).   The Domestic Relations action at issue in this litigation has a natural ending point.   At some point, the cases will be tried and final judgment will be entered.   There is no suggestion of some type of ongoing open-ended continuity.   Even if there was, there was certainly no allegation that these Defendants have any continued involvement in that litigation outside of the Affidavits which were previously submitted and stricken by the Alabama Court of Civil Appeals.   Thus, there is no possible method for the Plaintiffs to establish open-ended continuity as it applies to these Defendants.   Because the Plaintiffs cannot establish continuity with respect to these Defendants, judgment is required as a matter of law.

### 6.   Proximate cause.

Included in the elements of a §1962(c) RICO claim is the element of proximate cause.   "[I]n order to establish proximate causation in a civil RICO action predicated on fraud, the purported victim must make the same showing of

24

reasonable reliance that is required for establishing injury from common law

fraud." <u>Allocco v. City of Coral Gables</u>, 221 F.Supp.2d 1317, 1363-64 (S.D. Fla.

2002) (*citing* <u>Banco Latino Int'l v. Gomez Lopez</u>, 95 F.Supp.2d 1327, 1334 (S.D.

Fla. 2000) (stating that, in a civil RICO case, plaintiff alleging fraud as predicate

act must show he relied to his detriment on misrepresentations made in furtherance

of scheming) (Aff'd, 88 F.App'x 380 (11th Cir. 2003)).

    As shown above, the Plaintiffs have failed to demonstrate any reliance on

the allegedly fraudulent statements made in the Affidavits in question.    Further,

the Affidavits were stricken by the Court, completely undermining any allegation

of proximate cause.    As the Plaintiffs cannot establish the proximate cause

element of a RICO claim, Plaintiffs' claims, as against these Defendants, must be

dismissed.

### C.    Civil RICO §1962(d) Conspiracy.

    For the reasons stated above, the Plaintiffs cannot establish a §1962(c)

violation.    The only other allegation against these Defendants comes under

§1962(d) which makes it illegal for anyone to conspire to violate the substantive

provisions of RICO, including §1962(c).    <u>Hope for Families & Cmty. Serv., Inc.</u>

<u>v. Warren</u>, 712 F.Supp.2d 1079, 1134 (M.D. Ala. 2010) (*citing* <u>American Dental</u>

<u>Assoc. v. Cigna Corp.</u>, 605 F.3d 1283, 1293 (11th Cir. 2010).    However, "any

claim under § 1962(d) based on conspiracy to violate other subsections of § 1962

necessarily must fail if the substantive claims are themselves deficient." Hope for Families, supra, at 1134 (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1191 (3rd Cir. 1993) and Jackson v. Bellsouth Telecomm, 372 F.3d 1250, 1269 (11th Cir. 2004) (for the proposition that when a complaint fails to state a substantive RICO claim the conspiracy allegation in essence alleges that the Defendants conspired to commit conduct which itself does not constitute a RICO violation)). Because the Plaintiffs cannot establish a §1962(c) violation, they cannot establish a §1962(d) violation. As such, claims under RICO §1962(d) must be dismissed as a matter of law as against these Defendants.

### D.    Abuse of Process.

The Plaintiffs' next claim as plead against these Defendants is a claim for abuse of process. First and foremost, the undersigned can locate no authority suggesting that a mere witness can be held liable for the tort of abuse of process. However, even if that were the case, the Crew Law Defendants are nonetheless entitled to a judgment as a matter of law on the abuse of process claim.

The Plaintiffs' claim fails for two independent reasons. First, there is no "process" as recognized by Alabama law. Further, there is no process which has been abused. The Plaintiffs must plead and prove both the existence of a process and the abuse of that process in order to recover on an abuse of process claim. Under Alabama law "[l]egal process has been defined in *Black's Law Dictionary*

26

(6th Ed. 1990) as 'a summons, writ, warrant, mandate or other process issuing from a *court*.'" <u>Haynes v. Coleman</u>, 30 So.3d 420 (Ala.Civ.App. 2009) (*citing* <u>Preskitt v. Lyons</u>, 865 So.2d 424, 430 (Ala. 2003) (emphasis in original)).   These Defendants have been accused only of supplying Affidavits used in connection with a Mandamus Petition.   The submission of an Affidavit is not "process" as defined by Alabama law.   It is neither a summons, writ, warrant, mandate, or other process issuing from the court.   Thus, the Plaintiff has failed to state a claim for abuse of process as against these Defendants.

