IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. DEATON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | Civil Action No.: |
| vs. ) | 2:23-cv-00713-RDP |
| ) | |
| PATRICIA STEPHENS, et al. ) | OPPOSED |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION FOR SANCTIONS

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, counsel for Defendants Crittenden Partners, P.C., Laura Montgomery Lee, Paige Yarbrough, and Deborah Gregory (collectively "Crittenden-Related Defendants") move this Honorable Court to enter sanctions against Plaintiffs' Counsel for making false allegations and raising frivolous causes of action intended only to harass and embarrass these Defendants and to needlessly increase the cost of litigation without having performed the requisite inquiry into the truthfulness or tenability of his contentions.

The Crittenden-Related Defendants have complied with the requirements of Rule 11(c)(2) and with the consent of Plaintiffs' Counsel.

**I.    FACTUAL BASES FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL**

    **A.    Defendant Laura Montgomery Lee Moves the Court to Enter Sanctions against Plaintiffs' Counsel for Making False Allegations Regarding Her Relationship with Mr. Gary Lee.**

In Paragraphs 80, 83, 84, 88, 91, and 92 of the Complaint, Plaintiffs falsely allege that Defendants Gary Lee and Laura Montgomery Lee participated in an extramarital affair while she represented him in his divorce. (Doc. 1 at p. 31-33). If Counsel for Plaintiffs had conducted any

1

inquiry, much less a reasonable one, into these allegations before filing the Complaint, he would have learned that there is no truth to those allegations. Plaintiffs' Counsel has been confronted with the truth on numerous occasions, but he continues to refuse to withdraw the false allegations against Mr. Lee and Mrs. Montgomery Lee.

On June 9, 2023, Mr. Lee provided Plaintiffs' Counsel with documentation that the romantic relationship between the Lees did not begin until after Mr. Lee's divorce. (*See* Doc. 108 at p. 4). When Mr. Lee later filed his Motion for Sanctions, he included a sworn statement that he "did not have an affair or any sort of romantic or physical relationship of any kind with Laura [Montgomery Lee] at any point during my marriage to my former spouse." (Doc. 107-1 at p. 2).[1] Plaintiffs' Counsel still refused to withdraw the allegations. (Doc. 108 at p. 4-5).

On July 7, 2023, the undersigned counsel for Mrs. Montgomery Lee sent Plaintiffs' Counsel a Rule 11 letter demanding that Plaintiffs strike Paragraphs 80, 83, 84, 88, 91, and 92 of the Complaint because they are blatantly false, which Plaintiffs' Counsel would have known if he would have conducted a reasonable inquiry, as required by Rule 11. (Ex. A, Rule 11 Letter to Scott Tindle dated July 7). In the same letter, Defense Counsel requested that Plaintiffs withdraw their claims against Mrs. Montgomery Lee for Deprivation of Rights under Color of Law (Count I) and Legal Malpractice (Count XXIX) because, as a matter of law, Plaintiffs cannot prevail on those claims, and Plaintiffs' Counsel knew or should have known that before filing. (*Id.*). On the same day that he received the Rule 11 letter, Plaintiffs' Counsel responded, stating that he and his clients "maintain the veracity of the allegations in the complaint" and refused to amend the complaint. (Ex. B, Email from Scott Tindle).

---

[1] Defendant Gary Lee also refuted these false allegations in his Motion to Strike. (Doc. 52).

    **B.    Defendant Deborah A. Gregory Moves the Court to Enter Sanctions against Plaintiffs' Counsel for Alleging without Having Conducted a Reasonable Inquiry that Gregory "Absconded" with a Minor Child, and for Refusing to Withdraw the False Allegations and Frivolous Causes of Action.**

In Paragraphs 265 and 266 of the Complaint, Plaintiffs falsely allege that Gregory "absconded" with the minor child of Ms. T. Peake and Mr. S. Wyatt. (Doc. 1 at p. 62). Plaintiffs further allege Gregory refused to comply with a subpoena. (*Id.*). Counsel for Plaintiffs did not and cannot have made a reasonable inquiry into these allegations, or he would have discovered they are false and are intended only to harass and embarrass Gregory.

Specifically, the Plaintiffs have alleged:

> **S.    Attorney Gregory Absconds with G.M.W.**
>
> 265.  On June 21, 2020, at approximately 6:30 PM, Attorney Gregory absconded with G.M.W., taking him into her care, unsupervised.
>
> 266.  Attorney Gregory drove and spoke to G.M.W. alone in her car and then refused to comply with any subpoenas for babysitting records while receiving top cover from Judge Chappell.

