S<small>TACY</small> L. M<small>OON</small>

D<small>IRECT</small> D<small>IAL</small>: 205-761-3031
SMOON@GRSM.COM



A<small>TTORNEYS</small> A<small>T</small> L<small>AW</small>

UNITED STATES OF AMERICA

July 7, 2023

**V**IA **E**MAIL **O**NLY

Scott Tindle
scott@tindlefirm.com

  Re: D. Deaton, et al., v. Deborah Gregory, et al.
    2:23-cv-00713-RDP
    Demand for Strike and Dismissal on behalf of Deborah Gregory

Dear Scott:

 Pursuant to Rule 11 of the Federal Rules of Civil Procedure, on behalf of defendant Deborah Gregory, we ask that you withdraw specific portions of the complaint and dismiss certain claims made against Ms. Gregory. After inquiry reasonable under the circumstances, you knew, or should have known that specific allegations in the complaint were and are false and were presented to harass and embarrass Ms. Gregory, as well as needlessly increase the cost of litigation. Specific causes of action in which she is named have no basis in law and including them as to her violates Rule 11, as well. As discussed further below, please strike the specific paragraphs and dismiss the particular claims against Ms. Gregory on or before July 28, 2023.

 As you are no doubt aware, Rule 11(b) states:

 By presenting to the court a pleading … , an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: …it is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. 11(b)(1), (3).

 Paragraphs 265 and 266 of the Complaint alleges that Ms. Gregory "absconded" with one of the children and refused to comply with a subpoena. As you know, or should know from your clients, on June 21, 2020, a Protection from Abuse order was in place, preventing Ms. Gregory's client, Spencer Wyatt, from coming within a specific distance of Ms. Peake. On June 21, 2020,

July 7, 2023
Page 2

Ms. Peake advised that she had arranged for a third party to meet Mr. Wyatt to the pre-arranged location for the exchange of custody. At the last minute, Ms. Peake advised she, not a third party, would be at the exchange. Rather than risk a violation of the PFA, Ms. Gregory, with consent and knowledge of Mr. Wyatt, participated in the custody exchange. Moreover, Ms. Gregory did not babysit the child at any time. As such, the allegations of paragraph 265 and 266 should be stricken from the complaint immediately.

Further, as you are aware, the causes of action you make against Ms. Gregory are below.

| | |
|---|---|
| Count I | Deprivation of Rights Under Color of Law (42 U.S.C. § 1983, Title 18, U.S.C. Section 242) |
| Count II | Violation of RICO – "U.S.C § 1962(c)" |
| Count III | Violation of RICO Conspiracy "U.S.C. §1962(d)" |
| Count IV | Civil Conspiracy |
| Count V | Abuse of Process |
| Count VI | Fraud |
| Count X | False Imprisonment |
| Count XIV | Invasion of Privacy |
| Count XVIII | Alabama Litigation Accountability Act |
| Count XXIX | Legal Malpractice |

The allegations made by you in paragraphs 265 and 266 are false, and you should have known that the allegations made by you in those paragraphs are false by any reasonable inquiry. Instead, they are only included to harass and embarrass Ms. Gregory. Accordingly, including them in the complaint is a violation of Rule 11.

In addition, you have no good faith argument that certain of the claims against Ms. Gregory are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Specifically, Ms. Gregory cannot be liable for the deprivation of rights under color of law because she is not a government actor. Therefore, including her in that cause of action is frivolous and a violation of Rule 11. Second, by your own allegations, the alleged malpractice you claim Ms. Gregory committed took place almost four years before the filing of the complaint – well beyond the

July 7, 2023
Page 3

applicable statute of limitations. Accordingly, please dismiss Ms. Gregory from those two counts, as well.

Please be aware that all of the allegations against Ms. Gregory, and indeed, all of the defendants related to Crittenden Partners, P.C., are frivolous, and we intend to dispute and defend against all of them. Nevertheless, the allegations made by you in paragraphs 265 and 266, and the inclusion of Ms. Gregory in Counts I (Deprivation of rights), Count X (False Imprisonment), and XXIX (legal malpractice) are the most egregious. Please strike those paragraphs and dismiss Ms. Gregory from those count within 21 days, or we will be forced to file a motion to strike and for sanctions.

Finally, Ms. Peake has contacted Ms. Gregory directly. Please instruct her to stop doing so. Ms. Peake is represented by counsel in all of the litigation of which we are aware, and it is improper for her to continue to try to contact Ms. Gregory, or any of the Crittenden Partners, PC, attorneys, directly.

Sincerely,

Stacy L. Moon