UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. DEATON, et al<br>　　　*Plaintiff*,<br><br>v.<br><br>PATRICIA STEPHENS, et al<br>　　　*Defendants*. | CASE NO.  2:23-cv-00713-RDP |

### RESPONSE TO SHOW CAUSE ORDER

COME NOW Plaintiffs respectfully respond to this Honorable Court's Show Cause Order. In further support thereof, Plaintiffs state as follows:

### INTRODUCTION

On August 24, 2023, the Court ordered the Plaintiffs to show cause as to why this action should not be dismissed under the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-Custody Exception to Federal Jurisdiction. Plaintiffs do not have a claim for custody before this Court. Plaintiffs are not requesting this Court issue a divorce, alimony or child-custody decree. Plaintiffs do not have and have never had a case before any other Court with any of the Defendants, excluding one case with

only Plaintiff Ms. T. Peake against only one Defendant for civil assault.[1] The relief sought in state court for this exception is not sought before this Court. Defendants acknowledge the Court must review the Complaint as true on its face and construe all facts in favor of the Plaintiffs.[2] Defendants attempt to re-write the Complaint in order to improperly request relief to avoid answering the Complaint.[3] Not all Defendants argue that the Court should abstain.[4]

## ARGUMENT

Plaintiffs have not invited this Court to review and reject judgments from state court in the Complaint. The Complaint (doc. 1 p. 178 at 906) under Plaintiff's prayer for relief states "The Plaintiffs do not seek reversal of state court orders." Plaintiffs have further reviewed all documents

---

[1] *Taylor Peake v. Jessica Drennan*, 01-CV-2023-900555, Circuit Court of Jefferson County, Alabama was filed on February 15, 2023 with counts of assault, wantonness and intentional infliction of emotion distress. Plaintiffs can think of no reason that an unrelated action in which relief is not sought before this court would be applicable to factors of the four abstention doctrines further detailed below. In this state court case, the parties have not sat for a deposition and have been before the state court for only one hearing. The Supreme Court has clarified that the language of the *Colorado River* doctrine 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.' " *Ambrosia Coal*, 368 F.3d a 1333 (quoting *Moses H. Cone*, 460 U.S. at 21) "This factor, as with the other *Colorado River* factors, is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Jackson-Platts*, 727 F.3d at 1142 (quoting *Moses H. Cone*, 460 U.S. at 21)

[2] Defendants Laura Montgomery Lee, Paige Yarbrough, Deborah Gregory, Crittenden Partners, P.C., Kim Davidson, and Kim Davidson Law Offices acknowledge that the Court should draw all reasonable inferences in the light most favorable to the Plaintiff (doc. 125 p. 2, doc. 137 p. 2 and 138 p. 2). Defendants Patricia Stephens, Alisha Ruffin May, Agnes Chappell, Madison Brantley, Caroline Taylor, Caroline O. Taylor, P.C., Heather Fann, Jessica Drennan, Amanda Duncan, Kirk.Drennan, P.C., Alan Blotcky, David Kellner, Solace Family Counseling, Terri Miller, Clotele Brantley, Hardy Law Firm, LLC, St Anne's School of Annapolis, and Connie Coker acknowledge the Court accepts Plaintiff's factual allegations as true (doc. 58 p. 4, doc. 125 p. 2, doc. 137 p. 2, doc 138 p. 2, doc. 149 p. 4, doc. 156 p. 3, doc. 158 p. 3, doc. 160 p. 2, doc. 161 p. 2, doc 166 p. 4, doc. 167 p. 4, doc. 169 p. 2, doc. 188 p. 9, and doc. 189 p. 8).

[3] *See* for example: doc. 48 p. 9 at 11, doc. 58 p. 24, doc. 149 p. 25, doc. 159 p. 8 at 11 and doc. 163 p. 3.

[4] Plaintiffs find no arguments from Defendants Thomas McKnight, Jr., Jay Clark, Gary Lee, Dale Maynard, Deegan Malone, Crittenden Partners, P.C., Deborah Gregory, Judith Crittenden, Laura Montgomery Lee, Paige Yarbrough, Marcus Jones, Carolyn Wyatt, Robert Eric Mashburn, Gary Wyatt and Craig Langrall for the Court to abstain pursuant to any of the abstention doctrines detailed in this motion.

listed in the Court's order[5] and all related documents[6] filed before the Court as to abstention. There is no parallel state court case warranting abstention. As further detailed below, the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-Custody Exception do not apply to the factual allegations in this Complaint.

