IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. DEATON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 2:23-cv-00713-RDP |
| PATRICIA STEPHENS, et al., | ) ) ) |
| Defendants. | ) |

**REPLY OF DEFENDANTS WENDY CREW, CHRISTINA VINEYARD, CREW GENTLE LAW, AND CREW LAW GROUP TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

Come now Defendants Wendy Crew, Christina Vineyard, Crew Gentle Law, P.C., and Crew Law Group[1] and reply to Plaintiffs' Response to this Court's Order to Show Cause as follows:

**The Rooker-Feldman Doctrine**

Plaintiffs contend that the *Rooker-Feldman* doctrine does not apply here because they do not seek to have any state court orders overturned. (doc. 193 at 3-4). However, this doctrine is not limited to cases where a plaintiff explicitly requests that an order be overturned. Instead, it bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). Consideration of whether claims are "inextricably intertwined" with a state court judgment

---

[1] Counsel for the following parties have indicated that their clients join in this reply: Jessica Kirk Drennan, Amanda Duncan, Kirk Drennan, P.C., Bay Area Christian Counseling, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, Crittenden Partners, P.C., Heather Fann, C.H. Brantley, the Hardy Law Firm LLC, Marcus Jones, Terri Miller, Deegan Malone, Alan Blotcky, Renee Wilson, Compton Wilson, Erika Goldman, Southern Maryland Dredging Co., Inc., Everett Wess, the Wess Law Firm, P.C., David Kellner, and Solace Family Counseling, LLC.

1

prevents courts from improperly exercising jurisdiction where "the claimant does not call it an appeal of a state court judgment." *Id.* at 1211-12 ("A state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim."). A claim is "inextricably intertwined" with a state court judgment if it succeeds only to the extent that the state court wrongly decided the issues. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001); *see also Ray v. Jud. Corr. Servs.*, No. 2:12-CV-02819-RDP, 2013 WL 5428395, at *11 (N.D. Ala. Sept. 26, 2013) ("The *Rooker-Feldman* doctrine also applies to cases that have the potential to besmirch or void related state court judgments.") (citation omitted).

While Plaintiffs have attempted to avoid this doctrine by stating that they "do not seek reversal of state court orders" (doc. 1 at ¶ 906), the relief requested in their Complaint belies this argument because they seek to have multiple state court orders declared unconstitutional. In their prayer for relief, Plaintiffs request that this Court enter an "order declaring that all Defendants' acts or omissions described herein violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution" and that "all Defendants be disgorged of all ill-gotten gains, including by not limited to, wages, bribes, kickbacks, salaries, fees, and any other monetary or non-monetary gain as a result of The Enterprise." (*Id.* at ¶ 906, A, G). The practical effect of granting this relief would be to overturn the rulings of the state courts.

Given that Plaintiffs seek to have state court orders declared unconstitutional, including rulings on the merits of cases and granting of attorneys' fees and guardians ad litem's fees, it is clear that their claims can prevail only to the extent that the state court wrongly decided the issues. Those claims are therefore inexplicably intertwined with the domestic relations court cases in state court, requiring abstention. *See Goodman*, 259 F.3d at 1332. Because Plaintiffs invite this Court

to review and reject domestic judgments, their claims are barred by the *Rooker-Feldman* doctrine. *Behr*, 8 F.4th at 1212.

## The *Younger* Abstention Doctrine

Plaintiffs contend that the *Younger* abstention doctrine does not apply here because they do not seek injunctive relief.[2] (doc. 193 at 4-6). While *Younger v. Harris* involved a claim for injunctive relief, the *Younger* doctrine applies to more than just such claims, including claims for monetary damages. *See Booker v. Turner*, Case No. 5:22-cv-01064-LCB-SGC, 2023 WL 4722531, at *4 (N.D. Ala. June 15, 2023) (citing *31 Foster Child. v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003)). "In order to decide whether the federal proceeding would interfere with the state proceeding [for purposes of the *Younger* doctrine], we look to the relief requested and the effect it would have on the state proceedings." *Bush*, 329 F.3d at 1276. The *Younger* doctrine can apply even where the relief sought would not "directly interfere with an ongoing proceeding or terminate an ongoing proceeding," as long as it would interfere in the state court's ability to conduct those proceedings. *Id.* at 1276-77 (citations omitted). Plaintiffs have failed to explain how this Court could declare an order entered in a state court proceeding unconstitutional without interfering in that proceeding.

