FILED
2023 Sep-08  PM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **D. DEATON, et al.,** | |
| **Plaintiffs,** | **CIVIL ACTION NO.:** |
| | **2:23-cv-00713-RDP** |
| **v.** | |
| **PATRICIA STEPHENS, et al.,** | |
| **Defendants.** | |

---

**REPLY TO PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER**

---

COME NOW Defendants **Kirk Drennan, P.C.,** (hereinafter "Kirk Drennan"), **Jessica Kirk Drennan,** (hereinafter "Drennan"), and **Amanda Rucks Duncan,** (hereinafter "Duncan"), (collectively referred to hereinafter as the "Drennan Defendants"), by and through undersigned counsel and in Reply to Plaintiffs' Response to Show Cause Order state as follows:

Plaintiffs argue to this Court that their current Complaint does not involve their claims for custody, does not request a ruling on a divorce, alimony, or child-custody decree, and is not inviting this Court to review and reject judgments entered in the state court proceedings. These contentions are belied by the allegations of Plaintiffs' own Complaint and the relief they expressly seek therein. Plaintiffs point out to this Court that in their Complaint they specifically state: "The Plaintiffs do not seek reversal of state court orders." [Doc. 193, p. 2]. However, that statement is not dispositive and is directly contradicted by other demands for relief.

Plaintiff's Complaint is essentially a moment-by-moment recitation of the state court litigation, including actions taken by attorneys, judges, and other court personnel during the pendency of that case, at least as Plaintiffs see it. Plaintiffs expressly attack rulings by state court

judges on various issues, all of which are directly related to the ongoing custody proceedings. Plaintiffs attack the Drennan Defendants for actions that were taken in their representation of Ms. Deaton that are specifically related to the ongoing custody proceedings. Plaintiffs challenge various actions by multiple parties, all of which are directly related to the custody proceedings and alleged adverse consequences to Plaintiffs as a result of actions taken in the custody proceedings.

Throughout the course of their Complaint, Plaintiffs' allegations and claims of injury are directly related to actions taken in the custody proceedings.  In their cause of action for the alleged deprivation of Constitutional rights, Plaintiffs assert as violations of their rights that they were deprived of access to a fair tribunal, (Doc. 1, ¶ 649), that they were denied the ability to contest the reasonableness of fees for the court appointed Guardian ad Litem, (Doc. 1, ¶¶ 655, 656), that Judge Stephens entered an order denying Plaintiff D. Deaton's rights related to evidence obtained by subpoena, (Doc. 1, ¶ 658), that Judge Chappell ruled against them on discovery issues, (Doc. 1, ¶ 659), that Judge Stephens entered a ruling that eliminated Plaintiff D. Deaton's Christmas vacation without notice, a hearing or evidence, (Doc. 1, ¶ 663), that judges expressed bias on the record in the custody proceedings, (Doc. 1, ¶ 668), that Judge Chappell refused to recuse in the custody proceedings, (Doc. 1, ¶ 671), that courtrooms were sealed, case files made confidential, and proceedings were held off the record in the custody proceedings, (Doc. 1, ¶ 673), that Judge Stephens claimed a courtroom transcript was not an accurate representation of what occurred in the custody proceedings, (Doc. 1, ¶ 675), that Judge Stephens removed a court reporter from the room to prevent a record of the proceedings, (Doc. 1, ¶ 676), and that judges allowed court-appointed GALs to direct medical care of the minor children, (Doc. 1, ¶¶ 679, 680).

These citations are by way of example and not at all inclusive of the overwhelming number of allegations asserted by Plaintiffs which related to their respective custody proceedings.  The

remaining causes of action assert like allegations, almost all related to the conduct of the custody proceedings and rulings therein.  Plaintiffs essentially argue that because they had to continue to pay an attorney to represent them in the custody case, they were forced to pay "hundreds of thousands of dollars as fees." (Doc. 1, ¶ 696).  The insinuation is that if the state court rulings had simply been in their favor, they would not have incurred such fees.

Plaintiffs even assert a claim under the Alabama Litigation Accountability Act, ("ALAA"), alleging that the custody claims made the basis of the ongoing state court custody proceedings were frivolous.  (Doc. 1, Count XVII).  As stated in Defendants' Motion to Dismiss, the ALAA is only applicable within the context of the litigation where the allegedly frivolous claims were made. The ALAA does not create a new or separate cause of action that can be brought after a case is litigated in another court. *Plus Int'l, Inc.*, 689 So. 2d at 162; *Casey v. McConnell*, 975 So.2d 384, 388 (Ala. Civ. App. 2007) (citing *Gonzalez, LLC v. iVincenti*, 844 So. 2d 1196, 1201 (Ala. 2002)); *see also Head v. Baisden*, No. 7:14-CV-01788-HGD, 2015 WL 13743585, at *2 (N.D. Ala. Aug. 24, 2015).  In other words, that entire claim is mandated to be a part of the original state court legal proceedings.  However, Plaintiffs ask this Court for relief on those claims, which are clearly in the purview of the Jefferson County domestic relations court.

