**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **D. DEATON, et al.,** ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 23-cv-00713-RDP |
| **PATRICIA STEPHENS, et al.,** ) | |
| **Defendants.** ) | |

**MOTION FOR SANCTIONS**

**COME NOW** Defendants Kim Davidson and Kim Davidson Law Office, LLC, and move this Honorable Court to impose sanctions on plaintiffs and plaintiffs' counsel pursuant to the Alabama Rules of Professional Conduct, the ABA Model Rules of Professional Conduct, the Local Rules of the Northern District of Alabama and Rule 11 of the Federal Rules of Civil Procedure. In support of this motion, the Davidson Defendants show as follows:

**A.  PROFESSIONAL MISCONDUCT**

1.  The bar of this Honorable Court consists of those persons previously admitted to (and not removed from) the bar of this court and of those persons who hereafter are admitted under this Rule. Rule 83.1(a) of the Local Rules of the Northern District of Alabama. Upon information and belief, Scott Tindle is a member of the bar of the United States District Court for the Northern District of Alabama.

2. Rule 82.1(f) of the Local Rules provides that "each attorney who is admitted to the bar of this court or who appears in this court pursuant to subsection (b) or (c) of this Rule is required to be familiar with, and shall be governed by, the Local Rules of this court; and, to the extent not inconsistent with the preceding, the Alabama Rules of Professional Conduct adopted by the Alabama Supreme Court; and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct, except Rule 3.8(f) thereof."

3. Rule 3.1(a) of the Alabama Rules of Professional Conduct provides that, in his representation of a client, a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the lawyer's client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

4. In this case, Scott Tindle has asserted a position that prior to the filing of this lawsuit, two of the Defendants in this case engaged in an extramarital affair. This allegation serves no other purpose but to harass and/or maliciously injure the two Defendants that are the target of this allegation. This allegation has been made in violation of Rule 3.1(a) of the Alabama Rules of Professional Conduct.

5. In this case, Scott Tindle has asserted a position that one of the Defendants suffers from a substance abuse disorder. This allegation serves no other

purpose but to harass and or maliciously injure the Defendant that is the target of this allegation. This allegation has been made in violation of Rule 3.1(a) of the Alabama Rules of Professional Conduct.

6. Rule 4.1(a) of the Alabama Rules of Professional Conduct provides that, in the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person.

7. On July 10, 2023, Scott Tindle made a statement that Kim Davidson filed a pleading in this court in this case stating that "everyone knows I am an addict, therefore, I cannot be held accountable for my actions". There is no conceivable basis for Scott Tindle to believe this statement to be true and Scott Tindle knows this statement is not true. This statement was made by Scott Tindle in violation of Rule 4.1(a) of the Alabama Rules of Professional Conduct.

8. On July 10, 2023, Scott Tindle made a statement that Kim Davidson filed a pleading in this court in this case stating that "everyone knows I'm an addict, so I should not have been appointed to any of these cases anyway." There is no conceivable basis for Scott Tindle to believe this statement to be true and Scott Tindle knows this statement is not true. This statement was made by Scott Tindle in violation of Rule 4.1(a) of the Alabama Rules of Professional Conduct.

9. On July 10, 2023, Scott Tindle made a public statement that one of the Defendants in this case, Kim Davidson, is a criminal. Kim Davidson has never been convicted of a crime and there is no conceivable basis for Scott Tindle to believe this statement to be true and Scott Tindle knows this statement is not true. This statement was made by Scott Tindle in violation of Rule 4.1(a) of the Alabama Rules of Professional Conduct.

10. Rule 8.2(a) of the Alabama Rules of Professional Conduct provides that a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer, or of a candidate for election or appointment to judicial or legal office.

11. On July 10, 2023, Scott Tindle made a public statement that a defendant in this case who serves as a Circuit Judge for the Jefferson County Circuit Court, is engaged in a criminal enterprise knowing this statement to be false or with reckless disregard for the falsity concerning the integrity of this judge. This statement was made in violation of Rule 8.2(a) of the Alabama Rules of Professional Conduct.

12. On July 10, 2023, Scott Tindle made a second public statement that a defendant in this case who serves as a Circuit Judge for the Jefferson County Circuit Court is engaged in a criminal enterprise knowing this statement to be false or with

reckless disregard for the falsity concerning the integrity of this judge. This statement was made in violation of Rule 8.2(a) of the Alabama Rules of Professional Conduct.

