UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. DEATON, T. PEAKE, J.K.D., L.W.D., R.E.D., and G.M.W., <br><br> Plaintiffs, <br><br> v. <br><br> PATRICIA STEPHENS *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 2:23-cv-00713-RDP |

---

### BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AGAINST ATTORNEY SCOTT TINDLE AND PLAINTIFFS DREW DEATON AND TAYLOR PEAKE

---

**COMES NOW**, Defendant, Gary W. Lee ("Mr. Lee")[1], and submits this Brief in Support of his contemporaneously filed Motion for Sanctions Against Attorney Scott Tindle and, Plaintiffs, Drew Deaton ("Deaton") and Taylor Peake ("Peake")(Deaton and Peake, together, "Plaintiffs") under Fed.R.Civ.P 11(b), 28 U.S.C. § 1927, and Local Rule 82.1(f), as applicable.

### PROCEDURAL HISTORY

On June 9, 2023, Mr. Lee served a copy of his Motion for Sanctions on attorney Scott Tindle. *See* Doc. 107-1.

On June 23, 2023, Mr. Lee filed a Motion for More Definite Statement (Doc. 49) in which he requested that the Court summarily strike the Complaint (Doc. 1) filed by Plaintiffs, as being a shotgun pleading violative of Federal Rules of Civil Procedure 8(a)(2) and 10(b).

---

[1] This Brief refers to both defendant Gary W. Lee and his spouse, defendant Laura Montgomery Lee. For purposes of clarity, they will be referred to herein as Mr. Lee and Mrs. Lee, respectively.

1

On July 19, 2023, Mr. Lee filed the Motion for Sanctions (Doc. 107, 107-1) and an accompanying Brief in Support (Doc. 108).

On September 19, 2019, the Court entered and Order (Doc. 207) and Memorandum Opinion (Doc. 206) in which it granted Mr. Lee's Motion for More Definite Statement (Doc. 49) and dismissed Plaintiffs' Complaint. In the Order, the Court administratively terminated Mr. Lee's Motion for Sanctions (Doc. 107), but retained jurisdiction over this matter to consider any renewed motions for sanctions the parties may wish to file. By filing the contemporaneously filed Motion for Sanctions and this Brief in Support, Mr. Lee renews his Motion for Sanctions in accordance with the Court's September 19, 2023 Order.

## STATEMENT OF FACTS

**A.     Facts Related to Allegations of an Extramarital Affair Between Mr. Lee and Mrs. Lee**

Plaintiff's Complaint (Doc. 1) in this matter contains the following false and defamatory allegations of fact (with the specific false and defamatory allegations in bold and italics):

> 32.   Defendant Laura Montgomery Lee, ***while dating him***, represented Defendant Gary Lee ***in his divorce*** actions before Judge Chappell. (Doc. 1, ¶ 32, Page 15).
>
> A.   ***Attorney Montgomery Lee and Attorney Lee's Affair and Collusion to Defraud.*** (Doc. 1, Page 32).
>
> 80.   Attorney Montgomery Lee and her now husband, ***Attorney Lee, were romantically involved when Attorney Montgomery Lee was representing Attorney Lee as legal counsel in his divorce***. (Doc. 1, ¶ 80, Page 32).
>
> 83.   Attorney Montgomery Lee and Attorney Lee ***conspired together to litigate against his then-wife, who was suffering from a breast cancer diagnosis***. (Doc. 1, ¶ 83, Page 32).
>
> 84.   Said litigation involved Attorney Lee's ex-wife paying hundreds of thousands of dollars from her retirement account to Attorney Lee, ***while his girlfriend, Attorney Montgomery Lee, was serving as his attorney***. (Doc. 1, ¶ 84, Page 32).

88. At least on or before January 12, 2017 and on every date following, Attorney Montgomery Lee intentionally suppressed material facts to the Alabama State Bar and Attorney Lee's ex-wife regarding the state of Attorney Montgomery Lee's **romantic relationship with her client, Attorney Lee**. (Doc. 1, ¶ 88, Page 33).

