FILED
2023 Oct-13  PM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

D. DEATON, et al
        *Plaintiff,*

v.

PATRICIA STEPHENS, et al
        *Defendants.*

CASE NO.  2:23-cv-00713-RDP

## MOTION TO VACATE JUDGMENT AND INCORPORATED BRIEF IN SUPPORT

## THEREOF

COME NOW Plaintiffs respectfully moves this Court to vacate its judgment of dismissal pursuant to Rule 59. In further support thereof, Plaintiffs state as follows:

## INTRODUCTION

Plaintiffs allege the Defendants are engaged in public corruption and RICO activity in Jefferson County.  Defendants have engaged in multiple predicate acts of: wire fraud, mail fraud, bribery, extortion under color of official act, conducting the affairs of the Enterprise and racketeering occurring in Alabama and extending to other states. Defendants' actions have intentionally and knowingly submitted false reports to the state courts and to this court to balloon legal fees and use the threat of an in-effect debtors' prison to restrict the whereabouts of the Plaintiffs, including the minor children, when demands for fees that have not been proved are not

paid. Defendants reporting to work on behalf of or at the direction of the state or following its directives inside and outside of court hearings have continuously violated Plaintiffs' constitutional rights. Plaintiffs seek damages for the injuries incurred.

Plaintiffs' Complaint can easily be amended to prevent abstention or dismissal, and the Plaintiffs should be granted that right. Plaintiffs had a right to amend at the time of dismissal, because leave was granted for Plaintiffs to serve the remaining two Defendants. After the recent dismissal order, Defendants still invited the Court to reach the merits of the case. (doc 210 p. 9)

## **PROCEDURAL HISTORY**

On June 6, 2023, Plaintiffs filed an emergency motion before this Court requesting relief pursuant to the All Writs Act. (doc. 7)

On June 8, 2023, Plaintiffs' motion was denied without prejudice and was not refiled. (doc. 18)

On June 8, 2023, at the request of the Defendants to the emergency motion, the state court directed that all issues raised in the Complaint would be heard before this Court and not in any state court as the Defendants are not parties in the state court custody cases. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10)

This Court directed that after all Defendants were served, the Court would enter a briefing schedule for the Motions to Dismiss:

> This case involves over fifty Defendants, many of whom have not yet appeared or been served. Therefore, the court will not enter a briefing schedule on these motions until all Defendants have appeared and responded to the complaint. And, at that time, the court will work with the parties to identify an efficient procedure for addressing pending motions that will preserve each party's rights and will protect against any undue burden. (doc. 62 p. 2 at 5)

The Court ordered the Plaintiffs to brief the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-Custody Exception to Federal Jurisdiction on August 24, 2023. (doc 183).

The Plaintiffs filed a response to the Court's show cause order on September 6, 2023. (doc. 193)

Plaintiffs sought leave to serve the remaining two Defendants, and leave was granted by this Court on September 5, 2023. (doc. 191)

On September 19, 2023, the Court entered a judgment dismissing Plaintiffs' claims without prejudice. (doc. 207) The Court's Order granted Defendants' Motion to Dismiss applying it to all Defendants. (doc. 45, 49, 50, 51, 57, 79, 84, 105, 120, 125, 137, 138, 139, 148, 155, 158, 160, 161, 162, 166, 167, 169, 174, 177, 181, 188, 189, 192, and 195)

The Court's memorandum opinion finds, in part, that repleading the Complaint would be futile. (doc. 206) Pursuant to this Court's September 5, 2023 Order, Plaintiffs had (16) days remaining at the time of dismissal to serve the Complaint on the two remaining Defendants and a right to amend. (doc. 191)

## **ARGUMENT**

The Court's Order is due to be vacated to ensure Plaintiffs' right to amend their Complaint can be exercised and Plaintiffs have a proper venue to bring their claims as further explained below.

Repleading to remedy the incorporation by reference defect would resolve all the issues raised in the Court's memorandum opinion as outlined in doc 206.[1] The Court's memorandum opinion references Federal Rules of Civil Procedure Rule 8(a) and Rule 10(b) but does not find

---

[1] Although this practice is criticized by the Eleventh Circuit, it remains common and accepted practice in this district.

that the Plaintiffs did not comply with these rules. However, the Court determined repleading would be futile. It would not.

In the Court's Memorandum Opinion, the Court did not analyze the relief sought in the Complaint for damages. The Court did not analyze or mention the Plaintiff minor children as they are not parties to the state court custody litigation in its findings. To the extent clarification is needed, Plaintiffs stand ready to amend their Complaint to replead to maintain this Court's proper jurisdiction and comply with its guidance. This would further allow Plaintiffs access to the Court to plead the 1983 claims.

The Court finds that the Plaintiffs' Complaint falls into only one of the four categories of shotgun pleadings. (doc. 206 at p. 5 para. 1), which repleading would resolve. The Court finds the Eleventh Circuit strongly encourages repleading. The Eleventh Circuit strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

The Court finds that the Court and Defendants are left without proper notice of the specific facts which support Plaintiffs' claims against each Defendant. Defendants are clearly on notice of the claims that apply to them as their Motion to Dismiss outline the claims brought against them. By way of example but not exclusion, Defendants[2] clearly show in their pleadings before this Court that they are on notice of the counts pleaded against them and the basis of those counts.

---

[2] Jessica Drennan at doc. 160 p. 2 ¶1, Amanda Duncan at doc. 160 p. 2 ¶1, Kirk.Drennan, P.C. doc. 160 p. 2 ¶1, Gary Lee at doc. 49 p. 2 ¶4 and doc. 49 p. 3 ¶6, Jay Clark at doc. 51 p.2 ¶3 ¶4, Thomas McKnight at doc. 50 p. 2 ¶3¶4, Kim Davidson at doc. 66 p. 1 ¶4, doc. 66 p. 2 ¶2, doc. 137 and 138 p.1 ¶2, doc. 210 p. 12 ¶38-43 and doc. 210 p.14 ¶46 Kim Davidson Law Offices, LLC at doc. 66 p. 1 ¶4, doc. 66 p. 2 ¶2, doc. 137 and 138 p.1 ¶2, doc. 210 p. 12 ¶38-43 and doc. 210 p.14 ¶46, Patricia Stephens at (doc. 149, p. 14-17 a¶1-5), Agnes Chappell at (doc. 149, p. 14-17 ¶1-5), Alisha Ruffin May at (doc. 149, p. 14-17 ¶1-5), Madison Brantley at (doc. 149, p. 14-17 ¶1-5), Laura Montgomery Lee at doc. 125 p. 1 ¶2, Paige Yarbrough at doc. 125 p. 1 ¶2, Deborah Gregory at doc. 125 p. 1 ¶2, Judith Crittenden at doc. 125 p. 1 ¶2, Crittenden Partners, P.C. at doc. 125 p. 1 ¶2, Deegan Malone at doc. 120-1 p. 1 ¶1, Caroline Taylor at doc. 156 p. 15 ¶G, doc. 156 p. 16 ¶H, doc. 156 p. 17 ¶I, doc. 156 p. 17 ¶J and doc. 156 p.18

This demonstrates that repleading would resolve any defects regarding incorporation language in the causes of action to remove any doubts.

