FILED

2023 Oct-16  PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| D. DEATON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | Civil Action No.: |
| vs. | ) | 2:23-cv-00713-RDP |
| | ) | |
| PATRICIA STEPHENS, et al. | ) | OPPOSED |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR SANCTIONS

In reply to Plaintiffs' untimely Responses in Opposition to Defendants' Renewed Motion for Sanctions (Docs. 208, 216, 220),[1] Defendants Crittenden Partners, P.C., Laura Montgomery Lee, Paige Yarbrough, and Deborah Gregory (collectively "Crittenden-Related Defendants") state that Plaintiffs failed to provide justification to avoid sanctions for their violation of rule 11 of the Federal Rules of Civil Procedure. Based on Plaintiffs' continued and repeated pleadings solely to embarrass and harass the Crittenden-Related Defendants, they move this Court to enter appropriate sanctions against Plaintiffs and their counsel.

In further reply, the Crittenden-Related Defendants state:

---

[1]  On October 2, this Court entered a briefing schedule that "opponent's response brief **SHALL** be filed **no later than ten (10) calendar days** thereafter. (Note: Days should be calculated without taking into account Fed. R. Civ. P. 6. However, if the due date falls on a weekend or court holiday, the due date **SHALL** be the next business day)."  (Doc. 213, p. 2) (emphasis in original).  Under that schedule, the tenth day fell on Monday, October 9, 2023, a federal holiday, and Plaintiffs' response brief was due on October 10.  Nevertheless, without seeking an extension, Plaintiffs did not file their Response in Opposition to Crittenden Movants' Motion for Sanctions until October 11, 2023 (Doc. 216), and they did not file their Consolidated Brief in Opposition to Motion for Sanctions until early in the morning on October 12, 2023. (Doc. 220).

I. **THE COURT SHOULD ENTER SANCTIONS AGAINST PLAINTIFFS' COUNSEL BY EMPLOYING EITHER ITS INHERENT POWERS OR THOSE CONFERRED BY RULE 11.**

A district court may assess sanctions under three difference circumstances: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading *in bad faith for an improper purpose*." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (emphasis in original)).

The Crittenden-Related Defendants focused a significant portion of their Renewed Motion for Sanctions pointing out that Plaintiffs have "no reasonable factual basis" for specific paragraphs. Despite Plaintiffs' inferences and misconstructions in their opposition to the Renewed Motion for Sanctions, they have not produced any documents or evidence that dispel the arguments set forth by the Crittenden-Related Defendants in the their Renewed Motion for Sanctions. (*See* Docs. 208, 216, 220).[2]

Because Plaintiffs' Counsel focused much of his attention on the bad faith grounds for sanctions, we will begin our arguments there before addressing that in addition to acting in bad faith, Plaintiffs advanced legal theories that had no reasonable chance of success, rather than going through a detailed analysis of the continued factual misstatements made by Plaintiffs. *See Kaplan*, 331 F.3d at 1255. Under both of these grounds, the Court should enter sanctions against Plaintiffs' Counsel.

---

[2] As it concerns the issues of fact and specific additional accusations made by Plaintiffs in the responses to the motions for sanctions (Docs. 215, 215-1–6, 216), the Crittenden-Related Defendants adopt and incorporate by reference that arguments made by Defendant Gary W. Lee in his Reply to Response in Opposition to Motion for Rule 11 Sanctions. (Doc. 222).

A.      This Court Should Enter Sanctions Because Plaintiffs' Counsel Argued Claims
        Solely for the Purpose of Harassing The Crittenden-Related Defendants.

Plaintiffs' Response Brief confuses the Court's inherent powers to enter sanctions with

those powers conferred by Rule 11. Plaintiffs purport that the inherent powers are a limitation on

the Court's ability to enter sanctions, but that is not the case. Its inherent powers are one

mechanism by which it may enter sanctions against a party or their lawyer; Rule 11 is another

mechanism. The Supreme Court of the United States has held that in addition to a court's inherent

power to enter sanctions, many "other mechanisms permit a court to impose attorney's fees as a

sanction for conduct which merely fails to meet a reasonable standard. Rule 11, for example,

imposes an objective standard of reasonable inquiry which does not mandate a finding of bad

faith." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). It is Rule 11 and its reasonable inquiry

standard under which the Crittenden-Related Defendants have established that this Court should

enter sanctions against Plaintiffs' Counsel. (*See* Doc. 208). However, the Court can apply its

powers either under Rule 11 or using the "subjective bad faith" standard on which Plaintiffs rely,

or both, to enter sanctions against Plaintiffs' Counsel.