Moreover, in order to sustain an abuse of process claim, the Plaintiffs must demonstrate that the alleged actions of the Defendants "culminate[d] in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect . . .." <u>Dempsey v. Denman</u>, 442 So.2d 63, 65 (Ala. 1983).   Here, the Plaintiffs have not pointed to any perversion of any process which resulted from the supplying of Affidavits by these Defendants.   To the contrary, the Affidavits were stricken and not even relied upon by the Alabama Court of Civil Appeals.   The Affidavits were intended simply to support one party's position on a Mandamus Petition in the underlying domestic litigation. Obtaining an appellate ruling by use of witness testimony can hardly be considered a perversion of a process which was not intended under the law.

27

As the Plaintiffs have plead neither a process nor an abuse of that process, the Plaintiffs' claims fail as a matter law and these Defendants are entitled to a judgment in their favor.

### E.    Civil Conspiracy.

Alabama does not permit recovery on a "stand alone" conspiracy claim. Because none of the other causes of action stated have any merit, the conspiracy claim must also fail.   Stated differently, if these Defendants are correct that the remaining claims must be dismissed, the conspiracy claim must also be dismissed.

"Where civil liability for a conspiracy is sought to be enforced, the conspiracy itself furnishes no cause of action. The gist of the action is not the conspiracy alleged but the wrong committed." McLemore v. Ford Motor Company, 628 So.2d 548, 550 (Ala. 1993). In McLemore, the Alabama Supreme Court held that where the trial court had properly entered summary judgment on the plaintiff's fraud claim, she could not maintain her claim for civil conspiracy to defraud. Id. at 550-51; *see also* Allied Supply Co. v. Brown, 585 So.2d 33, 36 (Ala. 1991) (summary judgment on conspiracy claim proper where underlying causes of action of fraud, breach of fiduciary duty, and misappropriation of trade secrets were not viable).

The Alabama Supreme Court made this proposition very clear in the case of Triple J. Cattle, Inc. v. Chambers, 621 So.2d 1221 (Ala. 1993).   Triple J. Cattle

28

involved allegations of promissory fraud against one defendant and claims of

conspiracy to commit fraud against all defendants arising out of the plaintiff's

purchase of a stockyard and associated real estate.    The Court agreed that there

was insufficient evidence of intent to deceive and thus upheld summary judgment

with respect to promissory fraud against one of the defendants. The Court then

turned to the claim of conspiracy.    In affirming summary judgment on the

conspiracy claim, the Alabama Supreme Court stated as follows:

> A civil conspiracy action focuses not on the conspiracy
> alleged, but on the wrong committed by virtue of the
> alleged conspiracy.   Sadie v. Martin, 468 So.2d 162, 165
> (Ala. 1985).   Conspiracy itself furnishes no civil cause
> of action.   Allied Supply Co. v. Brown, 585 So.2d 33, 36
> (Ala. 1991).   Therefore, a conspiracy claim must fail if
> the underlying act itself would not support an action. Id.

Triple J. Cattle, Inc. v. Chambers, 621 So.2d 1221, 1225 (Ala. 1993); see also

Tillman v. R.J. Reynolds Tobacco Co., 871 So.2d 28 at 34 (Ala. 2003) (holding

that "there may exist a potential claim for conspiracy only to the extent that there

exist (or pre-exist) independent claims against the [defendants]").   Thus, because

the Plaintiffs' other claims are without merit, the civil conspiracy claim must be

dismissed as well.

### F.    Fraud.

The Plaintiffs' fraud claims fail under the Federal Court pleadings standards

as required by Rule 9 of the Federal Rules of Civil Procedure.    Put simply, the

Plaintiffs have failed to plead fraud with specificity as required by those pleadings standards.   The Plaintiffs do not make any contention related to reliance, nor do the Plaintiffs claim to have been damaged as a result of the fraudulent statements. To the contrary, they cannot make such claims, as the Affidavits providing the sole basis for the claims against these Defendants were stricken by the Alabama Court of Civil Appeals and relied upon by no one.

Regardless, Alabama does not recognize third-party fraud.   Thus, even if the Plaintiffs have attempted to plead their claims with specificity, the court would nonetheless be required to dismiss the fraud claims.

The Plaintiffs cannot succeed on the fraud claim because these Defendants are not alleged to have made any fraudulent statements to the Plaintiffs.   Instead, the fraudulent statements were allegedly made to the Alabama Court of Civil Appeals.   The Court ultimately struck the Affidavits.   As such, neither the Court of Civil Appeals nor the Plaintiffs relied on those statements.

Under Alabama law, a stranger to the alleged communication generally has no cause of action for misrepresentation.   Thomas v. Halstead, 605 So.2d 1181 (Ala.1992).   Because the statements were directed to the Court of Civil Appeals and not to the Plaintiffs, the Plaintiffs have no standing to legally assert a fraud claim against the Crew Law Defendants.