(*Id.*). By conducting a reasonable inquiry, Plaintiffs' Counsel would have known that on June 21, 2020, Gregory picked up the child G.M.W. from their father, Mr. S. Wyatt, with his consent. (Ex. C, D. Gregory Affidavit). Due to a protection-from-abuse order, Wyatt could not take the child to the drop-off with the child's mother, Ms. T. Peake, and needed someone else to deliver the child. (*Id.*). Gregory delivered G.M.W. into the physical care and custody of Ms. T. Peake. (*Id.*). Furthermore, Plaintiffs' counsel would have known by conducting a reasonable inquiry that Gregory has not been served with a subpoena for babysitting records and therefore, cannot have refused to comply with such a subpoena. (*Id.*).

On July 7, 2023, the undersigned counsel for Gregory sent Plaintiffs' Counsel a Rule 11 letter demanding that Plaintiffs strike Paragraphs 265 and 266 of the Complaint because they are blatantly false, which Counsel would have known if he would have conducted a reasonable inquiry, as required by Rule 11. (Ex. D, Rule 11 Letter to Scott Tindle dated July 7). In that letter, Defense Counsel informed Plaintiffs' Counsel that G.M.W. was in Gregory's presence with the knowledge and consent of the child's father, Mr. S. Wyatt:

> Paragraphs 265 and 266 of the Complaint alleges that Ms. Gregory "absconded" with one of the children and refused to comply with a subpoena. As you know, or should know from your clients, on June 21, 2020, a Protection from Abuse order was in place, preventing Ms. Gregory's client, Spencer Wyatt, from coming within a specific distance of Ms. Peake. On June 21, 2020,
>
> Ms. Peake advised that she had arranged for a third party to meet Mr. Wyatt to the pre-arranged location for the exchange of custody. At the last minute, Ms. Peake advised she, not a third party, would be at the exchange. Rather than risk a violation of the PFA, Ms. Gregory, with consent and knowledge of Mr. Wyatt, participated in the custody exchange. Moreover, Ms. Gregory did not babysit the child at any time. As such, the allegations of paragraph 265 and 266 should be stricken from the complaint immediately.

(*Id.*). Within the same letter, Defense Counsel requested that Plaintiffs withdraw their claims against Gregory for Deprivation of Rights under Color of Law (Count I), False Imprisonment (Count X), and Legal Malpractice (Count XXIX) because, as a matter of law, Plaintiffs cannot prevail on those claims as to Gregory, and Plaintiffs' Counsel knew or should have known that before filing. (*Id.*). On the same day that he received the Rule 11 letter, Plaintiffs' Counsel responded, stating that he and his clients "maintain the veracity of the allegations in the complaint" and refused to amend the complaint. (Ex. B).

  **C.**  **Defendant Paige Yarbrough Moves the Court to Enter Sanctions against the Plaintiffs and Their Counsel for Alleging without Having Conducted a Reasonable Inquiry that She Absconded with a Minor Child, and for Refusing to Withdraw the False Allegations and Frivolous Causes of Action.**

In their Complaint, Plaintiffs made nine frivolous claims against Yarbrough, none of which are supported by law or fact. (Doc. 1). The only reason for including Yarbrough as a defendant is

4

to harass and embarrass her. On July 7, 2023, the undersigned counsel for Yarbrough sent Plaintiffs' Counsel a Rule 11 letter requesting that the Plaintiffs withdraw their claims against Yarbrough for Deprivation of Rights under Color of Law (Count I) and Legal Malpractice (Count XXIX) because, as a matter of law, the Plaintiffs cannot prevail on those claims as to Yarbrough, and Plaintiffs' Counsel knew or should have known that prior to filing. (Ex. E, Rule 11 Letter to Scott Tindle dated July 7). On the same day that he received the Rule 11 letter, Plaintiffs' Counsel responded, stating that he and his clients "maintain the veracity of the allegations in the complaint" and refused to amend the complaint. (Ex. B).

## II.  SANCTIONS ARE DUE TO BE ASSESSED AGAINST PLAINTIFFS' COUNSEL

This Court should assess sanctions against Plaintiffs' Counsel because he has pled false allegations knowing they were false (or should have known), relied on legal theories that have no chance of success, and used his filings to harass and embarrass the Crittenden-Related Defendants.[2] "Rule 11 sanctions are warranted when a party files a pleading or motion that '(1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose.'" *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941-42 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021)).