### A. The Rooker-Feldman Doctrine

Plaintiffs expressly do not seek relief to overturn state order of the Plaintiffs' respective child custody cases. (doc. 1 p. 178 at 906) The Eleventh Circuit carves out constitutional rights violations during the state court processes and relief for violations that occurred during the state court processes as outside the bounds of the *Rooker-Feldman* doctrine in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021).

The *Rooker-Feldman* doctrine was limited by the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021), the Eleventh Circuit explained the "narrow ground" this doctrine occupies. *Id*. at 1209 (quoting *Exxon Mobil* at 284.) "Only when a losing state court litigant calls on a district court to modify or 'overturn an injurious state-court judgment' should a claim be dismissed under *Rooker-Feldman*; district courts do not lose subject matter jurisdiction over a claim 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.' *Exxon Mobil*, 544 U.S. at 292–93, 125 S.Ct. 1517." *Behr* at 1210.

The holding in *Behr* is inescapable that *Rooker-Feldman* "will almost never apply." *Id*. at 1212. "[*Rooker-Feldman's*] application is narrow and—surprisingly enough—quite simple. It

---

[5] Plaintiffs do not further address the pending motions to disqualify Starnes (doc. 45) and Dagney Johnson Law Group (doc. 79) here as they are unrelated to the Court's directive. When deemed appropriate by the Court, Plaintiffs will brief or further address any pending motion before the Court.

[6] Related motions or briefs including: doc. 48 p. 2-9 at 1-11, doc. 58 p. 24-26, doc. 67 p. 1-4, doc. 149 p. 25-27, doc. 156 p. 8-12, doc. 159 p. 1-9 at 1-11, doc. 163 p. 11-27, doc. 175 p. 6-7, doc. 188 p. 10 and doc. 189 p. 10.

bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Exxon Mobil*, 544 U.S. at 284; *see also Nicholson [v. Shafe]*, 558 F.3d [1266,] 1274 ([11th Cir. 2009])." *Id*. *Behr* holds that "relief for violations that happened during the state processes" as opposed to relief requesting "rejection of the state court judgment" falls outside of *Rooker-Feldman*. *Id.* at 1212. So too are "constitutional rights [violations] during the [state-court] proceedings" which may entitle a federal plaintiff "to damages for those violations… outside *Rooker-Feldman*'s boundaries." *Id*. at 1213.

"Claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (the court cannot determine whether the plaintiff's injury arises from the state court judgment and is barred by *Rooker-Feldman* "without reference to the plaintiff's request for relief")." *Behr at* 1214.

Because the *Behr* plaintiffs' "claims [did] not ask [for] review and reject[ion of] the state court's child custody judgments… *Rooker-Feldman* does not stand in their way." *Behr at 1214.*

### B. The Younger Abstention Doctrine

The *Younger* abstention doctrine arises from an injunctive action. Plaintiffs do not seek injunctive relief before this Court. The *Younger* abstention doctrine and the *Middlesex* factors simply do not apply.

In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 373, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) (NOPSI ) ("[T]here is no doctrine that ...

4

pendency of state judicial proceedings excludes the federal courts."). This Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief. See *Id.*, at 368, 109 S.Ct. 2506.

Circumstances fitting within the Younger doctrine, we have stressed, are "exceptional"; they include, as catalogued in NOPSI, "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Id., at 367–368, 109 S.Ct. 2506. Because this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed. 762 (1910)). *Sprint Commun., Inc. v. Jacobs,* 571 U.S. 69, 73 (2013)

Divorced from their quasi-criminal context, the three Middlesex factors would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest. See Tr. of Oral Arg. 35–36. That result is irreconcilable with our dominant instruction that, even in the presence of parallel state proceedings, abstention from the exercise of federal jurisdiction is the "exception, not the rule." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (quoting *Colorado River*, 424 U.S., at 813, 96 S.Ct. 1236). In short, to guide other federal courts, we today clarify and affirm that Younger extends to the three "exceptional circumstances" identified in NOPSI, but no further. *Sprint Commun., Inc. v. Jacobs*, 571 U.S. 69, 81–82 (2013).