Plaintiffs also contend the underlying domestic relations court cases do not present the "exceptional circumstances" required for the *Younger* doctrine to apply. *See New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989) ("*NOPSI*"). Of the three categories of exceptional circumstances addressed in *NOPSI*, only one is relevant here: "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 368. However, the Eleventh Circuit has upheld *Younger*

---

[2] This is incorrect. Plaintiffs' false imprisonment claims (Counts VIII-XII) explicitly request injunctive relief. (doc. 1 at ¶¶ 747, 752, 757, 762, 772).

3

abstention in the context of domestic relations cases on several occasions. *See, e.g., Narciso v. Walker*, 811 F. App'x 600, 602 (11th Cir. 2020); *Hatcher v. Alabama Dep't of Hum. Servs., Child Support Enf't Div.*, 747 F. App'x 778, 782 (11th Cir. 2018); *Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013).

Finally, Plaintiffs contend that the underlying domestic cases are not "ongoing state judicial proceedings" for purposes of the *Younger* exception. Both of the domestic relations cases from which the Plaintiffs' allegations arise are presently pending in the Circuit Court of Jefferson County, Alabama. *See Wyatt v. Wyatt*, Case No. 01-DR-2018-900658.03; *Deaton v. Deaton*, Case No. 01-DR-2018-901324.03. Instead, Plaintiffs apparently take the position that an ongoing state proceeding can only trigger *Younger* abstention if it raises the same claims asserted in the federal case. The only authority Plaintiffs cite for this proposition is this Court's 2013 opinion in *Ray v. Judicial Corrections Services*.[3] (doc. 193 at 6). However, the single-paragraph analysis of the *Younger* doctrine in *Ray* provides no support for Plaintiffs' argument—and in fact, undermines their entire argument on this point:

> Right off the bat, Defendants' abstention argument runs aground and founders upon the first *Younger* prong—**none of the Plaintiffs are currently involved in ongoing state judicial proceedings**. Indeed, all of Plaintiffs' state cases have long been resolved—Ray's most recent case was adjudicated in July 2011, the Fugatts had their cases *nol prossed* in January 2011, and Jews' case was apparently dismissed in October 2009 . . . **Furthermore, the declaratory and injunctive relief sought by Plaintiffs is not intended to contradict or overturn the substance of the prior state court proceedings, but instead targets Childersburg's post-judgment procedure**, removing the very concern that animates the *Younger* doctrine's concern with improper interference with a pending state proceeding. Because "the relevant principles of equity, comity, and federalism 'have little force in the absence of a pending state proceeding,'" *Steffel v. Thompson,* 415 U.S. 452, 462 (1974) (quoting *Lake Carriers' Ass'n v. MacMullan,* 406 U.S. 498, 509 (1972)), no *Younger*-style concerns prevent this court from hearing Plaintiffs' suit.

---

[3] *Ray v. Jud. Corr. Servs.*, No. 2:12-CV-02819-RDP, 2013 WL 5428395 (N.D. Ala. Sept. 26, 2013).

*Ray v. Jud. Corr. Servs.*, No. 2:12-CV-02819-RDP, 2013 WL 5428395, at *14 (N.D. Ala. Sept. 26, 2013) (emphasis added). The opinion does not address the categories of exceptional circumstances discussed in *NOPSI*, and has no relevance to Plaintiffs' argument. Moreover, unlike in *Ray*, the domestic cases below are still ongoing, and Plaintiffs' Complaint seeks to invalidate the results of the proceedings themselves, not post-judgment procedure.

### The *Colorado River* Abstention Doctrine

Plaintiffs contend that the *Colorado River* abstention doctrine does not apply here because this matter does not involve the same parties, the same relief, or the same issues as the Plaintiffs' domestic cases. (doc. 193 at 6-7). However, "federal and state proceedings do not have to contain the same parties, issues, and requests for relief to be identical." *Jacks v. Chance*, No. 2:18-CV-00188-UJB-RDP, 2018 WL 1856195, at *2 (N.D. Ala. Apr. 18, 2018) (citing *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004)). "The crucial question is whether the 'similarity between the two cases is sufficient to justify the conclusion that the state court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties.'" *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014) (quoting *Brown v. Blue Cross & Blue Shield of Fla., Inc.*, No. 11-80390-CIV, 2011 WL 11532078, at *8 (S.D. Fla. Aug. 8, 2011)).