Plaintiffs' protest that their Complaint does not request relief from rulings related to the underlying custody proceedings is also belied by their own demand for relief. Although Plaintiffs understandably wish this Court to focus on their claim that they are not seeking reversal of any state court orders, the remaining prayer for relief includes the following:

> 907.  The Plaintiff seek access to a proper and unbiased court to hear these issues affecting minor children on their merits and further seek the following relief:

> WHEREFORE, Plaintiffs pray for judgment as follows:

> A      An order declaring that all Defendants' acts or omissions,
> described herein, violated the First, Fourt, Ninth, and Fourteenth
> Amendments to the United States Constitution;

(Doc. 1, pp. 178-79).

The acts or omissions described by Plaintiffs' Complaint specifically include those related court rulings on a variety of issues and taken by attorneys in the representation of their clients in the custody proceedings.  In short, Plaintiffs ask this Court to declare that the adverse rulings against them and the actions taken in representation of adverse parties in the litigation be ruled unconstitutional, and that the Court then become the tribunal to decide the issues affecting the minor children, i.e., the issues that are currently being litigated in state court.  This Court should decline.

With the above context in mind, Defendants turn to Plaintiffs' arguments on the law.

## A.  Rooker-Feldman Doctrine

Plaintiffs rely almost entirely on the Eleventh Circuit decision in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021).  In *Behr*, the Court analyzed the United States Supreme Court decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), specifically noting that *Exxon* narrowed the application of the doctrine to the original holdings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  According to the Eleventh Circuit:

> Those cases held that state court litigants do not have a right of
> appeal in the lower federal courts; they cannot come to federal
> district courts "complaining of injuries caused by state-court
> judgments rendered before the district court proceedings
> commenced and inviting district court review and rejection of those
> judgments."

*Behr*, 8 F.4th at 1209-10.  However, that Court went on to state:

> That said, *Rooker-Feldman* also does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else.

*Id.* at 1211.  (Citing to *May v. Morgan Cnty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017)("A 'state court loser cannot avoid *Rooker-Feldman*'s bar by cleverly cloaking her pleadings in the cloth of a different claim'")).

That is precisely what Plaintiffs' Complaint attempts to do here.  Plaintiffs' Complaint is an attempt to have this Court decide on the merits the same custody issues currently pending in state court.  A declaration that the actions of judges in ruling against these Plaintiff or the actions of attorneys in representing their clients were based upon unconstitutional acts would have the effect of negating those rulings.  Plaintiffs complain of injuries caused by state court rulings and ask this Court to reject those rulings as unconstitutional.

This is true regarding even seemingly unrelated causes of action.  Plaintiffs' claim for Fraud against these Defendants (Doc. 1, Count VI), specifically refers to statements made to the domestic relations court or other "multiple tribunals" within the context of the child custody litigation.  Count XI, for false imprisonment, specifically identifies an August 27, 2019, incident where Defendant Drennan **and** Ms. Deaton removed two of the children from school.  (Doc. 1, ¶¶ 157).  Plaintiffs contend that this was done without "both parent's consent."  (Doc. 1, ¶ 152).  The consent necessary for Ms. Deaton to have her attorney pick up the children from school is a matter within the custody rulings.  Although there is little context for Plaintiffs' defamation claim, the expressed statement of defamation is Drennan's alleged statement: "Mr. Deaton has historically interfered with the girls' mental health care which is why she was awarded such authority."  (Doc. 1, ¶ 835).  In other words, the authority granted by the state court judge.

Reviewing Plaintiffs' Complaint based upon substance rather than form makes clear that the basis for all their causes of action is exactly what they requested this Court to do:  Hear and decide issues regarding issues that affect the minor children.  That is the entire basis of the ongoing state court child custody proceedings.  It does not matter that Plaintiffs have cleverly cloaked their pleadings as different claims.  Accordingly, the *Rooker-Feldman* doctrine supports a dismissal of this case as an attempt to have this Court go behind the rulings of the state court judge, which were adverse to Plaintiffs, order that they were unconstitutional, and provide a venue for resolution of all issues "affecting minor children."

## B.  Younger Abstention Doctrine

Plaintiffs would have this Court restrict the application of the *Younger* abstention doctrine to cases seeking an injunction. That is not consistent with applicable law.

> Under Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.