13. Rule 8.4(a) of the Alabama Rules of Professional Conduct provides that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct.

14. Scott Tindle has repeatedly, knowingly, intentionally and publicly engaged in misconduct by violating Rules 3.1(a), 4.1(a), and 8.2(a) of the Alabama Rules of Professional Conduct in violation of Rule 8.4(a) of the Alabama Rules of Professional Conduct and Rule 82.1(a) of the Local Rules of the Northern District of Alabama.

15. Rule 8.4(c) of the Alabama Rules of Professional Conduct provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

16. Scott Tindle has repeatedly, knowingly, intentionally and publicly engaged in conduct involving dishonesty and misrepresentation, supra, in violation of Rule 8.4(c) of the Alabama Rules of Professional Conduct, Rule 8.2(a) of the Alabama Rules of Professional Conduct, and Rule 82.1(a) of the Local Rules of the Northern District of Alabama.

17. Rule 4.1 of the ABA Model Rules of Professional Conduct provides that,

in the course of representing a client a lawyer shall not knowingly, make a false statement of material fact or law to a third person.

18. On July 10, 2023, Scott Tindle made a statement that Kim Davidson filed a pleading in this court in this case stating that "everyone knows I am an addict, therefore, I cannot be held accountable for my actions". There is no conceivable basis for Scott Tindle to believe this statement to be true and Scott Tindle knows this statement is not true. This statement was made by Scott Tindle in violation of Rule 4.1(a) of the ABA Model Rules of Professional Conduct.

19. On July 10, 2023, Scott Tindle made a statement that Kim Davidson filed a pleading in this court in this case stating that "everyone knows I'm an addict, so I should not have been appointed to any of these cases anyway." There is no conceivable basis for Scott Tindle to believe this statement to be true and Scott Tindle knows this statement is not true. This statement was made by Scott Tindle in violation of Rule 4.1(a) of the ABA Model Rules of Professional Conduct.

20. On July 10, 2023, Scott Tindle made a public statement that one of the Defendants in this case, Kim Davidson, is a criminal. Kim Davidson has never been convicted of a crime and there is no conceivable basis for Scott Tindle to believe this statement to be true and Scott Tindle knows this statement is not true. This statement was made by Scott Tindle in violation of Rule 4.1(a) of the ABA Model Rules of

Professional Conduct.

21. On July 10, 2023, Scott Tindle made a public statement that a defendant in this case who serves as a Circuit Judge for the Jefferson County Circuit Court, is engaged in a criminal enterprise knowing this statement to be false or with reckless disregard for the falsity concerning the integrity of this judge. This statement was made in violation of Rule 4.1(a) of the ABA Model Rules of Professional Conduct.

22. On July 10, 2023, Scott Tindle made a second public statement that a defendant in this case who serves as a Circuit Judge for the Jefferson County Circuit Court is engaged in a criminal enterprise knowing this statement to be false or with reckless disregard for the falsity concerning the integrity of this judge. This statement was made in violation of Rule 4.1(a) of the ABA Model Rules of Professional Conduct.

23. Rule 8.4(a) of the ABA Model Rules of Professional Conduct provide that it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.

24. Scott Tindle has repeatedly, knowingly, intentionally and publicly engaged in misconduct by repeatedly violating the ABA Model Rules of Professional Conduct, supra, in violation of Rule 8.2(a) of the ABA Model Rules of Professional

Conduct.

25. Rule 8.4(c) of the ABA Model Rules of Professional Conduct provide that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

26. Scott Tindle has repeatedly, knowingly, intentionally and publicly engaged in misconduct by repeatedly violating the ABA Model Rules of Professional Conduct, supra, in violation of Rule 8.2(a) of the ABA Model Rules of Professional Conduct.

27. Rule 82.1(f) of the Local Rules of the Northern District of Alabama provides that acts and omissions by any such attorney which violate such standards, individually or in concert with any other persons, shall constitute misconduct, whether or not occurring in the course of an attorney-client relationship, and shall be grounds for discipline, as shall the commission by an attorney of any serious crime.