91. Months following the entry of the order and leading up to the announcement of Attorney Lee and Attorney Montgomery Lee's wedding, **both defendants later admitted that they were dating on or before January 12, 2017.** (Doc. 1, ¶ 91, Page 33.

92. Firms Wallace Jordan and Crittenden Partners **colluded to increase billings** gained from Attorney Montgomery Lee and Attorney Lee's **unethical legal representation and referrals** during **and after their personal affair.** (Doc. 1, ¶ 92, Page 34).

**B.     Facts From Mr. Lee's Declaration Rebutting the Allegations**

In Mr. Lee's contemporaneously filed Declaration in Support of Motion for Sanctions, Mr. Lee recounts his divorce from his former spouse in ¶¶ 1-9; recounts the origins of his relationship with his now-wife, Mrs. Lee, in ¶¶ 10-13; describes his ongoing work relationship with Mrs. Lee in ¶¶ 14-16; specifically addresses the false allegations, <u>item by item</u>, in the Complaint in ¶¶ 17-27; and, describes his efforts to provide Plaintiffs and their counsel accurate information in hopes that they would withdraw their harmful allegations in ¶¶ 28-30.

In summary, Mr. Lee states in his Declaration that he signed his divorce settlement papers on November 22, 2016; purchased a new home on November 23, 2016; moved into his new home on December 5, 2016; and that his divorce decree was entered on December 28, 2016.  He states that his divorce from his former spouse was a routine divorce initiated by his former spouse. During the entirety of the divorce, Mr. Lee states that his former spouse was completely healthy and not suffering from a breast cancer diagnosis, as stated in the Complaint.

At the time of Mr. Lee's December 28, 2016 divorce, Mr. Lee states that he had only seen Mrs. Lee two times – both times at her office in meetings about his divorce. After Mr. Lee was divorced from his former spouse, Mr. and Mrs. Lee matched on the dating app, "Bumble," on January 5, 2017. Two of Mrs. Lee's law partners were in the room with Mrs. Lee when she matched with Mr. Lee. Mr. Lee has provided to Plaintiffs' counsel a screenshot of his Bumble app from January 5, 2017, which shows the match with Mrs. Lee and includes metadata showing that it was captured on January 5, 2017 at 5:42 p.m. Mr. Lee states that the third time he ever saw Mrs. Lee was on their first date at Five Point Public House and Oyster Bar at 6:00 p.m. on January 12, 2017 – after Mr. Lee was divorced from his former spouse.

As to the existence or non-existence of an affair, Mr. Lee States as follows in Paragraph 10 of his Declaration:

> Without qualification of any nature, and under penalty of perjury and Rule 11 sanctions, myself, **I did not have an affair or any sort of romantic or physical relationship of any kind with Mrs. Lee at any point during my marriage to my ex-wife.**

Regarding Mr. and Mrs. Lee's ongoing professional relationship, Mr. Lee states that his firm and Mrs. Lee's firm have referred cases to each other on multiple occasions. He states that, to the best of his knowledge, neither firm has received any referral fees or other compensation from the other and that attorneys with both firms have acted in full compliance with the Alabama Rules of Professional Conduct with respect to all cases referred between the two firms.

# ARGUMENT

A.   **The False Allegations in the Complaint Regarding an Affair are Merely for Purposes of Harassment in Violation of Fed.R.Civ.P. 11(b)(1).**

Federal Rule of Civil Procedure 11(b)(1) provides that: "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances . . . [that] it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation**. Fed.R.Civ.P. 11(b)(1)(emphasis added).

Plaintiffs' intent in including accusations of an affair between Mr. and Mrs. Lee in the Complaint can be gleaned from the irrelevance of the allegations to the claims in the Complaint. The claims against Mr. Lee are: Count I (Deprivation of Rights Under Color of Law); Count II (RICO); Count III (RICO Conspiracy); Count IV (Civil Conspiracy); Count V (Abuse of Process); Count VI (Fraud); Count XIV (Invasion of Privacy); and Count XVIII (Alabama Litigation Accountability Act).