In their pursuitt of damages for injuries incurred from constitutional rights violations, Plaintiffs agree to remove any language that could lead to the conclusion that Plaintiffs are seeking to overturn or invalidate state court orders. Accordingly, repleading would cure any jurisdictional concerns of this Court.

The Court's memorandum opinion finds that repleading would be futile due the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-Custody Exception to Federal Jurisdiction. The Court's opinion and related Order reaches outside of the four corners of the Complaint to analyze relief that was not before the Court at the time of dismissal.

The Court's opinion and related Order does not appear to analyze Plaintiffs' Complaint to accept all factual allegations as true. Plaintiffs respectfully request the Court to draw all reasonable inferences in the light most favorable to the Plaintiff as acknowledged by Defendants. By way of example but not exclusion, in the Court's Memorandum Opinion, The Court finds that: "Plaintiffs argue that they do not seek a divorce, alimony, or child custody decree in this court. (doc. 193 at 8). But, in reality, what Plaintiffs seek is an order invalidating judicial actions taken by the state courts in underlying (and pending) child custody cases." Another example in the Memorandum Opinion states: "The facts alleged in the Complaint all relate to matters occurring in connection with those state court cases. (*Id.*)" (doc. 206 p. 2); however, the Complaint introduces the

---

¶K, Caroline Taylor, P.C. doc. 156 p. 15 ¶G, doc. 156 p. 16 ¶H, doc. 156 p. 17 ¶I, doc. 156 p. 17 ¶J and doc. 156 p.18 ¶K, Alan Blotcky doc. 161 p.2 ¶1, David Kellner at doc. 166 p. 2 ¶1, Solace Family Counseling doc. 166 p. 2 ¶1, Compton Wilson at doc. 163 p. 4-7 ¶12-33), Renee Wilson at doc. 163 p. 4-7 ¶12-33), Erika Goldman at doc. 163 p. 4-7 ¶12-33), Southern Maryland Dredging, Inc at doc. 163 p. 4-7 ¶12-33), Clotele Brantley at doc. 169 p. 1 ¶1and Hardy Law Firm at doc. 169 p. 1 ¶1.

Defendants, including their participation in the Enterprise inside and outside of the [state court] litigation process and describes specific acts, including dates and times, occurring outside of the [state court] litigation process throughout the Complaint (doc. 1 p. 25-18, 21-22, 24-25, 165-167, 172 at ¶26, ¶27, ¶28, ¶29, ¶30, ¶31, ¶32, ¶33, ¶34, ¶35, ¶36, ¶47, ¶48, ¶49, ¶56, ¶57, ¶839, ¶846, ¶853 and ¶877)

Defendants before this Court are not Defendants in any parallel or similar action where the same relief could be sought in any Court with competing jurisdiction.

Certain Defendants (Crittenden Partners P.C., Laura Montgomery Lee, Paige Yarbrough, Deborah Gregory, Renee Wilson, Compton Wilson, Erika Goldman, Southern Maryland Dredging Co. Inc., Kim Davidson, Kim Davidson Law Office, LLC, and Gary W. Lee) have asked the Court to reach to the merits of the case and resolve disputes of fact in order to award sanctions after the dismissal order was entered. (doc. 208, 209, 210, and 211)

Plaintiff's' Complaint is primarily a case seeking damages, which is not barred by the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-Custody Exception to Federal Jurisdiction. The Court acknowledges that ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.").

Recently, the Eighth Circuit found that a state court judge absconding with minor children was properly before the federal district court on the Plaintiff's 1983 claims. The minor children in *D. Bart Rockett v. The Honorable Eric Eighmy, No. 21-3903* (8th Cir. 2023) were before the state court judge/Defendant on a custody case he was hearing. (See *D. Bart Rockett v. The Honorable*

*Eric Eighmy, No. 21-3903* (8th Cir. 2023)) Similar injuries are described in the Plaintiff's Complaint to this action (doc 1 at 265, 266, 149-164, 519-527). In *D. Bart Rockett v. The Honorable Eric Eighmy, No. 21-3903* (8th Cir. 2023)), the federal district court did not abstain and continued to hear the case on its merits.

## Order of Dismissal reaches outside of the four corners of the Complaint.

The Court's memorandum opinion includes and analyzes the relief sought in an emergency motion that was dismissed shortly after it was filed and was never refiled. (doc. 207) The relief sought in the emergency motion was not before the Court at the time the Court dismissed Plaintiffs' Complaint. (doc. 7)

Defendants[3] agree that the Court *must* take the four corners of the Complaint and construe in the most favorable light for the Plaintiffs on a motion to dismiss. Defendants[4] agree the Court accepts Plaintiff's factual allegations as true.

## Plaintiffs had a right to amend at the time of the dismissal.

Pursuant to Federal Rules of Civil Procedure Rule 15, Plaintiffs had a right to amend their Complaint 21 days after all Defendants had been served. Plaintiffs sought leave of the Court to serve two Defendants, Wallace, Jordan, Ratliff & Brandt, L.L.C. and Alan D. Blotcky, Ph.D., LLC, which was granted. Plaintiffs still had 16 days to serve the remaining two Defendants.[5]

---

[3] Kim Davidson, Kim Davidson Law Offices, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, Crittenden Partners, P.C., Heather Fann, Compton Wilson, Renee Wilson, Erika Goldman, Southern Maryland Dredging, Inc, David Kellner, Solace Family Counseling, LLC, Clotele Brantley, and The Hardy Law Firm, LLC in doc. 67 p. 3 at B, doc. 137 p. 2 at II, doc. 138 p. 2 at II, doc. 125 p. 2 at II, doc. 158 p. 6 para 2, doc. 163 p. 8 para. 2, doc. 166 p. 4 at II, and doc. 169 p. 2 at II with regard that the Court must take the four corners of the Complaint and doc. 125 p. 2, doc. 137 p. 2 and 138 p. 2.