This Court has authority to exercise "its inherent power to sanction an attorney, a party, or

a law firm for their subjective bad faith." *Purchasing Power, LLC*, 851 F.3d 1218, 1224 (11th Cir.

2017) (quoting *In re Mroz*, 65 F.3d 1567, 1576 (11th Cir. 1995). A court may find subjective bad

faith in two instances: "where an attorney knowingly or recklessly raises a frivolous argument, or

argues a meritorious claim for the purpose of harassing an opponent." *Id*. (quoting *Barnes v.

Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). "For sanctions to apply, if a filing is submitted

recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Id*.

(quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). The conduct of

Plaintiffs' Counsel is sanctionable under both of these analyses, and contrary to the argument of

Plaintiffs' Counsel, *Purchasing Power, LLC* does not limit the Court's authority to do so.

This Court is warranted in finding that Plaintiffs' Counsel acted in bad faith when he made a claim "for the purpose of harassing an opponent," even if the claim has merit. *Id.* (quoting *Barnes*, 158 F.3d at 1214). In the present case, the Court dismissed all of the claims alleged against the Crittenden-Related Defendants under Rule 12(b)(6), thereby establishing that those claims were without merit. (Doc. 207). However, the Court need not consider the merits of Plaintiffs' claims to determine that Plaintiffs' Counsel alleged certain factual accusations for the purpose of harassing the Crittenden-Related Defendants.[3]

As set forth in the Renewed Motion for Sanctions, in Paragraphs 80, 83, 84, 88, 91, and 92 of the Complaint, Plaintiffs falsely allege that Defendants Gary Lee and Laura Montgomery Lee participated in an extramarital affair while she represented him in his divorce. (Doc. 1 at p. 31-33). These allegations have no bearing on or relevancy to any of the twelve claims Plaintiffs made against Ms. Lee or any of the Crittenden-Related Defendants: Count I, Deprivation of Rights under Color of Law; Count II, RICO; Count III, RICO Conspiracy; Count IV, Civil Conspiracy; Count V, Abuse of Process; Count VI, Fraud; Count X, False Imprisonment; Count XIV, Invasion of Privacy; Count XVIII, Alabama Litigation Accountability Act; Count XXII, Defamation; and Count XXIX, Legal Malpractice. (*See* Doc. 1). In her Rule 11 letter to Plaintiffs' Counsel, Ms. Lee brought to Plaintiffs' attention that the "allegations made by you in paragraphs 80, 83, 84, 88, 91, and 92, have no bearing on the elements for any of the nine causes of action you claim against Ms.

---

[3] In Plaintiffs' Consolidated Brief in Opposition to Motion for Sanctions (Doc. 220 at 2) and Motion to Vacate Judgment (Doc. 221 at 2, 6), they assert that the Defendants have asked the Court to reach the merits of the Complaint to enter sanctions against Plaintiffs' Counsel. This runs contrary to the facts. The Crittenden-Related Defendants have made no such request of the Court, which has already dismissed under Rule 12(b)(6) all the claims made against these Defendants because the claims were without merit. To the contrary, it is Plaintiffs' Counsel who purports that the Court should consider the merits of the case. (*See* Doc. 216 at 3).

Lee." (Doc. 182-1). Still, Plaintiffs' Counsel refused to withdraw the accusations. (Doc. 182-2).

To the contrary, Plaintiffs' Counsel has doubled down by making even more personal accusations

against Ms. Lee in Plaintiffs' various responses to motions for sanctions. (*See* Docs. 215 – 215-5,

216).

Because the intensely personal and inflammatory allegations have no relevance for any

cause of action alleged against these Defendants, they can only have been made in bad faith and

intended to harass the Defendants. *See Gould v. Fla. Atl. Univ. Bd. of Trustees*, No. 10-81210-

CIV, 2011 WL 13227759, at *4 (S.D. Fla. Nov. 1, 2011) (in which the Court entered sanctions

under Rule11 against Plaintiff's counsel for including in the complaint "baseless, irrelevant and

inflammatory accusations"); *see also Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306,

1325 (11th Cir. 2002) (holding that case law is replete with lawyers being sanctioned for harassing

comments). As a result of the irrelevant and inflammatory accusations being made in bad faith for

the purpose of harassing the Crittenden-Related Defendants, the Court should enter sanctions

against Plaintiffs' counsel. *See Purchasing Power, LLC*, 851 F.3d at 1224; *In re Mroz*, 65 F.3d at

1576; *Barnes*, 158 F.3d at 1214.