Moreover, even should the Plaintiffs be able to demonstrate any such standing, they nonetheless cannot demonstrate any reliance on whatever alleged misrepresentations may have been made by these Defendants in the underlying litigation.   In order to state a claim for fraud upon which relief may be granted against the Crew Law Defendants, however, the Plaintiffs must themselves have reasonably relied on the allegedly false statements.   *See* Delta Health Group, Inc. v. Stafford, 887 So.2d 887 (Ala. 2004) (holding that reliance remains a necessary element of a valid fraud claim in every circumstance including situations where the alleged misrepresentation is made to a third party).   As the Plaintiffs allege no such reliance in the present case, this presents yet another reason why their fraud claim must fail at this time.

"The only possible fraud action is an action based on an alleged fraud directed against [the plaintiff].   Consequently, the alleged misrepresentations must have been made to and relied upon by [the plaintiff]."   Gillion v. Alabama Forestry Assoc., 597 So.2d 1315 (Ala. 1992) (citing North Carolina Mutual Life Ins. Co. v. Holley, 533 So.2d 497 (Ala. 1987).

This issue was perhaps best explained in the case of Ames v. Pardue, 389 So.2d 927 (Ala. 1980).   In that case, which also involved the sale of real estate, Plaintiff Pardue was the owner of real estate foreclosed upon by the Defendant Central Bank.   During the course of the foreclosure proceedings, Central Bank

misrepresented to co-defendant Ames the amount of the outstanding mortgage on the property.   As a result of that misrepresentation, Ames made a lower bid than he would have made had the Bank properly represented the amount of the outstanding mortgage balance.   In that case, the Alabama Supreme Court overturned a judgment which had been entered in favor of the plaintiff.   In so doing, the court held that "it is fundamental that the representee who relied on the defendant's misstatement and the plaintiff who was injured must be one and the same.   The representee must have relied on and been deceived and damaged by the statement.   Id. at 931.   The Alabama Supreme Court reversed the judgment in favor of the plaintiff and remanded the case to the Circuit Court with instructions that the foreclosure sale was final and valid, because the plaintiff could not make out a claim for fraud against the bank, never having heard and thus never having relied upon the alleged fraudulent misstatements.

The same outcome has been required by the Alabama Supreme Court in other cases as well.   For instance, in the case of Huff v. United Insurance Company of America, 674 So.2d 21 (Ala. 1995), the Alabama Supreme Court affirmed summary judgment entered in a fraud case against an insurance company accused of misrepresenting certain terms of a life insurance policy.   In that case, the misrepresentations were made to the plaintiff's husband, but not directly to the plaintiff, who was the beneficiary of the life insurance policy.   In upholding

32

summary judgment, the Alabama Supreme Court pointed out that "fraud claims asserted here are based only upon an alleged fraud directed toward Mrs. Huff. Consequently, an alleged misrepresentation must have been made to, and relied upon by, Mrs. Huff, or else facts must have been concealed from her that [the defendants] had a duty to disclose.    Id. at 23 (citations omitted).    The court went on to point out that because there were no misrepresentations made directly to Mrs. Huff, Mrs. Huff could not bring a claim for fraud.

The Alabama Supreme Court reached the same conclusion in the case of Henson v. Celtic Life Insurance Company, 621 So.2d 1268 (Ala. 1993).    In that case, the court pointed out that where the defendant insurance agent intends and expects the individual to whom the statements were made to pass on those statements, then the individual ultimately receiving the statements is entitled to "rely on any statements ultimately directed to her . . .."    Id. at 1272.    In the present case before this Court, the Plaintiffs make no claim that they relied upon the alleged fraudulent statements.    Thus, they have no standing to bring a claim.

Each of the above-referenced cases demonstrate that a plaintiff cannot bring a claim for fraud if that plaintiff was not the intended recipient of and ultimately relied upon the allegedly fraudulent statements.    The rationale behind such a rule is simple.    Reliance has always been an element of a claim of fraud or fraudulent suppression.    A plaintiff cannot claim to have relied upon a statement that was

directed not to the plaintiff but instead to the court, especially in this case where the statement was stricken and not even relied upon by the court.

Because the Plaintiffs allege only that the Crew Law Defendants submitted fraudulent Affidavits to the Alabama Court of Civil Appeals, they cannot establish reliance upon those statements and thus have no standing to bring a claim for fraud.   This is particularly true where, as here, the Alabama Court of Civil Appeals did not even rely upon the Affidavits in question.    Thus, the fraud claim is due to be dismissed on its face.