### A.  Plaintiffs' Counsel Should Have Sanctions Entered Against Him for His Failure to Conduct the Requisite Pre-filing Inquiry into Allegations against the Crittenden-Related Defendants.

Rule 11(b) of the Federal Rules of Civil Procedure provides that when a lawyer presents a pleading to the court, they are certifying that to the best of their "knowledge, information, and

---

[2] The fact that not all of the Crittenden-Related Defendants have sought dismissal or sanctions pursuant to rule 11 of the Federal Rules of Civil Procedure is not, and should not be taken as, an indication that any of the allegations or claims not addressed in this Motion are valid. Instead, the Crittenden-Related Defendants have limited their request for dismissal and for sanctions to the most egregious portions of the Complaint.

belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ….

Fed. R. Civ. P. 11(b).

In the present case, Plaintiffs have violated each of these three subsections of Rule 11(b). None of the claims brought against the Crittenden-Related Defendants are viable, and as such, they were filed to "needlessly increase the cost of litigation." *Id*. Specifically, the false claims that Montgomery Lee participated in an extramarital affair and that Gregory "absconded" with a child are intended only to harass them. Further, all of the claims raised against the Crittenden-Related Defendants are frivolous within the meaning of Rule 11(b)(2) because there is no existing law that warrants the causes of action having been brought. Additionally, the factual contentions Plaintiffs have made in Paragraphs 80, 83, 84, 88, 91, 92, 265, and 266 of the Complaint have no evidentiary support, which counsel for the Plaintiffs is well aware of. (Doc. 1 at p. 31-33, 62). Fed. R. Civ. P. 11(b)(3).

Rule 11(b) stresses the need for a lawyer to conduct some pre-filing inquiry and imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing,' and 'the applicable standard is one of reasonableness under the circumstances.'" *Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992); *Trump v. Clinton*, No. 22-14102-CV, 2022 WL 16848187, at *3 (S.D. Fla. Nov. 10, 2022) (quoting *Walther v. McIntosh*, 572 F. App'x 881,

6

883 (11th Cir. 2014) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 551 (1991)).

In considering whether to assess sanctions under Rule 11, the court is to apply "an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." *Atlanta Channel, Inc. v. Solomon*, No. CV 15-1823 (RC), 2020 WL 1508587, at *10 (D.D.C. Mar. 30, 2020) (quoting *Bus. Guides, Inc*., 498 U.S. at 554. A lawyer is subject to sanctions if he files a complaint that contains "allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove…" *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 483-84 (4th Cir. 2009) (emphasis in original) (quoting *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990)). The lawyer's pre-filing factual investigation is not reasonable if it does not uncover information to support the allegations contained in the complaint. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).

Had Plaintiffs' Counsel conducted the requisite pre-filing inquiry, he would have found no evidentiary basis to support the allegations against Mrs. Montgomery Lee of an extramarital affair. (*See* Ex. A; Doc. 1 at p. 31-33; Doc. 52; Doc 107-1; Doc 108). In fact when confronted with sworn statements and documentary evidence that refuted the existence of any such affair, Plaintiffs' Counsel refused to withdraw his false allegations. (Ex. B). Similarly, had Plaintiffs' Counsel conducted a reasonable pre-filing as it pertains to Ms. Gregory, he would have found no evidentiary basis to support the allegation that she absconded with the minor child of Ms. T. Peake and Mr. S. Wyatt. (*See* Ex. C; Doc. 1 at p. 62). As such, the Court should assess sanctions against Plaintiffs' Counsel for his failure to conduct the requisite pre-filing inquiry into the facts he alleged on behalf of Plaintiffs.

**B.     Plaintiffs' Counsel Should Have Sanctions Entered Against Him for His Failure to Conduct the Requisite Pre-filing Inquiry into the Law as It Pertains to the Claims Made against the Crittenden-Related Defendants.**

A lawyer's duty conduct pre-filing inquiry applies both to the law and the facts. The certification requirement of Rule 11(b) "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *See Mike Ousley Prods., Inc.*, 952 F.2d at 383. In addition failing to conduct a reasonable inquiry into the facts allegations, Plaintiffs' Counsel failed to conduct the requisite prefiling inquiry as to the law as evidenced by Plaintiffs' allegations of causes of action against the Crittenden-Related Defendants that are designed only to harass and drive up litigation costs, in contravention of Rule 11(b)(1). For example, as addressed in each of the Rule 11 letters to Plaintiffs' Counsel, Plaintiffs' claim for Deprivation of Rights under Color of Law is not viable as to the Crittenden-Related Defendants because they are not state actors. (Ex. A, D, E).