As this Court held in *Ray v. Judicial Corrections Services,* Not Reported in F. Supp. 2d (2013) and also as in this case, none of the Defendants can meet the first *Younger* prong, because the Plaintiffs have not sought the relief pending before this Court before any other Court.

Also as in *Ray v. Judicial Corrections Services,* Not Reported in F. Supp. 2d (2013), the Complaint in this case is properly before this Court seeking relief in part for constitutional rights violations and without any request for injunctive relief.

### C.  The Colorado River Abstention Doctrine

The Defendants have not and cannot provide any factor from the *Colorado River* Doctrine that weigh in favor of an exceptional circumstance justifying abstention without attempts to re-write the Complaint, because there are not any cases involving the same parties and the same relief sought here.

As this Court is aware and held in its opinion in *Carden v. Town of Harpersville,* Not Reported in Fed. Supp. (2016), there is no bright-line test for determining when an existing, concurrent state case warrants federal court abstention in a parallel federal case. *Ambrosia Coal*, 368 F.3d at 1328. Nonetheless, the Eleventh Circuit has indicated that a district court may consider the following factors in determining whether exceptional circumstances exist: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the order in which jurisdiction was obtained and the relative progress of the two actions; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. Defendants cannot and have not provided any such exceptional circumstance justifying abstention in this case.

A district court may appropriately undertake the *Colorado River* analysis when the "federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal*, 368 F.3d at 1330. The issues in this case, including the Plaintiffs' constitutional rights violations, do not involved the same parties, the same relief or the same issues as in the Plaintiffs' respective child custody cases in state court. The Court need not apply the *Colorado River* analysis to the factual allegations of this case. Even if the *Colorado River* analysis were applied here, all of the factors weigh in favor of the Plaintiffs and jurisdiction is properly before this Honorable Court. "If anything, most [of the non-neutral factors] tip in the opposite direction." *Jackson-Platts*, 727 F.3d at 1143.

The Eleventh Circuit held in *Gold-Fogel v. Fogel*, 16 F.4th 790 at 800-801 (11th Cir. 2021):

> The Colorado River doctrine can apply only when concurrent state and federal litigation exists, and the federal litigation does not qualify for abstention under any of the three traditional abstention doctrines. *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236. When that's the case, principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," may allow a federal court not to perform its otherwise "virtually unflagging obligation ... to exercise the jurisdiction given" it. *Id.* at 817, 96 S.Ct. 1236. The circumstances where this may be appropriate are "considerably ... limited" and "exceptional." *Id.* at 818, 96 S.Ct. 1236.

### D. The Child-Custody Exception to Federal Jurisdiction.

The Eleventh Circuit held in *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019):

> "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam). The doctrine imposes two limits on our power. First, we may not "issue divorce, alimony, and child custody decrees." *Stone*, 135 F.3d at 1440 (quoting *Ankenbrandt v. Richards*,

>504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L.Ed.2d 468 (1992)). Second, "even when subject-matter jurisdiction might be proper," we abstain from exercising jurisdiction when "sufficient grounds" exist. *Id.* Here, the District Court did not issue a divorce, alimony, or child-custody decree. And Defendants do not cite—and our research does not reveal—a single case when this Court has held that abstention was appropriate when a party to the federal-court proceeding was not a party to the state-court proceeding. *Cf., e.g., id.* at 1441 ("The exception enunciated in *Ingram* is to be read narrowly and does not—at least, ordinarily—include third parties in its scope."). In *Stone*, for example, we held that abstention was inappropriate when a father and his daughter sued the father's ex-sister- and ex-mother-in-law for tortious interference of his custodial rights. *Id.* Those defendants were not parties to the state-court proceeding and "had no legal claim of custody whatsoever." *Id.* Alliant was not a party to the divorce proceedings in the Georgia Superior Court and like the *Stone* plaintiffs, did nothing more than "charge[ ] Defendants with a tort." *See id.* at 1440. In short, the District Court did not abuse its discretion in exercising diversity jurisdiction. *Cf. Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987) (per curiam) ("The less a case is a 'core' domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its jurisdiction.").