The issues in this case are substantially similar to those in the domestic relations court cases below, as Plaintiffs premise their claims on the contention that the state court wrongly decided the issues in those cases. Additionally, the parties are substantially identical. Each of the Plaintiffs is either a plaintiff in one of the underlying domestic relations court cases or a minor child whose custody is at issue in them. While the opposing parties in the domestic cases are not defendants in this action, Plaintiffs' claims against those parties' attorneys and the judges and court personnel in

the underlying cases provides no less adequate a vehicle for the resolution of Plaintiffs' issues with the orders in the cases below.

Plaintiffs also assert that all six of the *Colorado River* factors weigh in their favor, although they do not explain why this is the case. (doc. 193 at 6-7). However, multiple *Colorado River* factors weigh in favor of abstention. The factors weighed in determining whether circumstances favor abstention are (1) whether one of the courts has assumed jurisdiction over property, (2) the relative inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004). The following factors weigh in favor of abstention:

- **Risk of Piecemeal Litigation:** This factor favors abstention when federal adjudication would "require the duplication of resources and potentially conflicting decisions based on the same evidence." *Creekbaum v. Creekbaum*, Case No. 2:18-cv-00906-JHE, 2018 WL 4035962, at *3 (N.D. Ala. Aug. 23, 2018) (internal citations omitted). The Plaintiffs seek to have multiple state court orders in ongoing domestic proceedings declared unconstitutional. This means two different courts will consider the same evidence and possibly reach conflicting conclusions. This would likely lead to an ouroboros of abnormally excessive piecemeal litigation that would deleteriously impact the state court's ability to manage its domestic relations docket. *See Ambrosia Coal*, 368 F.3d at 1333.

- **The order in which the fora obtained jurisdiction:** The domestic cases commenced prior to the present matter. Moreover, this case is in its infancy, with service yet to be perfected on all defendants, while the pending domestic cases are

significantly further along in the litigation process. *See id.* (this factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.") (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983)). It is the undersigned's understanding that trial is currently ongoing in *Deaton v. Deaton*, DR-2018-901324.

- **Adequacy of the state court to protect the parties' rights:** The Plaintiffs have (and have exercised) the right to appeal the trial court decisions to Alabama appellate courts, and as such, they had the opportunity to raise their constitutional concerns at multiple levels within the judicial system.

As to the other factors, only the applicable law factor weighs against abstention, as Plaintiffs' claims are all either federal claims or simple state law claims that are well within this Court's ability to resolve. *See Ambrosia Coal*, 368 F.3d at 1334. The jurisdiction over property factor is neutral, as none of the cases are in rem proceedings. *Id.* at 1332. The relative inconvenience factor is likewise neutral, given the close physical proximity of the courts. *Id.*

The weight given to each factor varies on a case-by-case basis, and even a single factor can provide a basis for abstention. *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 997 (11th Cir. 2004). Here, the factors weighing in favor of abstention go directly toward the considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" upon which the doctrine is founded. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)) (alteration in

original). Based on the facts of this case, the Court should give greater weight to those factors and abstain under the *Colorado River* doctrine.

### **The Child-Custody Exception**

Plaintiffs contend that the Child-Custody Exception applies only where a party seeks a divorce, alimony, or child custody decree, or the reversal of a state court order. (doc. 196 at 7-8). This is incorrect. In determining whether the Child-Custody Exception applies, the question before the court is whether "hearing the claim would require the court to delve into the parties' domestic affairs." *Bennett*, 2015 WL 13626348, at *5 (quoting *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999)). Here, the Plaintiffs have expressly stated that they "seek access to a proper and unbiased court to hear these issues affecting minor children on their merits[.]" (doc. 1 at 907). Given the nature of Plaintiffs' Complaint, the Court cannot hear and decide this matter without unwinding the "parties' domestic affairs" and entangling itself in the state court decisions pertaining to child-custody decrees that are ongoing and subject to modification. Moreover, as discussed above, Plaintiffs' Complaint does in fact seek to invalidate state court orders from their domestic cases, making an intrusion into their domestic affairs inescapable.