Hawaii Housing Auth. V. Midkiff, 467 U.S. 229, 237-38 (1984).  Plaintiffs claims here, however couched, arise from actions allegedly taken by lawyers, judges, and others directly within the ambit of ongoing state court litigation.

The United States Supreme Court has held that the *Younger* abstention doctrine applies to state criminal prosecutions, civil enforcement proceedings and "'civil proceedings involving certain orders…uniquely in furtherance of the state court's ability to perform their judicial functions.'"  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013)(quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989).

Three factors must be examined when contemplating abstention under *Younger*: "(1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there

is an adequate opportunity to raise a constitutional challenge in the state court proceedings." *Chen v. Lester*, 364 Fed. App'x 531, (11th Cir. 2010)(citing Middlesex County Ethics *Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  In this case, all three requirements are met.

First, the state court custody proceedings remain pending at this time. Second, as noted by the Eleventh Circuit in *Davis v. Self*, 547 Fed. App'x 927 (11th Cir. 2013):

> There is no doubt that matters involving domestic relations and child custody implicate important state interests.

*Davis*, 547 Fed. App'x at 930 (citing *Moore v. Sims*, 442 U.S. 415, 43 (1979)("Family relations are a traditional area of state concern.")).  *See also*, *Narisco v. Walker*, 811 Fed. App'x 600, (11th Cir. 2020)(Applying *Younger* abstention where the federal suit "was an attempt to enjoin an ongoing child custody dispute – a strictly state court civil proceeding."); *Chen*, *supra*, at 535 ("Because family relations and matters of child custody are important state interests, the second *Middlesex* factor is satisfied.").  Finally, there is no evidence to suggest that Plaintiffs have no opportunity to raise the same challenges presented here in state court.  All of Plaintiffs' claims stem from the current state court proceedings.  The grievances raised here regarding the actions Plaintiffs have alleged injured them may be raised within the custody case in the trial court, the Alabama Court of Civil Appeals, and the Alabama Supreme Court.

Plaintiffs cannot escape application of this abstention doctrine with the argument that they have not asserted exactly the same claims in state court as they are asserting in this Court.  As previously outlined, Plaintiffs here attempt to attack the actions taken by state court judges and obtain relief from those actions.  There is no practical distinction between directly asking this Court to overturn adverse decisions in the child custody case and asking this Court to rule that the actions taken which led to those adverse decisions were unconstitutional.

Plaintiffs' reliance on *Ray v. Judicial Corrections Services*, 2013 U.S. Dist. LEXIS 139470 (N.D. 2013), is misplaced.  In *Ray*, this Court denied the defendant's request for abstention because there was no then pending state court litigation and the plaintiffs there were not attempting "to contradict or overturn the substance of the prior state court proceedings…." *Ray*, 2013 U.S. Dist. LEXIS at *36.  As previously outlined, Plaintiffs here are directly attacking substantive rulings in an ongoing child custody proceeding in state court, attempting to have this Court hear the issues related to the minor children.

Accordingly, *Younger* abstention is applicable to this case and should be applied.

## C.  Colorado River Abstention Doctrine

Plaintiffs contend that *Colorado River* abstention does not apply because their claims here do not involve the same parties, same relief or same issues as the child custody cases.  Certainly, Plaintiffs have artfully plead their causes of action here as distinct.  However, exact identity of the parties, relief requested and issues is not required for abstention.  Instead, the invocation of abstention under this doctrine requires only that the federal and state proceedings "involve **substantially** the same parties and **substantially** the same issues." *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004).  (Emphasis added).  Otherwise, "only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties." *Ambrosia Coal*, 368 F.3d at 1330.

Here, while the defendants are not "parties" in the underlying child custody proceedings, they are all directly involved in those proceedings as judges, lawyers, or persons acting under authority from judges and lawyers.  All the defendants have legal roles in the underlying proceedings.  As has been discussed, despite Plaintiffs' imagination in pleading, the requested

relief and the issues raised all involve the conduct of the underlying custody proceedings and ultimately attempt a usurpation of the decisions made in those state court proceedings. Accordingly, the parties and the issues are substantially identical.

Plaintiffs further content that none of the factors to be examined for application of *Colorado River* abstention are met. Those factors include:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights.

*Ambrosia Coal*, *supra*, at 1331. Contrary to Plaintiffs' contention, a number of these factors favor application of abstention.