28. Discipline under Rule 82.1(f) for such misconduct may consist of disbarment, suspension, censure, reprimand, removal from a particular case, ineligibility for appointment as court-appointed counsel, ineligibility to appear under subsections (b) and (c), monetary sanctions, or any other sanction the court may deem appropriate. See Rule 82.1(f), Local Rules of the Northern District of Alabama.

WHEREFORE, the Davidson Defendants pray this Honorable Court will cause an investigation to be conducted concerning Attorney Scott Tindle's professional misconduct and after a hearing on the merits, censure Attorney Scott Tindle or impose any other sanction the court may deem appropriate to remedy said professional misconduct pursuant to the Local Rules of the Norther District of Alabama.

**B.    RULE 11**

29.    On June 2, 2023, D. Deaton, T. Peake and their counsel filed a 186 page Complaint against many different parties. (Doc. 1).

30.    The Complaint asserts six (6) claims against all defendants including the Davidson Defendants: Count One- a Section 1983 claim; Count Two- a RICO claim; Count Three- a RICO Conspiracy claim; Count Four- a Civil Conspiracy claim; Count Five- an Abuse of Process claim; and Count Six- a Fraud claim.

31.    In count XXVII of their complaint, Plaintiffs Deaton J.K.D., L.W.D., and R.E.D. allege that this Defendant is an attorney licensed to practice law in the State of Alabama (¶ 876); it is well known within the Birmingham legal community that Attorney Davidson suffers from substance abuse disorder and became known to Mr. D. Deaton only after Attorney Davidson became involved in his case and directed the actions of his children separate, apart, and unnecessary to the litigation process and without authority to direct the actions she purported to require (¶ 877); Attorney

Davidson was impaired to the extent that she could not render the services she accepted (¶ 878); the Defendant failed to exercise the reasonable care and skill expected of an attorney in the same or similar circumstances (¶ 879); as a direct and proximate result of the Attorney Davidson's breach of the standard of care, Mr. D. Deaton, J.K.D, L.W.D., and R.E.D. have suffered damages, including but not limited to an increase in unnecessary legal fees, court costs, lost wages, and mental or emotional distress (¶ 880).

32. On June 19, 2022, undersigned counsel served plaintiffs counsel with a letter putting counsel on notice pursuant to Rule 11 and the Alabama Litigation Accountability Act.

33. Plaintiffs' counsel responded and informed undersigned counsel, upon consultation with his clients, he and his clients (1) intended to pursue their claims against these Defendant and (2) waived the 21 day period for undersigned counsel to file this motion.

34. On September 19, 2023, this Court dismissed the Complaint against the Davidson Defendants finding that the claims were barred by the judicial abstention doctrines of Rooker- Feldman, Younger, Colorado River and the domestic relations exception.

35. The claims asserted in the Complaint by D. Deaton and T. Peake against the Davidson Defendants were made for an improper purpose such as to harass, cause unnecessary delay or needlessly increase the cost of litigation – Rule 11(b)(1); are unwarranted under existing law – Rule 11(b)(2); and the factual allegations have no evidentiary support- Rule 11(b)(3). Violations of Rule 11(b) mandate sanctions against the offending party. Gulisano v. Burlington, Inc., 34 F.4th 935, 941-42 (11th Cir. 2022).

### 1. Claims Presented for Improper Purpose

36. It is clear from the numerous allegations in the Complaint, that D. Deaton and T. Peake were disappointed that they lost their respective custody claims in the Divorce Court and wanted a "second bite at the apple." Rather than assert all his claims in the Divorce Court or in an appeal to the Alabama Court of Civil Appeals/Alabama Supreme Court, D. Deaton and T. Peake filed this one hundred and eighty-six (186) page Complaint against anyone who had anything to do with their divorce case.

37. The clear purpose of this frivolous case sub judice was to harass all Defendants. The Complaint was replete with innuendo and scandalous, irrelevant allegations that were intended to damage the reputations of the defendants.

### 2. Claims Unwarranted Under Existing Law

38. In Count One, the Davidson Defendants were sued under 42 U.S.C. § 1983 & 18 U.S.C. § 242 for alleged constitutional deprivations. The fundamental problem with the Section 1983 claim was that the Former In-Law Defendants were not state actors. Also, 18 U.S.C. § 242 does not provide for a civil remedy. Thus, the claims asserted in Count One were frivolous (unwarranted under existing law).