The allegation that Mr. Lee had an extramarital affair with Mrs. Lee is false. More importantly, for the purposes of Fed.R.Civ.P. 11(b)(1), it is also unequivocally unrelated to any claim against Mr. Lee or Mrs. Lee in this case. It simply does not matter to the claims in this case whether Mr. and Mrs. Lee began dating on January 12, 2017, as Mr. Lee states in his Declaration, or whether the two were dating fifteen days earlier on the day of Mr. Lee's December 28, 2016 divorce, as Plaintiffs allege. Mr. Lee and Mrs. Lee undisputedly began dating over a year prior to the day that Mrs. Lee first crossed paths with Ms. Peake in March of 2018. (Doc. 1, ¶ 94, Page 34).

5

In addition, the terms of Mr. Lee's 2016 divorce from his former spouse or his former spouse's health at the time are equally irrelevant to the claims in this case. The is no possible way to make the logical connection that the state of Mr. Lee's marriage or his divorce impact Plaintiffs in any way. The allegations in the Complaint are serious ones, but the existence or non-existence of an affair sometime in 2016, the terms of Mr. Lee's divorce in 2016, or the health of his former spouse in 2016, make it no more or less likely that Mr. Lee or Mrs. Lee wronged Ms. Peake sometime after Mrs. Lee first spoke to Mrs. Peake about her divorce in March of 2018. (Doc. 1, ¶ 94, Page 34).

By all accounts, the Plaintiffs, on the one hand, and Mr. and Mrs. Lee on the other hand, were complete strangers at the time of Mr. Lee's divorce. Plaintiff's allegations as to an affair and Mr. Lee's dealings with his former spouse are not only unrelated to the factual matters that might support the claims in the Complaint, but they are also completely remote in time.

There is no possible reason for Plaintiffs to have included these wholly irrelevant allegations in the Complaint other than to harass and impugn the reputation of Mr. Lee. This conduct is prohibited by Fed.R.Civ.P. 11(b)(1).

**B.     The Claims in Plaintiffs' Complaint are Not Warranted by Existing Law, are Objectively Frivolous, and Were Initiated by the Filing of a Shotgun Pleading in Violation of Fed.R.Civ.P. 11(b)(2).**

Federal Rule of Civil Procedure 11(b)(2) provides that: "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances . . . [that] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law**. Fed.R.Civ.P. 11(b)(2)(emphasis added).

Plaintiffs' claims in their Complaint are objectively frivolous and stood absolutely no chance of success in this Court. In its Memorandum Opinion, this Court held that "it is crystal clear that Plaintiffs now want a re-do in this court and an order holding that the state court's decisions were tainted by the allegedly unconstitutional actions of Defendants" in their request for "'[a]n order declaring that all Defendants' acts or omissions' related to the state law cases are unconstitutional." (Doc. 206, Page 8). The "re-do" sought by Plaintiffs, according to the prior order of the Court, was a frivolous attempt.

In addition to the improper relief sought, Plaintiffs' case was initiated by a shotgun pleading. "The deliberate use of a shotgun pleading is an abusive litigation tactic which amounts to obstruction of justice." *Trump v. Clinton*, No. 22-14102-CV, 2023 WL 333699, at *4 (S.D. Fla. Jan. 19, 2023)(*quoting Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 982 n.66 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly* (2007). In *Trump v. Clinton*, the United States District Court for the Southern District of Florida wrote as follows in relation to the subject complaint, which seems to be cut from the same cloth as the Complaint in this case:

7

> The Amended Complaint is a hodgepodge of disconnected, often immaterial events, followed by an implausible conclusion. This is a deliberate attempt to harass; to tell a story without regard to facts.
>
> In order to understand the scope of this abuse, multiply the above discussion by thirty-one defendants and their lawyers, forced to try to analyze and defend against the sprawling Complaints. I sifted through the thread of allegations against each defendant only to find they added up to no cognizable claim. And the pleadings were drafted in a way to disguise that fact.