[4] Patricia Stephens, Alisha Ruffin May, Agnes Chappell, Madison Brantley, Caroline Taylor, Caroline O. Taylor, P.C., Heather Fann, Jessica Drennan, Amanda Duncan, Kirk.Drennan, P.C., Alan Blotcky, David Kellner, Solace Family Counseling, Terri Miller, Clotele Brantley, Hardy Law Firm, LLC, St Anne's School of Annapolis, and Connie Coker in doc. 58 p. 4 para. 2, doc. 125 p. 2 at II, doc. 137 p. 2 at II, doc 138 p. 2 at II, doc. 149 p. 4 para 2, doc. 156 p. 3 at II, doc. 158 p. 3 para. 2, doc. 160 p. 2 at II, doc. 161 p. 2 para. 3, doc 166 p. 4 at II, doc. 167 p. 4 para. 1, doc. 169 p. 2 at II, doc. 188 p. 9 at B, and doc. 189 p. 8 at 'B'.

[5] One of the remaining two defendants was served the day before the dismissal.

The Court instructed the parties that the Court would not enter a briefing schedule on these motions [to dismiss and their requested relief] until all Defendants have appeared and responded to the complaint. And, at that time, the Court directed it would work with the parties to identify an efficient procedure for addressing pending motions that will preserve each party's rights and will protect against any undue burden. (doc. 62 p. 2 ¶5)

**Plaintiffs' 1983 Claim cannot be heard in state court.**

If repleading is futile at any time in the federal district court, Plaintiffs' 1983 claim is effectively denied with prejudice, and Plaintiffs, including the minor children, will not have access to any Court to be heard on the merits on the 1983 claims for damages. The state court has already directed that the relief sought before this Court will not be heard in state court.

If Plaintiffs were to file state court actions in multiples states for damages, excluding Plaintiffs' 1983 claims, it would create the piecemeal litigation that the *Colorado River* Abstention has counseled against. (*See* fourth relevant factor) The claims would then be spread across multiple states with related Defendants in separate actions as to Plaintiffs' claims for damages.

### A.   The Rooker-Feldman Doctrine

For *Rooker–Feldman* to apply, the state court action must have ended. For *Rooker–Feldman* purposes, The Eleventh Circuit has held that an actions ends when:

> "(1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated."

*See Nicholson,* 558 F.3d at 1275 (quoting *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.,* 410 F.3d 17, 25 (1st Cir.2005)) (internal quotations omitted). *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072–73 (11th Cir. 2013)

State proceedings have not ended for purposes of *Rooker–Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment. *Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009)

The *Rooker–Feldman* doctrine cannot spring into action and vanquish properly invoked subject matter jurisdiction in federal court when state proceedings subsequently end. *Nicholson v. Shafe*, 558 F.3d 1266, 1279 at fn 13 (11th Cir. 2009)

The first prong clearly does not apply to the Complaint. Neither of the Plaintiffs' state court custody cases have received a ruling from the Alabama Supreme Court on the merits. Rather Plaintiff T. Peake's custody case is currently pending before the Alabama Court of Civil Appeals and has not yet been submitted on briefs. Plaintiff D. Deaton's custody case has yet to complete the trial on the merits of the modification action.[6]

The *Rooker–Feldman* analysis here depends on whether there is properly invoked jurisdiction at the time of Appellant's initial federal complaint. *Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1072 at fn. 3 (11th Cir. 2013)

Plaintiff T. Peake's custody case was pending on appeal at the time this action was filed, and Plaintiff D. Deaton's custody case has yet to complete the trial on the merits of the modification action. Therefore, neither of the underlying state court actions have yet to obtain a final ruling from the state's highest court on the merits.

The Court finds that to the extent the Plaintiffs' state court cases have concluded on the merits that these claims are barred by Rooker Feldman. Plaintiffs' claims have not concluded and

---

[6] Plaintiff D. Deaton's custody case is currently pending on appeal for other issues.

are currently on appeal. A final judgment has not issued by the state's highest court in Plaintiffs' custody cases.

Plaintiffs' claims arise from public corruption and RICO activity in Jefferson County amongst related Defendants. These claims have never been before any other Court.

The Eleventh Circuit carves out constitutional rights violations during the state court processes and relief for violations that occurred during the state court processes as outside the bounds of the *Rooker-Feldman* doctrine in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021).

The Plaintiff minor children are not and have never been parties to any state court case seeking the relief sought here.

Plaintiffs' case seeks damages for injuries incurred, and the Court does not address how damages would be barred by Rooker-Feldman or any other abstention doctrine. Certain Defendants have agreed for these issues to be heard here and further directing that they cannot be tried in state court. ("It will not be tried in state court at all. Okay. *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10)

Plaintiffs have not asked this Court to decide custody or to overturn state court judgments and expressly state they do not seek that relief before this Court. The Court did not analyze the Complaint on its four corners and accept all facts set forth as true drawing all reasonable inferences in the light most favorable:

> "The scope of the review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). A court must accept "all facts set forth in the plaintiff's complaint" as true. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A court also must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). (doc. 137 p. at II)

The holding in *Behr* is inescapable that *Rooker-Feldman* "will almost never apply." *Id*. at 1212. "[*Rooker-Feldman's*] application is narrow and—surprisingly enough—quite simple. It

bars only 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' *Exxon Mobil*, 544 U.S. at 284; *see also Nicholson [v. Shafe]*, 558 F.3d [1266,] 1274 ([11ᵗʰ Cir. 2009])." *Id.* *Behr* holds that "relief for violations that happened during the state processes" as opposed to relief requesting "rejection of the state court judgment" falls outside of *Rooker-Feldman*. *Id.* at 1212. So too are "constitutional rights [violations] during the [state-court] proceedings" which may entitle a federal plaintiff "to damages for those violations… outside *Rooker-Feldman*'s boundaries." *Id.* at 1213.

"Claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court—are permitted. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (the court cannot determine whether the plaintiff's injury arises from the state court judgment and is barred by *Rooker-Feldman* "without reference to the plaintiff's request for relief")." *Behr at* 1214.