> B.   The Court Should Enter Sanctions Because Plaintiffs' Counsel Knowingly Raised
>      Frivolous Arguments against the Crittenden-Related Defendants.

As noted above, a finding of subject bad faith is warranted in two instances: "where an

attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the

purpose of harassing an opponent." *Purchasing Power, LLC*, 851 F.3d at 1224 (quoting *Barnes*,

158 F.3d at 1214). In addition, under Rule 11 "sanctions are warranted when a party files a pleading

… based on a legal theory that has no reasonable chance of success…." *Gulisano v. Burlington,*

*Inc.*, 34 F.4th 935, 941-42 (11th Cir. 2022) (quoting *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300,

1314 (11th Cir. 2021)). Here, this Court should apply both its Rule 11 authority and inherent

powers to enter sanctions against Plaintiffs' Counsel for knowingly raising frivolous arguments that had no reasonable chance of success and for refusing to withdraw them when requested to do so. *Purchasing Power, LLC*, 851 F.3d at 1224; *Gulisano*, 34 F.4th at 941-42.

In each of the Rule 11 letters that the Crittenden-Related Defendants sent to Plaintiffs' Counsel, they identified that all of the causes of action brought against them "are frivolous". (Docs. 182-1, 182-4, 182-5). In the letters, they identified certain among the claims as "the most egregious" because they could not succeed on their face: Count I, Deprivation of Rights; Count X, False Imprisonment; and Count XXIX, Legal Malpractice. (*Id*.). The Crittenden-Related Defendants requested that Plaintiffs' Counsel dismiss the frivolous claims, but he refused to do so. (Doc. 182-2).

Plaintiffs' claim for Deprivation of Rights under Color of Law (Count I) was frivolous on its face because, under the statutes through which Plaintiffs' brought the claim, it was evident that (1) no liability could attach to the Crittenden-Related Defendants under 42 U.S.C. § 1983 because they were not state actors, and (2) 18 U.S.C.A. § 242 does not create a civil cause of action. As such, it was a frivolous claim for which there was there was no reasonable chance of success, and Plaintiffs' Counsel's bringing this claim and then refusing to withdraw it is sanctionable under both Rule 11 and the Court's inherent powers. *Purchasing Power, LLC*, 851 F.3d at 1224; *Gulisano*, 34 F.4th at 941-42.

Plaintiffs' claim for False Imprisonment was likewise frivolous, because on its face, it had "no reasonable chance of success." *Kaplan*, 331 F.3d at 1255 (quoting *Massengale*, 267 F.3d at 1301). Plaintiffs made no claims sufficient to satisfy the statutorily prescribed requirements for a finding of false imprisonment. *Compare* Alabama Code § 6-5-170 to Doc. 1 at ¶¶ 265-266, 754-55, 811. Finally, the claim for Legal Malpractice failed on its face and was frivolous because

Plaintiffs brought it years after the statute of limitations had expired, and therefore, the claims were barred as a matter of law. *See* Alabama Code § 6-5-574. Plaintiffs' Counsel's act of bringing these claims and refusing to withdraw them is sanctionable under both Rule 11 and the Court's inherent powers. *Purchasing Power, LLC*, 851 F.3d at 1224; *Gulisano*, 34 F.4th at 941-42.

Because Plaintiffs' Counsel knowingly stated causes of action that had no reasonable chance of success against the Crittenden-Related Defendants, and because he refused to withdraw those claims (ultimately dismissed under Rule 12(b)(6)), this Court should enter sanctions against him. *See Purchasing Power, LLC*, 851 F.3d at 1224 (quoting *Barnes*, 158 F.3d at 1214); *Gulisano*, 34 F.4th at 941-42; *27th Ave. Caraf, Inc.*, 9 F.4th at 1314.

C.    The Court Should Enter Sanctions Because the Conduct of Plaintiffs' Counsel Is So Egregious That It Could Only Be Committed in Bad Faith.