## III.   <u>Non-Waiver of Defenses</u>.

By filing this Motion, the Defendants do not waive, and expressly reserve all waivable defenses, including defenses based upon jurisdiction, service, and all defenses under Rules 8 and 9 of the Federal Rules of Civil Procedure, which will be pled in the Defendants' initial responsive pleading should this Motion to Dismiss be denied.

## <u>CONCLUSION</u>

For the reasons presented above, as against these Defendants, all of the Plaintiffs' claims fail as a matter of law and must be dismissed.    These Defendants are accused of nothing more than providing Affidavit testimony in connection with a Petition for Writ of Mandamus in the underlying domestic relations litigation – Affidavits which were ultimately struck by the Court and thus

not relied upon.    An allegation suggesting that the information provided in those

Affidavits (though no relied upon by the court or any party) was false is

insufficient to state a claim.    The Plaintiffs have not established that the

Defendants are state actors for purposes of 42 U.S.C. §1983; the Plaintiffs have not

substantiated any of the elements necessary for a RICO or RICO conspiracy claim;

the Plaintiffs cannot establish the elements of abuse of process or fraud.    Further,

the Plaintiffs claims must be dismissed under the <u>Twombly</u> and <u>Iqbal</u> standards, as

being shotgun pleadings, and on the basis of the litigation privilege.

WHEREFORE, for the reasons presented above, Defendants Wendy Crew,

Christina Vineyard, Crew Gentle Law, P.C. and Crew Law Group hereby move

this Court for a full and final Order dismissing all claims as plead against them,

with prejudice.

Respectfully submitted,

**s/Joseph E. Stott**
**JOSEPH E. STOTT - STO041**
**(ASB-4163-T71J)**
Attorney for Defendants Wendy Crew,
Christina Vineyard, Crew Gentle Law, P.C.
and Crew Law Group

**OF COUNSEL:**

**Stott & Harrington, P.C.**
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
(205) 573-0500
(205) 637-5131 Fax#
joe@stottharrington.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **D. DEATON; T. PEAKE; J.K.D.;** | ) | |
| **L.W.D.; R.E.D., G.M.W.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:   2:23-cv-00713-RDP** |
| | ) | |
| **PATRICIA STEPHENS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on August 15, 2023 served a copy of the foregoing on the following attorneys of record via CM/ECF and/or by placing a copy of same in the U.S. Mail:

***Attorney for Plaintiffs***
Scott Tindle, Esq.
Tindle Firm
1502 Crestview Drive
Mobile, Alabama 36693
scott@tindlefirm.com

***Additional Counsel for Wendy Crew;***
***Christina Vineyard; Crew Gentle Law***
***PC & Crew Law Group***
Barry A. Ragsdale, Esq.
Robert Vance, III, Esq.
Dominick Feld Hyde, P.C.
1130 22nd Street South, Suite 4000
Birmingham, Alabama 35205
bragsdale@dfhlaw.com
rvance@dfhlaw.com

***Attorneys for Caroline Taylor &***
***Caroline O. Taylor, P.C.***
John G. Dana, Esq.
Gordon, Dana & Gilmore, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209
jdana@gattorney.com

Carl Williams, Esq.
Hall Booth Smith PC
2001 Park Place, Suite 870
Birmingham, Alabama 35203-2708
cwilliams@hallboothsmith.com

***Attorney for Kim Davidson; Kim***
***Davidson Law Office, LLC***
Scott Gilliland, Esq.
Law Office of Scott Gilliland

37

***Attorney for Patricia Stephens; Agnes
Chappell; Alisha Ruffin May;
Madison Brantley***
Cameron Elkins, Esq.
Office of the Attorney General
P.O. Box 300152
Montgomery, Alabama 36130-0152
cameron.elkins@alabamaag.gov

***Attorneys for Jessica Kirk Drennan;
Amanda Duncan & Kirk Drennan,
P.C.;
Bay Area Christian Counseling***
Robert P. MacKenzie, III, Esq.
Averie L. Armstead, Esq.
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
bmackenzie@starneslaw.com
aarmstead@starneslaw.com

***Additional Attorneys for Jessica Kirk
Drennan; Amanda Duncan & Kirk
Drennan, P.C.***
David McAlister, Esq.
Melisa C. Zwilling, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216
dmcalister@carrallison.com
mzwilling@carrallison.com

***Attorneys for Clotele Brantley; The
Hardy Law Firm LLC***
Dagney Johnson, Esq.
Dagney Johnson Law Group
2120 1st Avenue North
Birmingham, Alabama 35203-4202
dagney@dagneylaw.com