Similarly, Plaintiffs claim of legal malpractice cannot survive because (among other reasons), the statute of limitations has long since expired for this claim. (*Id.*). If Plaintiffs' Counsel had conducted a reasonable inquiry into the law, as required, he would have discovered that these claim cannot survive under the law. Regardless, even when confronted with the defects in these claims by Defendants' Rule 11 letters, Plaintiffs' Counsel refused to withdraw the defective claims. (Ex. B). As such, the Court should assess sanctions against Plaintiffs' Counsel for his failure to conduct the requisite pre-filing inquiry into the law as it pertains to the claims and causes of action he has alleged against the Crittenden-Related Defendants.

**C.     Plaintiffs' Counsel Should Have Sanctions Entered Against Him for Failing to Comply with His Continuing Duty to Bring Meritorious Claims.**

In addition to Plaintiffs' Counsel's pre-filing inquiry obligation, he has an ongoing obligation to ensure that allegations and positions contained in pleadings are supported.  That

obligation has a corollary, requiring Plaintiffs' Counsel to withdraw from "positions contained in those pleadings and motions after learning that they cease to have any merit." *Turner v. SunGard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996). A lawyer who insists upon a position "after it is no longer tenable" is subject to sanctions under Rule 11. *Id*. Moreover, sanctions are warranted when a lawyer exhibits "a deliberate indifference to obvious facts." *Gulisano*, 34 F.4th at 942 (quoting *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)). A district court should sanction a lawyer who continues to advocate for facts or legal theories "after it should have been clear those contentions were no longer tenable." *Id*. at 943 (quoting *Turner*, 91 F.3d at 1422).

As has been outlined above, Plaintiffs' Counsel has refused to set aside factual and legal contentions long after they have been debunked and shown to be untenable. (*See* Ex. A, B, D, E; Doc. 1; Doc. 52; Doc 107-1; Doc 108). For these reasons, he is due to have sanctions entered against him by this Court. *See Gulisano*, 34 F.4th at 942; *Turner*, 91 F.3d at 1422.

> **D.     Plaintiffs' Counsel Should Have Sanctions Entered Against Him for Failing to Comply with the Local Rules of the Northern District of Alabama and with the Alabama Rules of Professional Conduct.**

As a lawyer who is barred and conducting litigation in the Northern District of Alabama, Plaintiffs' Counsel is subject to its Local Rules, of which he is in violation and subject to sanctions. Rule 82.1(f) of the Local Rules of the Northern District of Alabama provides that each attorney admitted to this Court shall be governed by "the Alabama Rules of Professional Conduct adopted by the Alabama Supreme Court; and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except Rule 3.8(f) thereof." A lawyer who violates these rules may be disciplined by, including other things, monetary sanctions. L.R. 82.1(f).

By adopting the Alabama Rules of Profession Conduct, Local Rule 82.1(f) subjects Plaintiffs' Counsel to a set of rules of which he is clearly in violation. Rule 3.1 of the Alabama

9

Rules of Professional Conduct provides that "a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the lawyer's client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another." The facts set forth above make it clear that Plaintiffs' Counsel has asserted numerous factual and legal positions that he knows to be false, and he has taken these actions to harass and maliciously injure the Crittenden-Related Defendants, in contravention of Alabama Rule of Professional Conduct 3.1. As such, Plaintiffs' Counsel should be subject to sanctions or other disciplinary measures in accordance with the Court's discretion, as provided for in Rule 82.1(f) of the Local Rules of the Northern District of Alabama.

Considering these things, counsel for Defendants Crittenden Partners, P.C., Laura Montgomery Lee, Paige Yarbrough, and Deborah Gregory move this Honorable Court to enter sanctions against Plaintiffs' Counsel, pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, for making false allegations and raising frivolous causes of action intended only to harass and embarrass the Crittenden-Related Defendants and to needlessly increase the cost of litigation without having performed the requisite inquiry into the truthfulness or tenability of his contentions.

Respectfully submitted this 24 th day of August, 2023.