In this case, Plaintiffs do not seek a divorce, alimony, or child custody decree and does not seek reversal of state court orders. The Eleventh Circuit held that their research did *not* reveal a single case where abstention was appropriate when a party to the federal-court proceeding was not a party to the state-court proceeding. See *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019)

Defendants did not provide such a case here, because the factual allegations in the Complaint to do not apply to the Child-Custody Exception to Federal Jurisdiction.

## **CONCLUSION**

As set forth above, the allegations of this case do not fall within the bounds of the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine and/or the *Colorado River*

8

Abstention Doctrine nor are they barred by the Child-Custody exception to federal jurisdiction. Accordingly, this Court has jurisdiction and abstention does not apply.

**WHEREFORE**, Plaintiffs pray this Court will deny all Defendants dismissal under the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-Custody Exception to Federal Jurisdiction as they do not apply to the factual allegations of this Complaint.

Respectfully submitted this 6th day of September, 2023.

/s/ *Scott Tindle*

Scott Tindle (State Bar No. 0698T79T)
Tindle Firm, LLC
Telephone: 251-202-9437
scott@tindlefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

| John G. Dana<br>GORDON, DANA & GILMORE, LLC<br>600 University Park Place, Suite 100<br>Birmingham, AL 35209<br>jdana@gattorney.com<br>*Counsel for Defendants, Caroline Taylor And Caroline O. Taylor, LLC* | Carl Williams<br>HALL BOOTH SMITH PC<br>2001 Park Place, Suite 870<br>Birmingham, Alabama 35203-2708<br>cwilliams@hallboothsmith.com<br>*Counsel for Defendants, Caroline Taylor And Caroline O. Taylor, LLC* |
|---|---|

| | |
|---|---|
| Barry A. Ragsdale<br>Robert S. Vance, III<br>DOMINICK FELD HYDE, P.C.<br>1130 22nd Street South, Suite 4000<br>Birmingham, AL 35205<br>bragsdale@dfhlaw.com<br>rvance@dfhlaw.com<br>*Counsel for Defendants, Wendy Crew, Christina Vineyard, Crew Gentle Law PC, And Crew Law Group* | Robert P. MacKenzie<br>Averie L. Armstead<br>STARNES DAVIS FLORIE LLP<br>100 Brookwood Place, 7th Floor<br>Birmingham, AL 35209<br>bmackenzie@starneslaw.com<br>aarmstead@starneslaw.com<br>*Counsel for Defendants, Jessica Kirk Drennan, Amanda Duncan, Kirk Drennan PC, and Bay Area Christian Counseling* |
| Stacy L. Moon<br>Jeremy W. Richter<br>GORDON REES SCULLY MANSUKHANI, LLP<br>420 North 20th St., Suite 2200<br>Birmingham, AL 35203<br>smoon@grsm.com<br>jrichter@grsm.com<br>*Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, PC* | Bruce Rogers<br>Betsy Nicholson Terenzi<br>BAINBRIDGE MIMS ROGERS & SMITH LLP<br>The Luckie Building<br>600 Luckie Drive, Suite 415<br>Birmingham, Alabama 35223<br>brogers@bainbridgemims.com<br>bterenzi@bainbridgemims.com<br>*Counsel for Heather Fann* |
| Joseph F. Stott<br>STOTT & HARRINGTON, PC<br>2637 Valleydale Road, Ste. 100<br>Hoover, Alabama 35244<br>joe@stottharrington.com<br>*Counsel for Defendants, Wendy Crew, Christina Vineyard, and Crew Gentle Law,<br>PC, and Crew Law Group* | Dagney Johnson<br>DAGNEY JOHNSON LAW GROUP, LLC<br>2120 1st Avenue North<br>Birmingham, AL 35203<br>dagney@dagneylaw.com<br>*Counsel for Defendants, Clotele Brantley and Defendant Hardy Law Firm* |
| Jennifer D. Segers<br>HUIE FERNAMBUCQ & STEWART, P.C.<br>3291 Highway 280, Ste. 200<br>Birmingham, Alabama 35243<br>jsegers@huielaw.com<br>*Counsel for Thomas McKnight, Jay Clark and Gary Lee and Wallace Jordan Ratliff and Brandt, LLC* | Scott Gilliland, Esq.<br>LAW OFFICE OF SCOTT GILLILAND<br>400 Vestavia Parkway, Suite 100<br>Vestavia, Alabama 35216-3750<br>scott@scottgilliland.net<br>*Counsel for Kim Davidson; Kim Davidson Law Office, LLC* |
| Carter H Dukes<br>Christian C. Feldman<br>SCOTT DUKES & GEISLER PC<br>211 22nd Street North<br>Birmingham, AL 35203<br>cdukes@scottdukeslaw.com | Douglas J. Centeno<br>BENTON, CENTENO & MORRIS, LLP<br>2019 Third Avenue North<br>Birmingham, Alabama 35203<br>dcenteno@bcattys.com |