Plaintiffs also argue that the Child-Custody Exception does not apply here because there are parties to this matter who are not parties to the domestic cases below, relying on *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019). However, the present case is readily distinguishable. In *Alliant*, the plaintiffs filed a claim under the Uniform Fraudulent Transfers Act to set aside transfers of assets made pursuant to a divorce settlement agreement between two defendants. *Id.* at 1138-39. In holding that the exception did not apply, the Eleventh Circuit noted that "[t]he less a case is a 'core' domestic relations case, e.g., one for a divorce or a simple child custody dispute, the less discretion the district court has to refuse to exercise its

8

jurisdiction." *Id.* at 1146 (quoting *Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987)). Plaintiffs' Complaint, which seeks to have orders involving child custody declared unconstitutional, is far closer to the "core" of domestic relations than the fraudulent transfer issue in *Alliant*.

## Conclusion

For the reasons stated above and in the many motions to dismiss filed in this matter, this Court should decline to hear this case on the basis of the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, the *Colorado River* abstention doctrine, and the Child-Custody Exception.

Respectfully submitted,

*/s/ Barry A. Ragsdale*
Barry A. Ragsdale (ASB-2958-A38B)
Robert S. Vance, III (ASB 8816-B11Q)
**DOMINICK FELD HYDE, P.C.**
1130 22nd Street South, Suite 4000
Birmingham, Alabama 35205
Tel.: (205) 536-8888
bragsdale@dfhlaw.com
rvance@dfhlaw.com

*/s/ Joseph E. Stott*
Joseph E. Stott
**STOTT & HARRINGTON PC**
2637 Valleydale Road, Ste 100
Hoover, AL 35244
joe@stottharrington.com

*Attorney for Defendants, Wendy Crew, Christina Vineyard, Crew Gentle Law PC, and Crew Law Group*

# CERTIFICATE OF SERVICE

I hereby certify that I have on September 8, 2023 served a copy of the foregoing on the following attorneys of record via CM/ECF and/or by placing a copy of same in the U.S. Mail:

**_Attorney for Plaintiffs_**
Scott Tindle, Esq.
Tindle Firm
1502 Crestview Drive
Mobile, Alabama 36693
scott@tindlefirm.com

**_Attorney for Patricia Stephens, Agnes Chappell, Alisha Ruffin May and Madison Brantley_**
Cameron Elkins, Esq.
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104
cameron.elkins@alabamaag.gov

**_Attorneys for Jessica Kirk Drennan, Amanda Duncan, Kirk Drennan, P.C. and Bay Area Christian Counseling_**
Robert P. MacKenzie, III, Esq.
Averie L. Armstead, Esq.
Starnes Davis Florie LLP
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
bmackenzie@starneslaw.com
aarmstead@starneslaw.com

**_Additional Attorneys for Jessica Kirk Drennan, Amanda Duncan and Kirk Drennan, P.C._**
David McAlister, Esq.
Melisa C. Zwilling, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, Alabama 35216
dmcalister@carrallison.com
mzwilling@carrallison.com

**_Attorneys for Caroline Taylor and Caroline O. Taylor, P.C._**
John G. Dana, Esq.
Gordon, Dana & Gilmore, LLC
600 University Park Place, Suite 100
Birmingham, Alabama 35209
jdana@gattorney.com

Carl Williams, Esq.
Hall Booth Smith PC
2001 Park Place, Suite 870
Birmingham, Alabama 35203-2708
cwilliams@hallboothsmith.com

**_Attorney for Kim Davidson and Kim Davidson Law Office, LLC_**
Scott Gilliland, Esq.
Law Office of Scott Gilliland
400 Vestavia Parkway, Suite 100
Vestavia, Alabama 35216-3750
scott@scottgilliland.net

**_Attorney for Heather Fann_**
Bruce Rogers, Esq.
Elizabeth Terenzi, Esq.
Bainbridge Mims Rogers & Smith LLP
The Luckie Building
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223
brogers@bainbridgemims.com
bterenzi@bainbridgemims.com

**_Attorney for Jay Clark, Gary Lee and Thomas McKnight, Jr._**
Jennifer D, Segers, Esq.
Huie Fernambucq & Stewart, P.C.
Pump House Plaza
3291 Highway 280, Ste. 200
Birmingham, Alabama 35243
jsegers@huielaw.com