First, the potential for piecemeal litigation exists should both federal and state cases move forward. Plaintiffs seek to have the actions of various persons involved in the state court custody cases declared unconstitutional. Such a ruling would necessarily impact the proceedings in state court. There are already two state court custody proceedings ongoing. The relief requested by Plaintiffs here attempts to invalidate the actions taken in state court. Because the state court proceedings are ongoing, additional actions in those courts adverse to Plaintiffs can reasonably be expected to give rise to additional litigation in both the state courts and in federal courts. That would include appellate litigation. The sheer number of defendants and divergent potential defenses that will exist depending on a particular defendant's status as a judge, lawyer, or lay person, will create a plethora of separate legal issues which could be subject to differing litigation and differing results. There is no foreseeable end to the various pieces of litigation that could arise should this Court allow Plaintiffs' case to proceed in federal court alongside the state court proceedings.

Also, the factor of the order of jurisdiction favors abstention.  The state court proceedings not only pre-date this action, but have been pending since 2018.  Plaintiffs' Complaint makes allegations of conduct going back for years, all in relation to those underlying custody cases.  This factor clearly supports abstention.

Further, there is no evidence in this case, and Plaintiffs have presented no argument, that the state court cannot adequately protect their rights. Plaintiffs have the right to an appeal, or even to petition for a writ of mandamus on interlocutory orders, through the appellate courts of Alabama.  Plaintiff Peake has already attempted to do so on at least one occasion.  [Doc. 1, ¶ 106]. The mere fact that Plaintiffs may not prevail does not mean that the state courts are not an adequate forum to protect their rights.  However, they have not yet attempted a substantive review of the constitutional issues presented here.  "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

In weighing these factors, "[n]o one factor is necessarily determinative…." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). Further, "[t]he weight to be given to any one factor may vary greatly from case to case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983).  The first factor of jurisdiction over property is not applicable in this case.  The remaining factors are neutral. Accordingly, of the three factors that carry weight, all support an application of abstention under the specific allegations made in this case.

### D. Child Custody Exception

Under this exception to the exercise of federal jurisdiction, the federal court should abstain "when hearing the claim would require the court to delve into the parties' domestic affairs." *Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999). Plaintiff contend that they do not seek a child custody decree or look to reverse state court orders. However, as demonstrated, the relief requested by Plaintiffs can only have the affect of reversing state court orders which Plaintiffs ask this Court to determine were the result of unconstitutional actions by the defendants. Plaintiffs' entire Complaint disputes the propriety of underlying child custody orders, as well as actions taken to obtain those orders and in response to those orders. Plaintiffs cannot credibly claim that their purpose in filing this case is not to alter the prior custody rulings and orders associated therewith.

The relief requested by Plaintiffs unquestioningly requires this Court to "delve into the parties' domestic affairs." Every aspect of this case is premised upon domestic affairs. Plaintiffs' argument that these defendants are not parties to the state court action is unavailing because, as previously noted, all defendants are directly involved in that action. Further, while not parties to this suit, there can be little doubt that rulings by this Court which alter the state court proceedings will directly impact the non-party parents to the minor plaintiffs in this case, each of which have a legal claim of custody. Plaintiffs' reliance on *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134 (11th Cir. 2019), is misplaced. That case did not involve an attempt to have custody rulings declared unconstitutional, but with an alleged fraudulent transfer of property in the context of an action for breach of a partnership agreement. *Alliant Tax*, 924 F.3d at 1138. The only domestic connection involved the plaintiffs' allegation that property subject to collection on a judgment had been fraudulently transferred through the defendant's divorce proceedings. *Id.*

In contrast, Plaintiffs' action here is directly related to the ongoing state court child custody proceedings.  The case "'is a "core" domestic relations case….'"  *Id.* at 1146 (citing and quoting *Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987)).  This Court should not involve itself in the state court child custody proceedings under the child-custody exception when the purpose of Plaintiffs' Complaint is to directly impact state court custody rulings.

In addition to the above arguments, the Drennan Defendants also incorporate and adopt the legal arguments expressed by Defendants Wendy Crew, Christina Vineyard, Crew Gentle Law, and Crew Law Group, filed on this same date.

Respectfully submitted this the 8th day of September 2023.

/s/ Melisa C. Zwilling
Melisa C. Zwilling (ASB-5026-R71M)
David McAlister (ASB-0399-A49D)
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Fax: (205) 822-2057
Email: mzwilling@carrallison.com
dmcalister@carrallison.com

Robert P. MacKenzie, III (ASB-8232-A50R)
Averie L. Armstead (ASB-3698-D00R)
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, 7th Floor
Birmingham, Alabama 35209
Telephone: (205) 868-6000
Fax: (205) 868-6099
Email: bmackenzie@starneslaw.com
aarmstead@starneslaw.com
***Counsel for Defendants Jessica Kirk Drennan,***
***Amanda Rucks Duncan and Kirk Drennan, P.C.***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this the 8th day of August 2023, I electronically filed a copy of the foregoing with the Clerk of the Court via CM/ECF which will notify all counsels of record.

*/s/ Melisa C. Zwilling*
OF COUNSEL