39. In Counts Two & Three, the Davidson Defendants were sued for alleged violations of the RICO statute and for a RICO conspiracy. The fundamental problem with these claims was that there were no facts to support the assertion that the Davidson Defendants engaged in "racketeering activity" or participated in a "criminal enterprise". Thus, the claims asserted in Counts Two & Three were unwarranted under existing law.

40. In Count Four, the Former In-Law Defendants were sued for a civil conspiracy. The Complaint failed to articulate what the alleged conspiracy involved because no tort was alleged. Thus, the claim asserted in Count Four was unwarranted under existing law.

41. In Count Five, the Former In-Law Defendants were sued for abuse of process. The Complaint failed to allege how the Davidson Defendants abused any legal process with the plaintiffs. Thus, the claim asserted in Count Five was

unwarranted under existing law.

43. In Count Six, the Davidson Defendants were sued for fraud. The Complaint failed to allege how the Defendants misrepresented to, or suppressed from, any facts that were allegedly relied upon by plaintiffs. Thus, the claim asserted in Count Six was unwarranted under existing law.

44. The Plaintiffs should have anticipated that the claims may be dismissed based upon one or more of the judicial abstention doctrines. In the Eleventh Circuit, similar claims were dismissed under one or more of the applicable abstention doctrines. See e.g., Efron v. Candelario, 2023 WL 2394592 (S.D. Fla., February 3, 2023) (Rooker-Feldman doctrine bars RICO action by former spouse); Narciso v. Walker, 811 F. App'x 600 (11th Cir. 2020)(Younger abstention doctrine applied to bar ex-husband's Section 1983 action against judges and private individuals involved in child custody dispute); McCavey v. Gold, 625 Fed.Appx. 968 (11th Cir. 2015)(Rooker-Feldman doctrine bars Section 1983 claims made by ex-spouse); Cormier v. Horkan, 397 Fed.Appx. 550 (11th Cir. 2010)(Rooker-Feldman doctrine barred husband RICO and 1983 action against judges and people involved in divorce case); Casale v. Tillman, 558 F.3d 1258 (11th Cir. 2009)(Rooker-Feldman doctrine barred action against former wife). Counsel for the Plaintiffs should have anticipated that their claims may be dismissed for lack of subject matter jurisdiction based upon

one or more of these judicial abstention doctrines. The failure to do so was not excusable neglect, it was inexcusable contempt.

### 3. The Factual Allegations Had No Evidentiary Support

45. The plaintiffs asserts six (6) claims against all defendants including the Davidson Defendants: Count One- a Section 1983 claim; Count Two- a RICO claim; Count Three- a RICO Conspiracy claim; Count Four- a Civil Conspiracy claim; Count Five- an Abuse of Process claim; and Count Six- a Fraud claim. However, the plaintiffs did not support any set of facts that, if true, would support either of these claims.

46. In count XXVII of their complaint, Plaintiffs Deaton J.K.D., L.W.D., and R.E.D. allege that Kim Davidson is an attorney licensed to practice law in the State of Alabama (¶ 876); the Defendant failed to exercise the reasonable care and skill expected of an attorney in the same or similar circumstances (¶ 879); as a direct and proximate result of the Attorney Davidson's breach of the standard of care, Mr. D. Deaton, J.K.D, L.W.D., and R.E.D. have suffered damages, including but not limited to an increase in unnecessary legal fees, court costs, lost wages, and mental or emotional distress (¶ 880). However, the plaintiffs did not assert any putative facts in support of these conclusory allegations.

47. Undersigned counsel represented the Davidson Defendants in this matter *pro bono*. However, undersigned counsel provided in excess of 40 hours of legal services to the Davidson Defendants valued at $10,000.00 that could have been invested in support of less frivolous and more meaningful and productive endeavors.

**WHEREFORE**, the Davidson Defendants move this Honorable Court to set this matter for hearing and give plaintiffs and their counsel an opportunity to show cause, if any, why they should not be sanctioned pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/Scott A. Gilliland
400 Vestavia Parkway Suite 100
Vestavia Hills, AL 35216
Telephone: 205-978-8800
Email: scott@scottgilliland.net

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record on this __1st__ day of October, 2023.

                                                Scott A. Gilliland
                                               COUNSEL FOR PLAINTIFF