*Trump v. Clinton*, No. 22-14102-CV, 2023 WL 333699, at *6 (S.D. Fla. Jan. 19, 2023), appeal dismissed, No. 23-10536-J, 2023 WL 3477967 (11th Cir. Apr. 6, 2023)(noting that "[i]n three instances the Eleventh Circuit has found shotgun pleadings, less problematic than the pleadings [in Trump v. Clinton], as a basis for sanctions" and assessing $937,989.39 against the Plaintiff and his counsel). Plaintiff should be similarly sanctioned for the filing of the vague, but nevertheless fantastical, shotgun Complaint.

**C.      Plaintiffs Failed to Conduct a Prefiling Inquiry Into the Allegations of an Affair in Violation of Fed.R.Civ.P. 11(b)(3).**

Federal Rule of Civil Procedure 11(b)(3) provides that: "By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances . . . [that] the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .." Fed.R.Civ.P. 11(b)(3)(emphasis added).

"Rule 11 stresses the need for some prefiling inquiry." *Mike Ousley Prods., Inc. v. WJBF-TV,* 952 F.2d 380, 382 (11th Cir. 1992). "As such, [Rule 11] 'imposes 'an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing,' and 'the applicable standard is one of reasonableness under the circumstances.'" *Trump v. Clinton*, No. 22-14102-CV, 2022

WL 16848187, at *3 (S.D. Fla. Nov. 10, 2022)(quoting *Walther v. McIntosh*, 572 F. App'x 881, 883 (11th Cir. 2014) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 551, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)("Rule 11 ... imposes an objective standard of reasonable inquiry ....").

Plaintiffs did not conduct a reasonable inquiry before alleging that Mr. Lee had an extramarital affair with Mrs. Lee when he was married to his previous spouse. As such, they should be sanctioned.

"To resolve a Rule 11 motion, a court is to apply 'an objective standard of reasonable inquiry on represented parties who sign papers or pleadings." *Atlanta Channel, Inc. v. Solomon*, No. CV 15-1823 (RC), 2020 WL 1508587, at *10 (D.D.C. Mar. 30, 2020)(qouting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 554 (1991).

"Under Rule 11, 'a complaint containing allegations unsupported by *any* information obtained prior to filing, or allegations based on information which minimal factual inquiry would disprove, will subject the author to [Rule 11] sanctions.'" *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 483–84 (4th Cir. 2009)(emphasis in original)(quoting *In re Kunstler*, 914 F.2d 505, 516 (4th Cir.1990). "To be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).

The certification requirement of Rule 11(b) "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *See Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 383 (11th Cir. 1992). Had Plaintiffs conducted the required prefiling inquiry, they would have found no evidentiary basis for an affair, because the

affair did not occur, nor was there any conduct between Mr. Lee and Mrs. Lee that would lead one to conclusion that the two might have had an affair.

Had Plaintiffs conducted such an inquiry, they would have found that no one ever saw Mr. and Mrs. Lee together outside of Mrs. Lee's office during regular business hours, and that there is not a single piece of evidence or a witness who has evidence of an affair or any conduct that would make an affair seem remotely plausible. As stated in his Declaration, Mr. Lee was in the same place, at the same time, as Mrs. Lee only two times during his marriage to his former spouse. Each of those times were meetings in Mrs. Lee's office about Mr. Lee's divorce case. Whatever information on which Plaintiffs was relying to make the allegation of an affair, a "minimal factual inquiry would disprove" the information. *See Baker,* 358 F. App'x at 483.