Because the *Behr* plaintiffs' "claims [did] not ask [for] review and reject[ion of] the state court's child custody judgments… *Rooker-Feldman* does not stand in their way." *Behr at 1214.* The Court finds that Plaintiffs' relief of:

A. An order declaring that all Defendants' acts or omissions, described herein, violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution;
B. Compensatory damages against all Defendants jointly and severally in their individual capacity in an amount to be determined at trial;
C. Punitive damages against all Defendants in their individual capacity in an amount to be determined at trial;
D. Reasonable costs and attorneys' fees, including fees in accordance with 42 U.S.C. § 1988 and any other applicable law;
E. Pre- and post-judgment interest as allowed by law;
F. Treble damages against all Defendants in The Enterprise;
G. That all Defendants be disgorged of all ill-gotten gains, including by not limited to, wages, bribes, kickbacks, salaries, fees, and any other monetary or non-monetary gain as a result of The Enterprise;

H. Any other relief this Court deems just and proper. (doc 1 p 178),

…would 'reflect a lack of respect for the state's ability to resolve [the issues] properly before its courts.' (doc. 206 p. 18  para. 1). This was found despite clear plain language that "The Plaintiffs do not seek reversal of state court orders." (doc 1 at 906). This Court's current order serves as a direct challenge to the state court's directive, as the state court has directed that it will not be heard in state court at all.

"The scope of the review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). A court must accept "all facts set forth in the plaintiff's complaint" as true. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A court also must draw all reasonable inferences in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). (doc. 137 p. at II) The Court does not mention this standard of review and does not appear to have applied it.[7] The parties have agreed the proper standard of review on a motion to dismiss must be limited to the four corners of the complaint and must draw all reasonable inference in the light most favorable to the plaintiff.

Plaintiffs' and Defendants agree the Court must hold all as true and construe in in favor of the Plaintiffs.[8] Plaintiffs' intent and plain language of the Complaint seek damages from The

---

[7] The Court acknowledges Plaintiffs complaint plainly states: "does not seek reversal of state court" (doc. 1 p. 178 at 906) but does not construe it in the light most favorable or does not permit repleading even though all defendants have not been served.

[8] Defendants Kim Davidson, Kim Davidson Law Offices, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, Crittenden Partners, P.C., Heather Fann, Compton Wilson, Renee Wilson, Erika Goldman, Southern Maryland Dredging, Inc, David Kellner, Solace Family Counseling, LLC, Clotele Brantley, and The Hardy Law Firm, LLC agree that the Court must take the four corners of the Complaint (doc. 67 p. 3 at B, doc. 137 p. 2 at II, doc. 138 p. 2 at II, doc. 125 p. 2 at II, doc. 158 p. 6 para 2, doc. 163 p. 8 para. 2, doc. 166 p. 4 at II, and doc. 169 p. 2 at II) and construe in the most favorable light for the Plaintiffs. (doc. 125 p. 2, doc. 137 p. 2 and 138 p. 2) Defendants Patricia Stephens, Alisha Ruffin May, Agnes Chappell, Madison Brantley, Caroline Taylor, Caroline O. Taylor, P.C., Heather Fann, Jessica Drennan, Amanda Duncan, Kirk.Drennan, P.C., Alan Blotcky, David Kellner, Solace Family Counseling, Terri Miller, Clotele Brantley, Hardy Law Firm, LLC, St Anne's School of Annapolis, and Connie Coker acknowledge the Court accepts Plaintiff's factual allegations as true (doc. 58 p. 4 para. 2, doc. 125 p. 2 at II, doc. 137 p. 2 at II, doc 138 p. 2 at II, doc. 149 p. 4 para 2, doc. 156 p. 3 at II, doc. 158 p. 3 para. 2,

Enterprise for the public corruption that has occurred and continues to occur including outside of the litigation process (doc. 1 pgs 25-18, 21-22, 24-25, 165-167, 172 at para. 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 47, 48, 49, 56, 57, 839, 846, 853, 877).

The Plaintiffs do seek an unbiased and proper Court to hear these damages issues on their merits, and this Complaint is properly before this Court to be heard on its merits. By allowing Plaintiffs' to replead the relief sought, Plaintiffs could exercise their right to amend and clarify to address the Court's concerns and ensure Plaintiffs' language is clear that Plaintiffs do not seek to overturn state court orders. Plaintiffs do not seek reversal of state court orders and instead seek damages sought for public corruption and injuries arising from constitutional rights violations, which are properly before this Court. (doc 1 p. 178 at 906)

Holding in a 1983 action that "to the extent Plaintiffs seek monetary damages for alleged violations of their constitutional rights during the state court proceedings, that relief "falls outside *Rooker-Feldman*'s boundaries." *Behr*, 8 F.4th at 1213." *Glenn v. Cleveland Brothers, Inc.*, No. 3:20-CV-957-ECM-KFP, 2021 WL 7541378, at *4 (M.D. Ala. Dec. 17, 2021), *report and recommendation adopted*, No. 3:20-CV-957-ECM, 2022 WL 357499 (M.D. Ala. Feb. 7, 2022)

As the district court itself acknowledged, "[t]he injuries about which [Mizell] complains were caused by the underlying foreclosure actions"—not by the state court judgments that upheld those actions. We also note that Mizell didn't invite the district court to review and reject those judgments in his complaint. Instead, he challenged the defendants' power to conduct the nonjudicial foreclosure sales and their entitlement to the proceeds. Therefore, the district court had jurisdiction over Mizell's claims and erred in applying *Rooker–Feldman. Mizell v. Wells Fargo Bank, N.A.*, No. 22-12119, 2023 WL 355067, at *2 (11th Cir. Jan. 23, 2023) (unpublished)

---

doc. 160 p. 2 at II, doc. 161 p. 2 para. 3, doc 166 p. 4 at II, doc. 167 p. 4 para. 1, doc. 169 p. 2 at II, doc. 188 p. 9 at B, and doc. 189 p. 8 at B).

B.  **The Younger Abstention Doctrine**

The Court finds the *Younger* abstention doctrine applies, because Plaintiffs ask the Court for "an Order declaring that all Defendants' acts or omissions, described herein, violated the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution" (doc. 1 p. 178 at 'A'). The Court interprets this as declaring all challenged actions by Defendants in Plaintiffs' state court lawsuits unconstitutional, which is not sought. Plaintiffs expressly states they do not seek reversal of state court actions in the Court and introduce the parties and the injuries that occurred outside of the [state court] litigation process. (doc. 1 p. 178 at 906, and doc. 1 p. 25-18, 21-22, 24-25, 165-167, 172 at ¶26, ¶27, ¶28, ¶29, ¶30, ¶31, ¶32, ¶33, ¶34, ¶35, ¶36, ¶47, ¶48, ¶49, ¶56, ¶57, ¶839, ¶846, ¶853, ¶877)

Repleading would rectify any confusion, and Plaintiffs respectfully request, as Defendants have acknowledged, for the Court to review the Complaint as true and in the light most favorable for the Plaintiffs. Plaintiffs agree to remove any language that could lead to the conclusion that Plaintiffs are seeking to overturn or invalidate state court orders. Accordingly, repleading would cure any jurisdictional concerns of this Court.