Even if the Crittenden-Related Defendants had not successfully established evidence of Plaintiffs' Counsel's subjective bad faith, this Court could and should still enter sanctions under the subjective bad faith standard by showing that Plaintiffs' "conduct is so egregious that it could only be committed in bad faith." *J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, No. 1:19-CV-560-KOB, 2021 WL 3421394, at *2 (N.D. Ala. Aug. 5, 2021) (quoting *Purchasing Power, LLC*, 851 F.3d at 1224) (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980)). When "the evidence shows that it is highly probable that [a party] acted with bad intentions," its conduct is "more than just reckless" and constitutes bad faith. *Id*. at *6.

The Crittenden-Related Defendants have affirmatively established that Plaintiffs' Counsel leveled inflammatory and irrelevant accusations against them and have raised multiple frivolous claims against them that, on their face, had no reasonable chance of success. Plaintiffs' Counsel then refused to withdraw these claims and accusations when demanded by the Crittenden-Related Defendants' Rule 11 letters. (Doc. 182-2). Because of the nature of the inflammatory and irrelevant

accusations and the frivolous claims, this Court should find that the conduct of Plaintiffs' Counsel is so egregious as to constitute bad faith. *See J.C. Penney Corp., Inc.*, 2021 WL 3421394, at *2 (quoting *Purchasing Power, LLC*, 851 F.3d at 1224) (citing *Piper*, 447 U.S. at 767).

There is yet another means for this Court to find that Plaintiffs' Counsel's conduct is sanctionable. When deciding "whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority. *Id*. Both of these factors weigh in favor of entering sanctions against Plaintiffs' Counsel.

On July 25, 2023, this Court entered an order directing that "all parties and counsel in this case **SHALL** major on the majors, and avoid any unnecessary personal attacks on any other party or counsel. The eyes of the bar will be on this case; it will not become a spectacle worthy of popcorn. This court expects professionalism from parties and counsel before it." (Doc. 115, p. 2). Plaintiffs and their Counsel's personal attacks on the parties and unprofessional conduct have continued unabated since that time.[4]

Because of the refusal of Plaintiffs and their Counsel to obey an order of this court "to major on the majors" and because they have made and continue to make inflammatory and irrelevant accusations against the Crittenden-Related Defendants, this Court is well within its discretion to find that this "conduct is so egregious that it could only be committed in bad faith." *J.C. Penney Corp., Inc.* 2021 WL 3421394, at *2 (quoting *Purchasing Power, LLC*, 851 F.3d at 1224) (citing *Piper*, 447 U.S. at 767). For these reasons, the Court should enter sanctions against Plaintiffs' Counsel.

---

[4] In fact, as late as October 6, 2023, Plaintiff Peake appeared at a deposition being taken by Defendant Laura Montgomery Lee and defended by Scott Tindle, in another wholly unrelated matter, and refused to leave the deposition until ordered by Judge Dennis Steverson.  Although Peake and her attorney claimed she was there to support the deponent, their behavior, attempting to disrupt an entirely independent action, belies that position.

## II.     CONCLUSION

As a result of Plaintiffs' and their Counsel having included false and irrelevant allegations in the Complaint in this matter, Plaintiffs' Counsel have made every effort to embarrass and harass the Crittenden-Related Defendants. Plaintiffs' Counsel refused to amend the Complaint even after receiving the rule 11 letters from the Crittenden-Related Defendants. Even the opposition to the renewed motion for sanctions continues to make the frivolous and harassing allegations without providing any explanation as to how they are relevant to the causes of action stated by Plaintiffs.

Furthermore, Plaintiffs have not provided any legitimate explanation for refusing to dismiss specific causes of action identified as frivolous claims for which there was no reasonable chance of success. That refusal to do so is evidence that clearly supports the Crittenden-Related Defendant's motion for sanction.

Accordingly, and for all of the above reasons, as well as those stated in their Renewed Motion for Sanctions, counsel for Defendants Crittenden Partners, P.C., Laura Montgomery Lee, Paige Yarbrough, and Deborah Gregory move this Honorable Court to enter sanctions against Plaintiffs' Counsel, for making false allegations and raising frivolous causes of action intended only to harass and embarrass the Crittenden-Related Defendants and to needlessly increase the cost of litigation without having performed the requisite inquiry into the truthfulness or tenability of his contentions.

Respectfully submitted this 16th day of October, 2023.