400 Vestavia Parkway, Suite 100
Vestavia, Alabama 35216-3750
scott@scottgilliland.net

***Attorney for Heather Fann***
Bruce Rogers, Esq.
Betsy Nicholson Terenzi, Esq.
Bainbridge Mims Rogers & Smith LLP
The Luckie Building
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
brogers@bainbridgemims.com
bterenzi@bainbridgemims.com

***Attorney for Wallace, Jordan, Ratliff
& Brandt, L.L.C.; Jay Clark; Gary
Lee; Thomas McKnight, Jr.***
Jennifer D, Segers, Esq.
Huie Fernambucq & Stewart, P.C.
Pump House Plaza
3291 Highway 280, Ste. 200
Birmingham, Alabama 35243
jsegers@huielaw.com

Clark Hammond, Esq.
Wallace, Jordan, Ratliff & Brandt,
LLC
Synovus Center
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
chammond@wallacejordan.com

***Attorney for Southern Maryland
Dredging, Inc.; Renee Wilson;
Compton Wilson;
Ericka Goldman***
Douglas J. Centeno, Esq.
Benton, Centeno & Mooris LLP

***Attorneys for Judith Crittenden;***
***Laura Montgomery Lee; Paige***
***Yarbrough; Deborah Gregory;***
***Crittenden Partners, P.C.***
Stacy Moon, Esq.
Jeremy Richter, Esq.
Gordon & Rees
420 North 20th Street, Suite 2200
Birmingham, Alabama 35203
smoon@grsm.com
jrichter@grsm.com

***Attorneys for CPE Clinic, LLC;***
***Michael Labellarte***
Carter H. Dukes, Esq.
Christian C. Feldman, Esq.
Scott Dukes & Geisler PC
211 22nd Street North
Birmingham, Alabama 35203-3707
cdukes@scottdukeslaw.com
cfeldman@scottdukeslaw.com

***Attorney for Everett Wess; The Wess***
***Law Firm, P.C.***
Robert L. Beeman, II, Esq.
Beeman Law Firm
P.O. Box 253
Helena, Alabama 35080-0253
rlbsportsmgnt12@gmail.com

***Attorney for Dale Maynard***
W.M. Bains Fleming, III, Esq.
Norman, Wood, Kendrick & Turner
Ridge Park Place – Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
bfleming@nwkt.com

The Historic Gilbreath Building
2019 Third Avenue North
Birmingham, Alabama 35203
dcenteno@bcattys.com

***Attorneys for Deegan Malone***
Thomas J. Spina, Esq.
Fawal & Spina
1330 21st Way S, Suite 200
Birmingham, Alabama 35205-3912
tommy@tommyspina.com

E. Bryan Paul, Esq.
P. Anthony Irwin, III, Esq.
Clark May Price Lawley Duncan &
Paul, LLC
P.O. Box 43408
Birmingham, Alabama 35243-0408
bpaul@clarkmayprice.com
airwin@clarkmayprice.com

***Attorney for Marcus Jones***
Stanley A. Cash, Esq.
Elizabeth J. Flachsbart, Esq.
Balch & Bingham
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
scash@balch.com
eflachsbart@balch.com

***Attorneys for Alan Blotcky***
P. Thomas Dazzio, Jr., Esq.
Jess S. Boone, Esq.
Ethan Wright, Esq.
Friedman Dazzio & Zulanas, PC
3800 Corporate Woods Drive
Birmingham, Alabama 35242
tdazzio@friedman-lawyers.com
jboone@friedman-lawyers.com

***Attorney for David Kellner; and***
***Solace Family Counseling, LLC***
Robert V. Wood, Jr., Esq.
Wilmer & Lee, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama 35801
bwood@wilmerlee.com

***Attorney for Terri Miller***
Robert M. Ronnlund, Esq.
Hall Booth Smith, P.C.
2001 Park Place North, Suite 870
Birmingham, Alabama 35203
rronnlund@hallboothsmith.com

***Robert Eric Mashburn (Pro Se)***
Via Electronic Mail

***Carolyn Wyatt (Pro Se)***
***Gary Wyatt (Pro Se)***
Via Electronic Mail

ewright@friedman-lawyers.com

***Attorney for Hope for Healing, LLC***
H. Thomas Wells, Jr., Esq.
Maynard Nexsen PC
1901 6th Avenue North, Suite 1700
Birmingham, Alabama 35203
twells@maynardnexsen.com

***Andrea Weiss***

***Connie Coker***

***Craig Langrall***

***St. Anne's School of Annapolis,***
***Incorporated***

***Alan D. Blotcky Ph.D., LLC***


**s/Joseph E. Stott**
**OF COUNSEL**