/s/ *Stacy L. Moon*
Stacy L. Moon (asb-6468-i72s)
Jeremy W. Richter (asb-2572-h93f)
*Counsel for Defendants Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, and Crittenden Partners, P.C.*

**OF COUNSEL:**

**GORDON REES SCULLY MANSUKHANI, LLP**
420 20th Street North – Suite 2200

Birmingham, AL 35203
smoon@grsm.com
jrichter@grsm.com
Phone: (205) 980-8200
Fax: (205) 383-2816

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will automatically send notification of such filing to all counsel of record registered with the Court's Electronic Filing System, as noted below. Any unrepresented parties and/or counsel of record listed below that are not registered with the Court's Electronic Filing System have been served via first class mail, postage prepaid, or electronic mail as indicated below:

Scott Tindle
Counsel for Plaintiffs
scott@tindlefirm.com

Scott A. Gilliland
Counsel for Kim Davidson
scott@scottgilliland.net

Averie Louise Armstead
Counsel for Jessica Kirk Drennan, Amanda Duncamm and Kirk Drennan, P.C.
Aarmstead@starneslaw.com

Robert Preston MacKenzie, III
Counsel for Jessica Kirk Drennan, Amanda Duncamm and Kirk Drennan, P.C.
RPM@starneslaw.com

Barry Ragsdale
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
BRagsdale@dfhlaw.com

Robert Smith Vance, III
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
rvance@dfhlaw.com

Joseph E. Stott
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
joe@stottharrington.com

John G. Dana
Counsel for Caroline Taylor and Caroline O. Taylor PC
jdana@gattorney.com

Carl Christian Williams
Counsel for Caroline Taylor and Caroline O. Taylor PC
cwilliams@hallboothsmith.com

Dagney Johnson
Counsel for Clotele Brantley and The Hardy Law Firm
dagney@dagneylaw.com

Cameron Wayne Elkins
Counsel for Patricia Stephens, Alisha Ruffin May, and Madison Brantley
generalcivil@alabamaag.gov

Douglas J. Centeno
Counsel for Rene Wilson, Compton Wilson, Erika Goldman, and Southern Maryland Dredging Inc.
Dcenteno@bcattys.com

Christian Collier Feldman
Counsel for Michael Labellarte and CPE Clinic LLC
cfeldman@scottdukeslaw.com

11

Case 2:23-cv-00713-RDP   Document 182   Filed 08/24/23   Page 12 of 13

Carter Dukes
Counsel for Michael Labellarte and CPE Clinic LLC
cdukes@scottdukeslaw.com

Bruce F. Rogers
Counsel for Heather Fann
brogers@bainbridgemims.com

Elizabeth Nicholson Terenzi
Counsel for Heather Fann
bterenzi@bainbridggemims.com

Robert L. Beeman, II
Counsel for Everett Wess and The Wess Law Firm, P.C.
rlbsportsmgmt12@gmail.com

William Mellor Bains Fleming, III
Counsel for Dale Maynard
bfleming@nwkt.com

Jennifer Devereaux Segers
Counsel for Gary W. Lee
jsegers@huielaw.com

Amanda Duncan
201 Office Park Drive Ste 320
Mountain Brook, AL 35223

Craig Langrall
6115 Franklin Gibson Road
Tracy's Landing, MD 20779

Marcus Jones
300 Arrington Blvd N Ste 200
Birmingham, AL 35203

Gary Wyatt
1945 Indian Lake Drive
Birmingham, AL 35244

St. Anne's School of Annapolis Incorporated
3112 Arundel on the Bay Rd.
Annapolis, MD 21403

Terri Miller
102 Old Solomons Island Road
Suite 202
Annapolis MD, 21401

David Kellner
65 Old Solomons Island Road #104
Annapolis, MD 41401

Andrea Weiss
3122 Arundel on the Bay Road
Annapolis, MD 21403

Alan Blotcky
529 Beacon Pkwy W #107
Birmingham, AL 35209

Carolyn Wyatt
1945 Indian Lake Drive
Birmingham, AL 35244

Robert Eric Mashburn
2840 Ridgeway Drive
Birmingham, AL 35209

Deegan Malone
2721 Jenny Lane
Vestavia Hills, AL 35243

Hope for Healing LLC
2831 Forrest Drive, Suite F
Annapolis, MD 21401

Bay Area Christian Counseling
102 Old Solomons Island Road
Suite 202
Annapolis, MD 21401

Solace Family Counseling, LLC
65 Old Solomons Island Road #104
Annapolis, MD 21401

Connie Coker
3112 Arundel on the Bay Road
Annapolis, MD 21403

12

This 24 th day of August, 2023.

                                        */s/ Stacy L. Moon*
                                        COUNSEL