| | |
|---|---|
| cfeldman@scottdukeslaw.com<br>*Counsel for Defendants, Michael Labellarte and CPE Clinic LLC* | *Counsel for Defendants, Compton Wilson, Renee Wilson, Erika Goldman and Southern Maryland Dredging, Inc.* |
| Cameron Wayne Elkins<br>OFFICE OF THE ATTORNEY GENERAL OF ALABAMA<br>Civil Division<br>501 Washington Avenue<br>Montgomery, AL 36104<br>cameron.elkins@alabamaag.gov<br>*Counsel for Patricia Stephens, Alisha Ruffin May, Madison Brantley and Agnes Chappell* | Robert V Wood, Jr<br>WILMER & LEE PA<br>PO Box 2168<br>100 Washington Street, Suite 200<br>Huntsville, AL 35804<br>bwood@wilmerlee.com<br>*Counsel for David Kellner and Solace Family Counseling LLC* |
| William Mellor Bains Fleming, III<br>NORMAN WOOD KENDRICK & TURNER<br>1130 22nd Street South<br>Suite 3000<br>Birmingham, AL 35203<br>bfleming@nwkt.com<br>*Counsel for Dale Maynard* | Robert L Beeman, II<br>BEEMAN LAW FIRM<br>3720 4th Avenue South<br>Birmingham, AL 35222 205-422-9015<br>rlbsportsmgnt12@gmail.com<br>*Counsel for Everett Wess and The Wess Law Firm, P.C.* |
| Robert M. Ronnlund<br>SCOTT SULLIVAN STREETMAN & FOX PC<br>P.O. Box 380548<br>Birmingham, Alabama 35238<br>ronnlund@sssandf.com<br>*Counsel for Terri Miller* | Eris Bryan Paul<br>P. Anthony Irwin, III<br>CLARK MAY PRICE LAWLEY DUNCAN & PAUL, LLC<br>3070 Green Valley Road<br>PO Box 43408<br>Birmingham, Alabama 35243<br>bpaul@clarkmayprice.com<br>airwin@clarkmayprice.com<br>*Counsel for Deegan Malone* |
| C. Peter Bolvig<br>HALL BOOTH SMITH PC<br>2001 Park Place, Suite 870<br>Birmingham, Alabama 35203-2708<br>pbolvig@hallboothsmith.com<br>*Counsel for Alan Blotcky* | T. Wells<br>Maynard Nexsen<br>1901 Sixth Avenue North<br>Suite 1700<br>Birmingham, AL 35203<br>twells@maynardnexsen.com<br>*Counsel for Hope for Healing, LLC* |
| Elizabeth Flachsbart<br>Stan Cash<br>Balch & Bingham<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, AL 35203 | Wesley Redmond<br>Ford Harrison<br>420 20th Street North, Suite 2560<br>Birmingham, AL 35203<br>wredmond@fordharrison.com |

| | |
|---|---|
| eflachsbart@balch.com<br>*Counsel for Marcus Jones* | *Counsel for St. Anne's School, Connie Choker and Andrea Weiss* |
| Melisa Zwilling<br>Carr Allison<br>100 Vestavia Pkwy<br>Vestavia Hills, AL 35216<br>mzwilling@carrallisoncom<br>*Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan, PC* | Gary Wyatt<br>Birmingham, AL 35244 |
| Carolyn Wyatt<br>Birmingham, AL 35244 | Alan D. Blotcky Ph.D. LLC<br>529 Beacon Pkwy W #107<br>Birmingham, AL 35209 |
| Craig Langrall<br>Tracy's Landing, MD 20779 | Robert Eric Mashburn<br>Birmingham, AL 35209 |

/s/ *Scott Tindle*

Scott Tindle (State Bar No. 0698T79T)
Tindle Firm, LLC
Telephone: 251-202-9437
scott@tindlefirm.com