***Attorneys for Clotele Brantley and The Hardy Law Firm LLC***
Dagney Johnson, Esq.
Dagney Johnson Law Group
2120 1st Avenue North
Birmingham, Alabama 35203-4202
dagney@dagneylaw.com

***Attorneys for Judith Crittenden, Laura Montgomery Lee, Paige Yarbrough, Deborah Gregory and Crittenden Partners, P.C.***
Stacy Moon, Esq.
Jeremy Richter, Esq.
Gordon & Rees
420 North 20th Street, Suite 2200
Birmingham, Alabama 35203
smoon@grsm.com
jrichter@grsm.com

***Attorneys for CPE Clinic, LLC and Michael Labellarte***
Carter H. Dukes, Esq.
Christian C. Feldman, Esq.
Scott Dukes & Geisler PC
211 22nd Street North
Birmingham, Alabama 35203-3707
cdukes@scottdukeslaw.com
cfeldman@scottdukeslaw.com

***Attorney for Everett Wess and The Wess Law Firm, P.C.***
Robert L. Beeman, II, Esq.
Beeman Law Firm
P.O. Box 253
Helena, Alabama 35080-0253
rlbsportsmgnt12@gmail.com

***Attorney for Dale Maynard***
W.M. Bains Fleming, III, Esq.
Norman, Wood, Kendrick & Turner
Ridge Park Place – Suite 3000
1130 22nd Street South
Birmingham, Alabama 35205
bfleming@nwkt.com

***Attorney for Southern Maryland Dredging, Inc., Renee Wilson, Compton Wilson and Ericka Goldman***
Douglas J. Centeno, Esq.
Benton, Centeno & Mooris LLP
The Historic Gilbreath Building
2019 Third Avenue North
Birmingham, Alabama 35203
dcenteno@bcattys.com

***Attorneys for Deegan Malone***
E. Bryan Paul, Esq.
P. Anthony Irwin, III, Esq.
Clark May Price Lawley Duncan & Paul, LLC
P.O. Box 43408
Birmingham, Alabama 35243-0408
bpaul@clarkmayprice.com
airwin@clarkmayprice.com

***Attorney for Marcus Jones***
Stanley A. Cash, Esq.
Elizabeth J. Flachsbart, Esq.
Balch & Bingham
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
scash@balch.com
eflachsbart@balch.com

***Attorneys for St. Anne's School of Annapolis, Incorporated, Connie Coker and Andrea Weiss***
Wesley C. Redmond, Esq.
Susan W. Bullock, Esq.
FordHarrison LLP
420 20th Street North, Suite 2560
Birmingham, AL 35203
wredmond@fordharrison.com
sbullock@fordharrison.com

***Attorney for Hope for Healing, LLC***
Thomas W.H. Buck, Jr., Esq.
Maynard Nexsen PC
1901 6th Avenue North, Suite 1700
tbuck@maynardnexsen.com

***Attorney for David Kellner and Solace Family Counseling, LLC***
Robert V. Wood, Jr., Esq.
Wilmer & Lee, P.A.
100 Washington Street, Suite 200
Huntsville, Alabama 35801
bwood@wilmerlee.com

***Attorney for Terri Miller***
Robert M. Ronnlund, Esq.
Hall Booth Smith, P.C.
2001 Park Place North, Suite 870
Birmingham, Alabama 35203
rronnlund@hallboothsmith.com

***Robert Eric Mashburn (Pro Se)***

docmash3@yahoo.com

***Carolyn Wyatt (Pro Se)***
***Gary Wyatt (Pro Se)***

Cswyatt2@gmail.com
gary@garywyatt.com

***Attorney for Alan Blotcky***
Christoffer Peter Bolvig
Hall Booth Smith, P.C.
2001 Park Place North, Suite 870
Birmingham, AL 35203
pbolvig@hallboothsmith.com

***Alan D. Blotcky Ph.D., LLC (Pro Se)***
529 Beacon Pkwy W #107
Birmingham, AL 35244

***Wallace, Jordan, Ratliff & Brandt, LLC (Pro Se)***
Synovus Center
800 Shades Creek Parkway, Suite 400
Birmingham, Alabama 35209
chammond@wallacejordan.com

***Craig Langrall (Pro Se)***

craig@langrall.com

**/s/Barry A. Ragsdale**
**OF COUNSEL**