In addition to not having conducted a reasonably pre-filing inquiry, Plaintiffs were furnished with information from Mr. Lee establishing the non-existence of an extramarital affair; however, Plaintiffs refused, in writing, to investigate. In *Turner v. Sungard Bus. Sys., Inc.*, the Eleventh Circuit Court of Appeals cited with approval the advisory committee notes to the 1993 amendments regarding the maintenance of a position that turns out to be meritless:

> It [Rule 11] also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable....
> . . . .
> [A] litigant's obligations with respect to the contents of these papers are **not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit**. For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as "presenting to the court" that contention and would be subject to the obligations of subdivision (b) measured as of that time.

*Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996)(emphasis added).

On June 9, 2023, Mr. Lee served Tindle with the Motion for Sanctions and a screenshot from his Bumble app from January 5, 2017. This screenshot proves that Mr. and Mrs. Lee began

10

their romantic relationship after Mr. Lee's December 28, 2016 divorce. The Motion includes the names of two lawyers, Paige Yarbrough and Rachel Martin, who were **in the room** with Mrs. Lee when she matched on a dating app with Mr. Lee and thus can provide first-hand, non-hearsay, testimony as to what they witnessed and the circumstances of the inception of Mr. and Mrs. Lee's relationship.

The Motion for Sanctions, additionally, has sworn testimony from Mr. Lee that there was no affair and it details exactly when and where the two parties were together during Mr. Lee's marriage. With the screenshot showing the match on January 5, 2017, the sworn testimony on Mr. Lee's side of the equation, and two credible lawyers who have first-hand knowledge of Mrs. Lee's side of the equation, Plaintiffs still refused to even make a phone call. Instead, they continued to rely on what we can only assume is an unsubstantiated rumor. When presented with the evidence of the non-existence of an affair, Mr. Tindle replied by email as follows:

> Gary,
>
> After reviewing your Rule 11 demand and consulting with my clients, we maintain the veracity of the allegations in the complaint and look forward to proving them at trial. These allegations were made after more than a reasonable inquiry and largely confirmed in material substance by your motion. Should you still believe you are entitled to any relief under Rule 11, which would be mistaken, we will not object to the timeliness of the filing should you choose to do so before the 21 day period runs.
>
> Cheers!
>
> Scott

*See* (Doc. 107-2, Page 1)

Plaintiffs and their counsel have been given every opportunity to verify the facts in their Complaint. First, they were required to conduct a reasonable inquiry to show evidentiary support for the allegations in the Complaint. They failed to do so. Second, Plaintiffs were furnished with

11

Mr. Lee's sworn statement, Mr. Lee's dating app screenshot, and the names of two credible witnesses who were present when Mrs. Lee matched Mr. Lee on the dating website on January 7, 2017. Despite being furnished sufficient information to show a lack of evidentiary support for the allegations, Plaintiffs continued to advocate the position after learning that it had no merit. Thus, Plaintiffs should be subject to sanctions under Rule 11(b)(3).

### D.      Tindle Should be Sanctioned under 28 U.S.C. § 1927.

The conduct described above is sanctionable under Rule 11. Alternatively, the Court can and should impose sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927.

Under 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

> The statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith. "Bad faith" is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims.

*Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (internal citations and quotation marks omitted). A finding of "bad faith," however, does not require the Court look into the mind of Plaintiffs' counsel and determine his subjective intent; sanctions under § 1927 are measured against objective standards of conduct. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th Cir. 2007). The attorney "need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned." *Id.* at 1240 (internal quotation marks omitted).

As discussed above in relation to Rule 11, Plaintiffs' Complaint is a fantastical story told in only the vaguest of terms. The filing of this massive complaint with thirty-one claims against fifty-two defendants is a willful abuse of the judicial process of a type that is proscribed by 28

12

U.S.C. § 1927.  Thus, Tindle should be sanctioned for engaging in "needlessly obstruct[ive]" litigation in pursuit of clearly "frivolous" claims. *Schwartz*, 341 F.3d at 1225.

### E. Tindle Should be Sanctioned Under Local Rule 82.1(f), Incorporating Rule 3.1 of the Alabama Rules of Professional Conduct.