The Court also finds the *Younger* abstention doctrine applies due to the relief sought in Plaintiffs' emergency motion (doc 7 at 9). The emergency motion was dismissed by the Court and has not been refiled. The relief requested in the emergency motion was not before the Court at the time of the Court's dismissal Order and related opinion. (doc. 206 and 207) The relief sought in the emergency motion is not sought in the four corners of the Complaint.

The Court finds for a federal court to abstain in favor of state court proceedings, [all of the] three questions must be answered in the affirmative:

1. first, do [the proceedings] constitute an ongoing state judicial proceeding;

2. second, do the proceedings implicate important state interests;

3. third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.

Plaintiffs believe the first prong does not apply as the Defendants are not parties to any state judicial proceeding seek the same relief for damages sought here, and even the state court has acknowledged the issues will not be heard there. "It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10) This state court directive clearly illustrates that the Plaintiffs' claim for custody is materially different from the damages claims before this Court against members of the Enterprise. Further, this public corruption would by design directly prevent any adequate remedy to raise damage claims for injuries occurring from constitutional rights violations before members of the Enterprise. This Court's current order serves as a direct challenge to the state court's directive.

Even if this Court holds the first prong of *Younger* does apply, the third prong cannot apply to Plaintiffs' 1983 claims. The state court cannot hear Plaintiffs' 1983 claims and the state court hearing one of the custody cases has already found that [these damages claims] will not be heard in state court.

The Court finds Plaintiffs have every opportunity to appeal any decision by the state court and seek extraordinary relief, as appropriate, on an interim basis, but the Plaintiffs are not seeking custody from this Court or a finding that a custody order should be overturned. The Plaintiffs have never brought these claims for damages before any other Court and could not bring the 1983 claims before any other Court. Therefore, Plaintiffs have not had an opportunity to appeal the claims

sought before this Court as they have never been brought against these Defendants in any other Court.

The Court finds Plaintiffs have not proffered any reason why the Alabama state courts are not an adequate forum to litigate the issues raised in this case, other than to point out that in state court they did not succeed on their claims. Plaintiffs' entire Complaint, including the 1983 claims that can only be brought in federal court, describes in detail damages from constitutional right violations inflicted by the Enterprise's public corruption.

Plaintiffs' complaint points to specific instances of public corruption including dates and times of the incidents. By way of example but not exclusion: (1) Three attorneys provide false statements to Alabama Court of Civil Appeals. (doc 1 pgs. 109-110 at 568-574) (2) Medical providers accepted money for testimony as fact witnesses. (doc 1 p. 67 at 297-299) (3) Guardians ad Litem travel across state lines to visit an adult entertainer or members of the Enterprise to inflate billings (doc 1 p. 63 at 275-280, doc 1 p. 64 at 281-286 and doc 1 p. 54 at 207-213) (4) Defendants direct services under the color of state law to inflate billings (doc 1 p. 53 at 199-206, doc 1 p. 57 at 235-243, doc 1 p. 59 at 244-245, doc 1 p. 68 at 306-310 and doc 1 p. 96 at 491-493) (5) Members of the Enterprise hire a private investigator to obtain video of Plaintiff G.M.W. inside of his home to threaten and harass Plaintiffs (doc 1 p. 65 at 287-290, doc 1 p. 59 at 246-247) (6) Parent Coordinator demands access to interview Plaintiff's employer to allow parenting time (doc. 1 p. 75 at 349-358) (7) The Enterprise worked across state lines to obstruct a Maryland Department of Social Services investigation (doc. 1 p. 80 at 374-378) (8) The Enterprise medical provider illegally practices in multiple states without a license (doc. 1 p. 96 at 491-509) (9) Federal funds were used by the Enterprise to support this public corruption (doc 1 p. 61 at 259-264)

Since the Complaint has been filed, Defendants in this case have further intervened in state court to attempt to prevent the disclosure of financial records supporting this public corruption scheme. (doc. 217-1)

These violations of Plaintiffs' constitutional rights caused injuries and damages sought before this Court. This Court acknowledges that ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.").

The Plaintiffs are left without a means to replead the Complaint or pursue their damages claims, including the 1983 claims that cannot be brought before any other Court. The Court takes issue with Plaintiffs seeking declaratory relief holding that "all Defendants' acts or omissions, described herein" were unconstitutional, but does not permit repleading, even though not all Defendants were not served, and Plaintiffs had sought and were granted additional time to serve two remaining Defendants at the time of the dismissal. (doc. 191) Plaintiffs agree to remove any language that could lead to the conclusion that Plaintiffs are seeking to overturn or invalidate state court orders. Accordingly, repleading would cure any jurisdictional concerns of this Court.

### C.  The Colorado River Abstention Doctrine

The Court finds that the actors and parties in the state court litigation are substantially the same. (doc 206 p. 14 para. 2) None of the Defendants are parties in the Plaintiffs' child custody matters. The Plaintiff minor children are also not parties to the child custody matters. Even if the Court still disagrees, relevant exceptional circumstances exist with this public corruption case:

Turning to the relevant factors, the first two factors, (1) the order in which the courts assumed jurisdiction over property, and (2) the relative inconvenience of the fora are not implicated here.

The third factor, (3) the order in which jurisdiction was obtained and the relative progress of the two actions, weighs against abstention. The state court Defendant to the emergency motion referenced in this Court's memorandum opinion has made clear that the relief sought for damages here is separate and apart from the custodial issues and will not be heard in state court. The state court directed that all issues raised in the Complaint would be heard before this Court and not in any state court as the Defendants are not parties in the state court custody cases. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10) The state court has not and could not take jurisdiction of the 1983 claims.

The fourth factor, (4) the desire to avoid piecemeal litigation weighs heavily in favor of Plaintiffs' position. If this Court does not vacate its judgment and the Eleventh Circuit holds that Plaintiffs' relief for damages cannot be replead or heard here, it will create piecemeal litigation across multiple states and a separate 1983 claim that could only be repleaded in federal court. The claims would then be spread across multiple states with related Defendants in separate actions as to Plaintiffs' claims for damages.