/s/ *Stacy L. Moon*
Stacy L. Moon (asb-6468-i72s)
Jeremy W. Richter (asb-2572-h93f)
*Counsel for Defendants Paige Yarbrough, Deborah Gregory, Laura Montgomery Lee, Judith Crittenden, and Crittenden Partners, P.C.*

**OF COUNSEL:**

**GORDON REES SCULLY**
**MANSUKHANI, LLP**
420 20th Street North – Suite 2200
Birmingham, AL 35203
smoon@grsm.com
jrichter@grsm.com
Phone: (205) 980-8200
Fax: (205) 383-2816

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will automatically send notification of such filing to all counsel of record registered with the Court's Electronic Filing System, as noted below. Any unrepresented parties and/or counsel of record listed below that are not registered with the Court's Electronic Filing System have been served via first class mail, postage prepaid, or electronic mail as indicated below:

Scott Tindle
Counsel for Plaintiffs
scott@tindlefirm.com

Scott A. Gilliland
Counsel for Kim Davidson
scott@scottgilliland.net

Averie Louise Armstead
Counsel for Jessica Kirk Drennan, Amanda Duncamm and Kirk Drennan, P.C.
Aarmstead@starneslaw.com

Robert Preston MacKenzie, III
Counsel for Jessica Kirk Drennan, Amanda Duncamm and Kirk Drennan, P.C.
RPM@starneslaw.com

Barry Ragsdale
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
BRagsdale@dfhlaw.com

Robert Smith Vance, III
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
rvance@dfhlaw.com

Joseph E. Stott
Counsel for Wendy Crew, Christina Vineyard, Crew Gentle Law PC and Crew Law Group
joe@stottharrington.com

John G. Dana
Counsel for Caroline Taylor and Caroline O. Taylor PC
jdana@gattorney.com

Carl Christian Williams
Counsel for Caroline Taylor and Caroline O. Taylor PC
cwilliams@hallboothsmith.com

Dagney Johnson
Counsel for Clotele Brantley and The Hardy Law Firm
dagney@dagneylaw.com

Cameron Wayne Elkins
Counsel for Patricia Stephens, Alisha Ruffin May, and Madison Brantley
generalcivil@alabamaag.gov

Douglas J. Centeno
Counsel for Rene Wilson, Compton Wilson, Erika Goldman, and Southern Maryland Dredging Inc.
Dcenteno@bcattys.com

Christian Collier Feldman
Counsel for Michael Labellarte and CPE Clinic LLC
cfeldman@scottdukeslaw.com

Carter Dukes
Counsel for Michael Labellarte and CPE Clinic LLC
cdukes@scottdukeslaw.com

Bruce F. Rogers
Counsel for Heather Fann
brogers@bainbridgemims.com

Elizabeth Nicholson Terenzi
Counsel for Heather Fann
bterenzi@bainbridggemims.com

Robert L. Beeman, II
Counsel for Everett Wess and The Wess Law
Firm, P.C.
rlbsportsmgmt12@gmail.com

William Mellor Bains Fleming, III
Counsel for Dale Maynard
bfleming@nwkt.com

Jennifer Devereaux Segers
Counsel for Gary W. Lee
jsegers@huielaw.com

Amanda Duncan
201 Office Park Drive Ste 320
Mountain Brook, AL 35223

Craig Langrall
6115 Franklin Gibson Road
Tracy's Landing, MD 20779

Marcus Jones
300 Arrington Blvd N Ste 200
Birmingham, AL 35203

Gary Wyatt
1945 Indian Lake Drive
Birmingham, AL 35244

St. Anne's School of Annapolis Incorporated
3112 Arundel on the Bay Rd.
Annapolis, MD 21403

Terri Miller
102 Old Solomons Island Road
Suite 202
Annapolis MD, 21401

David Kellner
65 Old Solomons Island Road #104
Annapolis, MD 41401

Andrea Weiss
3122 Arundel on the Bay Road
Annapolis, MD 21403

Alan Blotcky
529 Beacon Pkwy W #107
Birmingham, AL 35209

Carolyn Wyatt
1945 Indian Lake Drive
Birmingham, AL 35244

Robert Eric Mashburn
2840 Ridgeway Drive
Birmingham, AL 35209

Deegan Malone
2721 Jenny Lane
Vestavia Hills, AL 35243

Hope for Healing LLC
2831 Forrest Drive, Suite F
Annapolis, MD 21401

Bay Area Christian Counseling
102 Old Solomons Island Road
Suite 202
Annapolis, MD 21401

Solace Family Counseling, LLC
65 Old Solomons Island Road #104
Annapolis, MD 21401

Connie Coker
3112 Arundel on the Bay Road
Annapolis, MD 21403

Respectfully submitted this 16th day of October, 2023.

/s/ Stacy L. Moon
COUNSEL