Tindle is subject to Local Rule 82.1(f), which provides that attorneys practicing before this Court are governed by the Alabama Rules of Professional Conduct. L.R. 82.1(f).  A lawyer who violates these rules may be disciplined by monetary, or other, sanctions. L.R. 82.1(f).

By adopting the Alabama Rules of Profession Conduct, Local Rule 82.1(f) subjects Tindle to Rule 3.1 of the Alabama Rules of Professional Conduct, which provides that "a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the lawyer's client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another."

In the interest of brevity, Mr. Lee adopts the argument above regarding Federal Rule of Civil Procedure 11(b)(1) for purposes of Alabama Rule of Professional Conduct 3.1.  It is simply impossible to make the logical link between any of the offending allegations listed in the Statement of Facts, above, and the claims against Mr. or Mrs. Lee in the Complaint.  There is no logical connection between the state of Mr. Lee's marriage or his divorce to Plaintiffs' claims in any way.  The lack of any possible relevance indicates that the allegations "serve merely to harass or maliciously injure" Mr. Lee. Ala. R. Prof. Conduct 3.1.  There can be no other reason to include these allegations.  As such, Tindle should be subject to sanctions or such other disciplinary measures as this Court deems just under Local Rule 82.1(f).

## CONCLUSION

Taking into account the above points related to Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and Local Rule 82.1(f), Mr. Lee requests that this Court enter sanctions against each of Deaton, Peake, and Tindle, as applicable and as this Court deems appropriate, for making false allegations and bringing objectively frivolous claims intended only to harass and malign Mr. Lee and to needlessly increase the cost of litigation without having performed any inquiry into the truthfulness or tenability of their claims.

Dated this the 1st day of October, 2023.

*/s/ Jennifer Devereaux Segers*
Jennifer Devereaux Segers (ASB-4502-S75J)
*Counsel for Gary W. Lee*
HUIE FERNAMBUCQ & STEWART LLP
Pump House Plaza
3291 US Highway 280, Suite 200
Birmingham, AL 35243
Phone: 205-297-8856
Email: jsegers@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will automatically send notification of such filing to all counsel of record registered with the Court's Electronic Filing System, as noted below. Any unrepresented parties and/or counsel of record listed below that are not registered with the Court's Electronic Filing System have been served via first class mail, postage prepaid, or electronic mail as indicated below.

| | |
|---|---|
| Scott Tindle<br>*Counsel for Plaintiffs*<br>1502 Crestview Dr<br>Mobile, AL 36693<br>Phone: 251-610-7263<br>Email: scott@tindlefirm.com | Barry A Ragsdale<br>*Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC, and Crew Law Group*<br>DOMINICK FELD HYDE PC<br>1130 22nd Street South, Suite 4000<br>Birmingham, AL 35205<br>Phone: 205-536-8888<br>Email: BRagsdale@dfhlaw.com |
| Averie Louise Armstead<br>*Counsel for Jessica Kirk Drennan, Amanda Duncan, and Kirk.Drennan PC*<br>STARNES DAVIS FLORIE, LLP<br>100 Brookwood Place, 7th Floor<br>Birmingham, AL 35209<br>Phone: 205-868-6000<br>Email: aarmstead@starneslaw.com | John G Dana<br>*Counsel for Caroline Taylor and Caroline O Taylor PC*<br>GORDON DANA GILMORE & MANER LLC<br>600 University Park Place<br>Suite 100<br>Birmingham, AL 35209<br>Phone: 205-874-7956<br>Email: jdana@gattorney.com |
| Robert Preston MacKenzie, III<br>*Counsel for Jessica Kirk Drennan, Amanda Duncan, and Kirk.Drennan PC*<br>STARNES DAVIS FLORIE LLP<br>P O Box 598512<br>Birmingham, AL 35259-8512<br>Phone: 205-868-6000<br>Email: RPM@starneslaw.com | Dagney Johnson<br>*Counsel for Clotele Brantley and The Hardy Law Firm*<br>DAGNEY JOHNSON LAW GROUP, LLC<br>401 Mountain Avenue<br>Birmingham, AL 35213<br>Phone: 205-974-4860<br>Email: dagney@dagneylaw.com |
| Stacy L. Moon<br>*Counsel for Laura Montgomery Lee, Paige Yarbrough, Deborah Gregory, Judith Crittenden, and Crittenden Partners, P.C.*<br>GORDON REES SCULLY MANSUKHANI, LLP<br>420 20th Street North – Suite 2200<br>Birmingham, AL 35203<br>Phone: (205) 980-8200 | Jeremy W Richter<br>*Counsel for Laura Montgomery Lee, Paige Yarbrough, Deborah Gregory, Judith Crittenden, and Crittenden Partners, P.C.*<br>WEBSTER HENRY LYONS BRADWELL COHAN & BLACK PC<br>2 Perimeter Park South Suite 445e<br>Birmingham, Al 35243<br>Phone: 205-380-3480 |