The fifth factor, (5) whether federal law provides the rule of decision weighs in favor of the Plaintiffs' position. Federal law provides the rule of decision on the claims pleaded by Plaintiffs here, and there is no other Court that can hear the relief for damages raised in Plaintiffs' 1983 claims.

The sixth and last factor, (6) whether the state court will adequately protect the rights of all parties, weighs strongly against abstention. The Court finds the state court can adequately protect the rights of all parties but provides no analysis as to how the state court, who is alleged to be part of a public corruption enacting an in-effect debtor's prison, could protect the rights of all parties. Further, the state court with jurisdiction has already refused to hear the issues raised here. ("It will not be tried in state court at all. Okay." *Deaton v. Deaton* DR-2018-901324.03 Tenth Judicial Circuit Court of Alabama Trial Transcript June 8, 2023 at p. 527 9:10) The state court has not and could not take jurisdiction of the 1983 claims.

### D.   The Child-Custody Exception to Federal Jurisdiction.

The Court acknowledges Plaintiffs argue that they do not seek a divorce, alimony, or child custody decree in this Court. (Doc. # 193 at 8). The Court does not appear to have analyzed the Plaintiffs' Complaint as true and hold the Complaint in the light most favorable despite Plaintiffs and Defendants agreement on the standard.[9] Instead, the Court interprets it to say: "in reality, what Plaintiffs seek is an order invalidating judicial actions taken by the state courts in underlying (and pending) child custody cases." (doc. 206 p. 16 para. 2) There is no relief pending before this Court for the Court to award custody of the minor children. Plaintiffs are seeking damages for injuries

---

[9] Plaintiffs and Defendants Kim Davidson, Kim Davidson Law Offices, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, Crittenden Partners, P.C., Heather Fann, Compton Wilson, Renee Wilson, Erika Goldman, Southern Maryland Dredging, Inc, David Kellner, Solace Family Counseling, LLC, Clotele Brantley, and The Hardy Law Firm, LLC agree that the Court must take the four corners of the Complaint (doc. 67 p. 3 at B, doc. 137 p. 2 at II, doc. 138 p. 2 at II, doc. 125 p. 2 at II, doc. 158 p. 6 para 2, doc. 163 p. 8 para. 2, doc. 166 p. 4 at II, and doc. 169 p. 2 at II) and construe in the most favorable light for the Plaintiffs. (doc. 125 p. 2, doc. 137 p. 2 and 138 p. 2) Defendants Patricia Stephens, Alisha Ruffin May, Agnes Chappell, Madison Brantley, Caroline Taylor, Caroline O. Taylor, P.C., Heather Fann, Jessica Drennan, Amanda Duncan, Kirk.Drennan, P.C., Alan Blotcky, David Kellner, Solace Family Counseling, Terri Miller, Clotele Brantley, Hardy Law Firm, LLC, St Anne's School of Annapolis, and Connie Coker acknowledge the Court accepts Plaintiff's factual allegations as true (doc. 58 p. 4 para. 2, doc. 125 p. 2 at II, doc. 137 p. 2 at II, doc 138 p. 2 at II, doc. 149 p. 4 para 2, doc. 156 p. 3 at II, doc. 158 p. 3 para. 2, doc. 160 p. 2 at II, doc. 161 p. 2 para. 3, doc 166 p. 4 at II, doc. 167 p. 4 para. 1, doc. 169 p. 2 at II, doc. 188 p. 9 at B, and doc. 189 p. 8 at B).

occurred from constitutional rights violations, including for members of the Enterprise to be disgorged from ill-gotten gains. (doc. 1 p. 179 at 'G')

The domestic relations exception to federal district court's jurisdiction arises in diversity cases. *Ankenbrandt v. Richards*, 504 U.S. 689, 700 (1992) (excepting from federal jurisdiction only "divorce, alimony, and child custody decrees"); see *Marshall v. Marshall*, 547 U.S. 293, 306 (2006) ("the Court in *Ankenbrandt* anchored the exception in Congress' original provision for diversity jurisdiction")

The Eleventh Circuit has suggested that the domestic relations exception only applies to diversity jurisdiction. *See McDougald v. Jenson,* 786 F.2d 1465 (11th Cir.1986). In *McDougald,* the court held that the district court could not entertain a suit seeking to enforce a child custody order while the order remained modifiable. *McDougald,* 786 F.2d at 1465. In reaching this conclusion, however, the court stated: "The district court correctly concluded that *at least where federal jurisdiction is founded only upon diversity of citizenship,* a federal district court may not entertain this suit...." *McDougald,* 786 F.2d at 1489 (emphasis added). This statement implies that the court will restrict its application of the domestic relations exception to diversity jurisdiction. In addition, a binding Fifth Circuit decision suggests this same limit on the domestic relations exception. *See Rowell v. Oesterle,* 626 F.2d 437 (5th Cir. Unit B 1980). In *Rowell,* the appellant claimed that her counsel ineffectively represented her, causing her to lose custody of her children. The court noted that although domestic relations issues generally belong to the states, <u>this rule does not preclude federal review of constitutional issues merely because those issues arise in a domestic context</u>. *Rowell,*626 F.2d at 438. Consequently, the court affirmed the district court's exercise of jurisdiction over the appellant's ineffective counsel claim in a federal habeas corpus petition. *See Rowell,* 626 F.2d at 438. *Ingram v. Hayes*, 866 F.2d 368, 370–71 (11th Cir. 1988)

A "claim [which] merely requires the district court to consider the constitutionality of the Alabama court's procedures, resolution of this issue does not require the court to delve into the parties' domestic affairs." *Ingram v. Hayes*, 866 F.2d 368, 372 (11th Cir. 1988)

The exception enunciated in *Ingram* is to be read narrowly and does not—at least, ordinarily—include third parties in its scope. *Stone v. Wall*, 135 F.3d 1438, 1441 (11th Cir. 1998), *certified question answered,* 734 So. 2d 1038 (Fla. 1999)

Vincent Murphy and his wife, Marilyn, had earlier divorced in the Superior Court of Fulton County, Georgia. The divorce decree incorporated a settlement agreement between them. As part of the agreement, Marilyn received from Vincent several millions of dollars in cash and commercial paper, stock shares, a mountain cabin, household furnishings, and an apartment complex. These assets are the basis for the fraudulent-transfer action here. When Alliant sought to collect on the Kentucky judgment, it found that Vincent was judgment proof. So it sued Vincent for a second time. Alliant (but not Alliant 31-A) brought this action against Vincent, Marilyn, Multifamily Housing Developers, L.L.C. ("Multifamily Housing"), and Community Management Services, Inc. ("CMS"),[3] in the District Court for the Northern District of Georgia under the Uniform Fraudulent Transfers Act (the "UFTA"), O.C.G.A. §§ 18-2-70 to 80 (2010), *amended by* the Uniform Voidable Transactions Act (the "UVTA"), O.C.G.A. §§ 18-2-70 to 85 (2015).[4] The UFTA, a quintessential fraudulent-transfer statute, allows creditors to void certain asset transfers made by a debtor with the purpose of immunizing itself from collection. *See* O.C.G.A. § 18-2-77 (2010). Alliant claimed that the Murphys' divorce settlement and Vincent's asset transfers to Defendants were ruses to evade Vincent's creditors and thus sought to void those transfers. The case proceeded to trial, and a jury returned an itemized verdict for Alliant after having found that twenty-three transfers from Vincent to Defendants were fraudulent.