| | |
|---|---|
| Email: smoon@grsm.com | Email: jrichter@grsm.com |
| Cameron Wayne Elkins<br>*Counsel for Patricia Stephens, Alisha Ruffin May, and Madison Brantley*<br>OFFICE OF THE ATTORNEY GENERAL - ALABAMA<br>Civil Division<br>501 Washington Avenue<br>Montgomery, AL 36104<br>334-242-7300<br>Email: generalcivil@alabamaag.gov | Robert Smith Vance , III<br>*Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC, and Crew Law Group*<br>DOMINICK FELD HYDE<br>1130 22nd St S, Suite 4000<br>Birmingham, AL 35205<br>205-540-2074<br>Email: RVANCE@DFHLAW.COM |
| Douglas J Centeno<br>*Counsel for Renee Wilson, Compton Wilson, Erika Goldman, and Southern Maryland Dredging Inc.*<br>Benton & Centeno LLP<br>2019 3rd Ave N.<br>Birmingham, AL 35203-3344<br>205-278-8000<br>Email: dcenteno@bcattys.com | Carter H Dukes<br>*Counsel for Michael Labellarte and CPE Clinic LLC*<br>SCOTT DUKES & GEISLER PC<br>211 22nd Street North<br>Birmingham, AL 35203<br>205-251-2300<br>Email: cdukes@scottdukeslaw.com |
| Christian Collier Feldman<br>*Counsel for Michael Labellarte and CPE Clinic LLC*<br>SCOTT DUKES & GEISLER<br>211 Twenty Second Street North<br>Birmingham, AL 35203<br>205-244-2503<br>Email: cfeldman@scottdukeslaw.com | Scott Alan Gilliland<br>*Counsel for Kim Davidson*<br>LAW OFFICE OF SCOTT GILLILAND<br>400 Vestavia Parkway, Suite 100<br>Vestavia Hills, AL 35216<br>205-978-8800<br>Fax: 205-978-8811<br>Email: scott@scottgilliland.net |
| Bruce F Rogers<br>*Counsel for Heather Fann*<br>BAINBRIDGE MIMS ROGERS & SMITH LLP<br>600 Luckie Drive<br>Suite 415<br>PO Box 530886<br>Birmingham, AL 35253<br>205-879-1100<br>Fax: 205-879-4300<br>Email: brogers@bainbridgemims.com | Elizabeth Nicholson Terenzi<br>*Counsel for Heather Fann*<br>BAINBRIDGE MIMS ROGERS & SMITH, LLP<br>600 Luckie Drive Ste. 415<br>Birmingham, AL 35253<br>205-879-1100<br>Fax: 205-879-4300<br>Email: bterenzi@bainbridgemims.com |