The jury also found that the Murphys were subject to punitive damages but that only Vincent had

acted with the "specific intent to cause harm." It awarded $ 1,000,000 in punitive damages against

him and $100,000 in punitive damages against Marilyn. *Alliant Tax Credit 31, Inc v. Murphy*, 924

F.3d 1134, 1139 (11th Cir. 2019)

The Eleventh Circuit held in *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146

(11th Cir. 2019):

> "The federal judiciary has traditionally abstained from deciding
> cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368,
> 369 (11th Cir. 1988) (per curiam). The doctrine imposes two limits on
> our power. First, we may not "issue divorce, alimony, and child custody
> decrees." *Stone*, 135 F.3d at 1440 (quoting *Ankenbrandt v. Richards*,
> 504 U.S. 689, 703, 112 S. Ct. 2206, 2215, 119 L.Ed.2d 468 (1992)).
> Second, "even when subject-matter jurisdiction might be proper," we
> abstain from exercising jurisdiction when "sufficient grounds" exist. *Id.*
> Here, the District Court did not issue a divorce, alimony, or child-
> custody decree. And Defendants do not cite—and our research does not
> reveal—a single case when this Court has held that abstention was
> appropriate when a party to the federal-court proceeding was not a party
> to the state-court proceeding. *Cf., e.g.*, *id.* at 1441 ("The exception
> enunciated in *Ingram* is to be read narrowly and does not—at least,
> ordinarily—include third parties in its scope."). In *Stone*, for example,
> we held that abstention was inappropriate when a father and his daughter
> sued the father's ex-sister- and ex-mother-in-law for tortious
> interference of his custodial rights. *Id.* Those defendants were not
> parties to the state-court proceeding and "had no legal claim of custody
> whatsoever." *Id.* Alliant was not a party to the divorce proceedings in
> the Georgia Superior Court and like the *Stone* plaintiffs, did nothing
> more than "charge[ ] Defendants with a tort." *See id.* at 1440. In short,
> the District Court did not abuse its discretion in exercising diversity
> jurisdiction. *Cf. Kirby v. Mellenger*, 830 F.2d 176, 179 (11th Cir. 1987)
> (per curiam) ("The less a case is a 'core' domestic relations case, e.g.,
> one for a divorce or a simple child custody dispute, the less discretion
> the district court has to refuse to exercise its jurisdiction.").

In this case, Plaintiffs do not seek a divorce, alimony, or child custody decree and does not

seek reversal of state court orders. The Eleventh Circuit held that their research did *not* reveal a

single case where abstention was appropriate when a party to the federal-court proceeding was not

a party to the state-court proceeding. See *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019) *Defendants* did not provide such a case here, because the factual allegations in the Complaint to do not apply to the Child-Custody Exception to Federal Jurisdiction.

## CONCLUSION

As set forth above, the allegations of this case do not fall within the bounds of the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine and/or the *Colorado River* Abstention Doctrine nor are they barred by the Child-Custody exception to federal jurisdiction. Accordingly, this Court has jurisdiction and abstention does not apply.

Plaintiffs respectfully request this Court vacate its Order pursuant to Rule 59, analyze the Complaint including the relief sought for damages by accepting all facts as true and in the light most favorable, analyzing the Plaintiff minor children separately as they are not parties to the state court custody actions and allow the Plaintiffs to replead. Plaintiffs agree to remove any language that could lead to the conclusion that Plaintiffs are seeking to overturn or invalidate state court orders. Accordingly, repleading would cure any jurisdictional concerns of this Court and allow Plaintiffs to seek relief for their 1983 and RICO claims involving related Defendants without creating piecemeal litigation for the parties.

**WHEREFORE**, Plaintiffs pray this Court will vacate its prior Order pursuant to Rule 59, apply and allow Plaintiffs leave to replead the Complaint as all Defendants has not been served at the time of the dismissal order and deny all Defendants dismissal under the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, the *Colorado River* Abstention Doctrine and/or the Child-

Custody Exception to Federal Jurisdiction as they do not apply to the factual allegations of this Complaint.

Respectfully submitted this 13th day of October, 2023.

/s/ *Scott Tindle*

Scott Tindle (State Bar No. 0698T79T)
Tindle Firm, LLC
Telephone: 251-202-9437
scott@tindlefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

| | |
|---|---|
| John G. Dana<br>GORDON, DANA & GILMORE, LLC<br>600 University Park Place, Suite 100<br>Birmingham, AL 35209<br>jdana@gattorney.com<br>*Counsel for Defendants, Caroline Taylor And Caroline O. Taylor, LLC* | Carl Williams<br>HALL BOOTH SMITH PC<br>2001 Park Place, Suite 870<br>Birmingham, Alabama 35203-2708<br>cwilliams@hallboothsmith.com<br>*Counsel for Defendants, Caroline Taylor And Caroline O. Taylor, LLC* |
| Barry A. Ragsdale<br>Robert S. Vance, III<br>DOMINICK FELD HYDE, P.C.<br>1130 22nd Street South, Suite 4000<br>Birmingham, AL 35205<br>bragsdale@dfhlaw.com<br>rvance@dfhlaw.com<br>*Counsel for Defendants, Wendy Crew, Christina Vineyard, Crew Gentle Law PC, And Crew Law Group* | Robert P. MacKenzie<br>Averie L. Armstead<br>STARNES DAVIS FLORIE LLP<br>100 Brookwood Place, 7th Floor<br>Birmingham, AL 35209<br>bmackenzie@starneslaw.com<br>aarmstead@starneslaw.com<br>*Counsel for Defendants, Jessica Kirk Drennan, Amanda Duncan, Kirk Drennan PC, and Bay Area Christian Counseling* |