| | |
|---|---|
| Robert Smith Vance, III<br>*Counsel for Wendy Crew, Crew Gentle Law PC, Crew Law Group, and Christina Vineyard*<br>DOMINICK FELD HYDE<br>1130 22nd St S, Suite 4000<br>Birmingham, AL 35205<br>205-540-2074<br>Email: RVANCE@DFHLAW.COM | Carl Christian Williams<br>*Counsel for Caroline Taylor and Caroline O Taylor PC*<br>HALL BOOTH SMITH, P.C.<br>2001 Park Pl Ste 870, Ste. 870<br>Birmingham, AL 35203<br>205-533-9560<br>Fax: 205-435-6850<br>Email: cwilliams@hallboothsmith.com |
| Joseph E Stott<br>*Counsel for Wendy Crew, Crew Gentle Law PC, Crew Law Group, and Christina Vineyard*<br>STOTT & HARRINGTON, P.C.<br>2637 Valleydale Road, Suite 100<br>Birmingham, AL 35244<br>205-573-0500<br>Email: joe@stottharrington.com | William Mellor Bains Fleming, III<br>NORMAN WOOD KENDRICK & TURNER<br>1130 22nd Street South<br>Suite 3000<br>Birmingham, AL 35203<br>205-328-6643<br>Fax: 205-251-5479<br>Email: bfleming@nwkt.com<br>*Counsel for Dale Maynard* |
| Robert L Beeman , II<br>BEEMAN LAW FIRM<br>3720 4th Avenue South<br>Birmingham, AL 35222<br>205-422-9015<br>Fax: 800-693-5150<br>Email: rlbsportsmgnt12@gmail.com<br>*Counsel for Everett Wess and The Wess Law Firm, P.C.* | Christopher Peter Bolvig<br>*Counsel for Alan Blotcky*<br>HALL BOOTH SMITH ATLANTA<br>2001 Park Place North<br>Suite 870<br>Birmingham, AL 35203<br>Email: *pbolvig@hallboothsmith.com* |
| Averie Armstead Jones<br>*Counsel for Amanda Duncan and Bay Area Christian Counseling*<br>STARNES DAVIS FLORIE, LLP<br>100 Brookwood Place, 7th Floor<br>Birmingham, AL 35209<br>Phone: 205-868-6000<br>Email: aarmstead@starneslaw.com | Wesley C. Redmond<br>*Counsel for Anrea Weiss, Connie Coker, St. Anne's School of Annapolis Incorporated*<br>FORDHARRISON LLP<br>420 20th Street North<br>Suite 2560<br>Birmingham, Alabama 35203 |
| Robert V. Wood , Jr<br>*Counsel for David Kellner and Solace Family Counseling LLC*<br>WILMER & LEE PA<br>PO Box 2168<br>100 Washington Street, Suite 200<br>Huntsville, AL 35804<br>Email: bwood@wilmerlee.com | Eric Bryan Paul<br>*Counsel for Deegan Malone*<br>CLARK MAY PRICE LAWLEY DUNCAN & PAUL, LLC<br>3070 Green Valley Road<br>Birmingham, Alabama 35243<br>Email: bpaul@clarkmayprice.com |

17

|  |  |
|---|---|
| Stanley A. Cash<br>*Counsel for Marcus Jones*<br>BALCH & BINGHAM<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, Alabama 35203<br>Email: scash@balch.com | H. Thomas Wells, Jr.<br>*Counsel for Hope For Healing LLC*<br>MAYNARD COOPER & GALE PC<br>1901 6th Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, Alabama 35203<br>Email: twells@maynardnexsen |
| Gary Wyatt<br>1945 Indian Lake Dr.<br>Birmingham, AL 35244 | Carolyn Wyatt<br>1945 Indian Lake Dr.<br>Birmingham, AL 35244 |
| Terri Miller<br>102 Old Solomons Island Road<br>Suite 202<br>Annapolis, MD 21401 | Solace Family Counseling LLC<br>65 Old Solomons Island Rd #104,<br>Annapolis, MD 21401 |
| Craig Langrall<br>6115 Franklin Gibson Rd.<br>Tracy's Landing, MD 20779 | Robert Eric Mashburn<br>3840 Ridgeway Dr,<br>Birmingham, AL 35209 |

*/s/  Jennifer Devereaux Segers*
**OF COUNSEL**