| | |
|---|---|
| Stacy L. Moon<br>Jeremy W. Richter<br>GORDON REES SCULLY MANSUKHANI, LLP<br>420 North 20th St., Suite 2200<br>Birmingham, AL 35203<br>smoon@grsm.com<br>jrichter@grsm.com<br>*Counsel for Defendants, Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden and Crittenden Partners, PC* | Bruce Rogers<br>Betsy Nicholson Terenzi<br>BAINBRIDGE MIMS ROGERS & SMITH LLP<br>The Luckie Building<br>600 Luckie Drive, Suite 415<br>Birmingham, Alabama 35223<br>brogers@bainbridgemims.com<br>bterenzi@bainbridgemims.com<br>*Counsel for Heather Fann* |
| Joseph F. Stott<br>STOTT & HARRINGTON, PC<br>2637 Valleydale Road, Ste. 100<br>Hoover, Alabama 35244<br>joe@stottharrington.com<br>*Counsel for Defendants, Wendy Crew, Christina Vineyard, and Crew Gentle Law, PC, and Crew Law Group* | Dagney Johnson<br>DAGNEY JOHNSON LAW GROUP, LLC<br>2120 1st Avenue North<br>Birmingham, AL 35203<br>dagney@dagneylaw.com<br>*Counsel for Defendants, Clotele Brantley and Defendant Hardy Law Firm* |
| Jennifer D. Segers<br>HUIE FERNAMBUCQ & STEWART, P.C.<br>3291 Highway 280, Ste. 200<br>Birmingham, Alabama 35243<br>jsegers@huielaw.com<br>*Counsel for Thomas McKnight, Jay Clark and Gary Lee and Wallace Jordan Ratliff and Brandt, LLC* | Scott Gilliland, Esq.<br>LAW OFFICE OF SCOTT GILLILAND<br>400 Vestavia Parkway, Suite 100<br>Vestavia, Alabama 35216-3750<br>scott@scottgilliland.net<br>*Counsel for Kim Davidson; Kim Davidson Law Office, LLC* |
| Carter H Dukes<br>Christian C. Feldman<br>SCOTT DUKES & GEISLER PC<br>211 22nd Street North<br>Birmingham, AL 35203<br>cdukes@scottdukeslaw.com<br>cfeldman@scottdukeslaw.com<br>*Counsel for Defendants, Michael Labellarte and CPE Clinic LLC* | Douglas J. Centeno<br>BENTON, CENTENO & MORRIS, LLP<br>2019 Third Avenue North<br>Birmingham, Alabama 35203<br>dcenteno@bcattys.com<br>*Counsel for Defendants, Compton Wilson, Renee Wilson, Erika Goldman and Southern Maryland Dredging, Inc.* |
| Cameron Wayne Elkins<br>OFFICE OF THE ATTORNEY GENERAL OF ALABAMA<br>Civil Division<br>501 Washington Avenue<br>Montgomery, AL 36104 | Robert V Wood, Jr<br>WILMER & LEE PA<br>PO Box 2168<br>100 Washington Street, Suite 200<br>Huntsville, AL 35804<br>bwood@wilmerlee.com |

| | |
|---|---|
| cameron.elkins@alabamaag.gov<br>*Counsel for Patricia Stephens, Alisha Ruffin May, Madison Brantley and Agnes Chappell* | *Counsel for David Kellner and Solace Family Counseling LLC* |
| William Mellor Bains Fleming , III<br>NORMAN WOOD KENDRICK & TURNER<br>1130 22nd Street South<br>Suite 3000<br>Birmingham, AL 35203<br>bfleming@nwkt.com<br>*Counsel for Dale Maynard* | Robert L Beeman, II<br>BEEMAN LAW FIRM<br>3720 4th Avenue South<br>Birmingham, AL 35222 205-422-9015<br>rlbsportsmgnt12@gmail.com<br>*Counsel for Everett Wess and The Wess Law Firm, P.C.* |
| Robert M. Ronnlund<br>SCOTT SULLIVAN STREETMAN & FOX PC<br>P.O. Box 380548<br>Birmingham, Alabama 35238<br>ronnlund@sssandf.com<br>*Counsel for Terri Miller* | Eris Bryan Paul<br>P. Anthony Irwin, III<br>CLARK MAY PRICE LAWLEY DUNCAN & PAUL, LLC<br>3070 Green Valley Road<br>PO Box 43408<br>Birmingham, Alabama 35243<br>bpaul@clarkmayprice.com<br>airwin@clarkmayprice.com<br>*Counsel for Deegan Malone* |
| C. Peter Bolvig<br>HALL BOOTH SMITH PC<br>2001 Park Place, Suite 870<br>Birmingham, Alabama 35203-2708<br>pbolvig@hallboothsmith.com<br>*Counsel for Alan Blotcky* | T. Wells<br>Maynard Nexsen<br>1901 Sixth Avenue North<br>Suite 1700<br>Birmingham, AL 35203<br>twells@maynardnexsen.com<br>*Counsel for Hope for Healing, LLC* |
| Elizabeth Flachsbart<br>Stan Cash<br>Balch & Bingham<br>1901 Sixth Avenue North<br>Suite 1500<br>Birmingham, AL 35203<br>eflachsbart@balch.com<br>*Counsel for Marcus Jones* | Wesley Redmond<br>Ford Harrison<br>420 20th Street North, Suite 2560<br>Birmingham, AL 35203<br>wredmond@fordharrison.com<br>*Counsel for St. Anne's School, Connie Choker and Andrea Weiss* |
| Melisa Zwilling<br>Carr Allison<br>100 Vestavia Pkwy<br>Vestavia Hills, AL 35216<br>mzwilling@carrallisoncom<br>*Counsel for Jessica Kirk Drennan, Amanda Duncan and Kirk.Drennan, PC* | Gary Wyatt<br>Birmingham, AL 35244 |
| Carolyn Wyatt | Alan D. Blotcky Ph.D. LLC |

| Birmingham, AL 35244 | 529 Beacon Pkwy W #107<br>Birmingham, AL 35209 |
| Craig Langrall<br>Tracy's Landing, MD 20779 | Robert Eric Mashburn<br>Birmingham, AL 35209 |

/s/ *Scott Tindle*

Scott Tindle (State Bar No. 0698T79T)
Tindle Firm, LLC
Telephone: 251-202-9437
scott@tindlefirm.com